IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| DAVID FREEMAN | ) | Civil Action No. _____ |
|       *Petitioner*, | ) | |
| | ) | |
| v. | ) | MOTION FOR APPOINTMENT |
| | ) | OF COUNSEL PURSUANT TO |
| DONAL CAMPBELL, Commissioner, | ) | 21 U.S.C. § 848(q)(4)(B) |
| Alabama Department of Corrections, | ) | |
|       *Respondent*. | ) | |

THIS IS A CAPITAL CASE IN WHICH THE LIMITATIONS
PERIOD WILL EXPIRE ON TUESDAY, FEBRUARY 21, 2006

David Freeman is an indigent prisoner under sentence of death imposed by the Circuit Court of Montgomery County, Alabama.[1] Through undersigned counsel, Mr. Freeman requests that this Court appoint counsel to represent him in the preparation, presentation, and litigation of a petition for a writ of habeas corpus. Specifically, Mr. Freeman requests that this Court appoint Keir M. Weyble of Columbia, South Carolina,[2] and Christopher Seeds of New York, New York to represent him, and that their appointment be made *nunc pro tunc* to January 20, 2006. In support of this Motion, counsel submit the following facts and argument.

I.    **RELEVANT FACTS.**

Mr. Freeman was first convicted of capital murder and sentenced to death in Montgomery County, Alabama in August 1989. On appeal, the Alabama Court of Criminal Appeals reversed his convictions and sentence, remanding the case for a new trial on the ground

---

[1] Mr. Freeman's Motion for Leave to Proceed *In Forma Pauperis* and accompanying affidavit and certificate have been filed contemporaneously with this Motion.

[2] Mr. Weyble represented Mr. Freeman *pro bono* throughout his state post-conviction relief proceedings, and is therefore familiar with the facts and procedural background of this case.

1

that the prosecutor violated *Batson v. Kentucky*, 476 U.S. 79 (1986). *See Freeman v. State*, 651 So.2d 573 (Ala. Crim. App. 1992), rev'd on return to remand, 651 So.2d 576 (Ala. Crim. App. 1994).

On retrial in Montgomery County, Mr. Freeman was convicted of capital murder on June 25, 1996, and sentenced to death on August 1, 1996. The Alabama Court of Criminal Appeals affirmed his convictions and sentence on April 30, 1999. *Freeman v. State*, 776 So.2d 160 (Ala. Crim. App. 1999). The Alabama Supreme Court granted certiorari and affirmed his convictions and sentence on May 26, 2000. *Ex Parte David Freeman*, 776 So.2d 203 (Ala. 2000) (opinion on denial of rehearing). The Supreme Court of the United States denied Mr. Freeman's petition for writ of certiorari on October 30, 2000. *Freeman v. Alabama*, 531 U.S. 966 (2000).

On September 28, 2001, Mr. Freeman, through *pro bono* counsel recruited a few weeks earlier, filed a state petition (Rule 32, Ala.R.Crim.P.) for post-conviction relief. Following the submission of additional pleadings and evidence, the Montgomery County Circuit Court denied post-conviction relief on June 25, 2003. The Alabama Court of Criminal Appeals affirmed the denial of post-conviction relief on June 17, 2005. *Freeman v. State*, No. CR-02-1971 (Ala. Crim. App. June 17, 2005) (Mem). The Alabama Supreme Court denied certiorari on January 20, 2006. *Ex parte David Freeman*, 1041678 (Ala. Jan. 20, 2006). Since that date, undersigned counsel have worked diligently to prepare a petition for writ of habeas corpus for filing on Mr. Freeman's behalf in advance of the expiration of the statute of limitations prescribed by 28 U.S.C. §2244(d)(1).

II. **THE COURT MUST APPOINT COUNSEL TO REPRESENT MR. FREEMAN IN HIS FIRST FEDERAL PETITION FOR A WRIT OF HABEAS CORPUS.**

Pursuant to 21 U.S.C. § 848(q)(4)(B), indigent death-sentenced prisoners are "entitled to

the appointment of one or more attorneys" in order to pursue federal habeas corpus remedies. The right to counsel conferred by §848(q) attaches prior to the filing of a prisoner's habeas petition. As the Supreme Court has explained, absent this pre-petition right to counsel, condemned prisoners would not have meaningful access to the remedy of habeas corpus:

> Congress' provision of a right to counsel under §848(q)(4)(B) reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." §848(q)(7). An attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because "the complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."

*McFarland v. Scott*, 512 U.S. 849, 855-856 (1994) (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)).

In construing §848(q)(4)(B) to require appointment of counsel prior to the filing of the petition, the Supreme Court explained that Congress provided for investigative and expert resources to be made available to counsel upon request and a showing of need. Since these services "may be critical in the pre-application phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified," *McFarland*, 512 U.S. at 855, Congress clearly intended for counsel to be appointed prior to the filing of the habeas petition. *Id.*

It is thus plain that the right to counsel conferred by §848(q) is a right to assistance in identifying, developing, and pleading all available claims for relief, including the record-based claims already raised in the state trial and appeal proceedings, as well as the claims not raised in those proceedings because they are derived from non-record facts which require access to

investigative and expert resources.

The appointment provision of 21 U.S.C. §848 requires appointment of at least one attorney who has been admitted to practice in the court of appeals for not less than five years and who has not less than three years experience in the handling of appeals in that court in felony cases. Alternatively, for good cause, this Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of litigation."

Keir M. Weyble is a 1996 graduate of the University of South Carolina School of Law. Mr. Weyble has practiced as a criminal defense lawyer since 1996, and his practice has been concentrated on the defense of capital cases, both at trial and in state post-conviction and federal habeas corpus proceedings. Mr. Weyble is also a nationally recognized expert on federal habeas corpus law, having lectured extensively on habeas corpus topics across the country, and having been co-counsel for the prisoner in three habeas corpus cases decided by the United States Supreme Court. Mr. Weyble has served as appointed counsel in two capital federal habeas corpus cases in the District of South Carolina, and as associate counsel in several others in that district and in the United States Court of Appeals for the Fourth Circuit. Mr. Weyble also serves as appointed counsel in two capital federal habeas corpus cases in the Northern and Southern Districts of Mississippi. Mr. Weyble is a member in good standing of the South Carolina Bar, and the Bars of the United States District Court for the District of South Carolina, the United States Court of Appeals for the Fourth Circuit, and the Supreme Court of the United States.[3]

---

[3]Mr. Weyble is not a member of the Bar of this Court. However, a motion to admit Mr. Weyble *pro hac vice* pursuant to Local Rule 83.1(b) has been filed contemporaneously with this Motion.

4

Christopher Seeds is a 1998 graduate of Cornell University Law School. Mr. Seeds served as law clerk to Associate Justice Alan B. Handler of the New Jersey Supreme Court and as death-penalty clerk for the New Jersey Supreme Court. Mr. Seeds has practiced as a criminal defense lawyer since 2000. In South Carolina as a staff attorney at the Center for Capital Litigation, and in New York for five years as a Deputy Capital Defender in the New York Capital Defender Office, his practice has concentrated on the defense of capital cases, at trial, on appeal, and in state post-conviction and federal habeas corpus proceedings. Mr. Seeds is a member in good standing of the New York Bar, and anticipates being admitted to the Bar for the Southern District of New York within the next thirty days.[4]

---

[4] Mr. Seeds is not a member of the Bar of this Court. However, a motion to admit him *pro hac vice* pursuant to Local Rule 83.1(b) will be submitted as soon as he secures admission to the Bar of the Southern District of New York. In the interim, counsel respectfully request that Mr. Seeds – who has already done a significant amount of work in connection with the preparation of Mr. Freeman's habeas petition – be provisionally appointed in this case.

III. **CONCLUSION.**

Wherefore, for the foregoing reasons, this Court should appoint Keir M. Weyble and Christopher Seeds *nunc pro tunc* to January 20, 2006 to represent Mr. Freeman in his federal habeas corpus proceedings.

                              Respectfully submitted,

                              Keir M. Weyble, S.C. Bar #12075
                               Blume & Weyble, LLC
                               P.O. Box 11744
                               Columbia, SC  29211
                               (803) 765-1044

                               Christopher Seeds, N.Y. Reg. #3030863
                               P.O. Box 6725
                               New York, NY  10150
                               (917) 837-6760

                         BY: _____

February 7, 2006.

**CERTIFICATE OF SERVICE**

     I certify that on February 7, 2006, I served the Motion for Appointment of Counsel Pursuant to 21 U.S.C. §848(q)(4)(B) in this action on opposing counsel by depositing a copy of same in the United States Mail, first class postage paid, addressed as follows:

       Clay Crenshaw
       Office of the Attorney General
       Alabama State House
       11 South Union Street
       Montgomery, AL 36130

                                        */s/ Keir M. Weyble*
                                        Keir M. Weyble

February 7, 2006