IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| DAVID FREEMAN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|     v. | )  CIVIL ACTION NO. |
| | )    2:06cv122-MHT |
| RICHARD F. ALLEN, | ) |
| COMMISSIONER, ALABAMA | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
|     Respondent. | ) |

ORDER

Upon consideration of the petition for writ of habeas corpus (Doc. No. 5) filed by petitioner David Freeman on February 16, 2006, it is hereby ORDERED that the clerk of the court serve copies by certified mail of the petition and this order on respondent Richard F. Allen, Commissioner of the Alabama Department of Corrections.[1]

It is further ORDERED that, on or before April 7, 2006, respondent shall file an answer pursuant to the

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Richard F. Allen, newly appointed Commissioner of Alabama Department of Corrections, is automatically substituted in his official capacity as a party to this action.

provisions of Rule 5 of the Rules Governing § 2254 cases in the United States District Courts.

If respondent contends that a particular claim should be denied because the claim has been previously adjudicated by the state courts in accordance with clearly established Supreme Court precedent, the respondent, as part of his answer, must specifically identify the Supreme Court authority on which the state court relied.  See Neelley v. Nagle, 138 F. 3d 917 (11th Cir. 1998).

It is further ORDERED that, on or before April 7, 2006, the entire record of this case shall be filed with the clerk of the court as follows:

(1) Respondent shall be responsible for filing the record, unless the parties agree that the petitioner will file the record.

(2)  The record shall be divided into volumes each consisting of approximately two hundred pages.  Each volume shall be numbered and have a cover that includes

2

the case name, the case number, and a designation of what category of documents, as described below, is contained in the volume.

(3) The record shall be assembled in the following order and shall be separated by tabs according to the following categories.

> a. *State Court – Trial*. This section shall include the trial transcript and the circuit clerk's record from the trial proceeding.
>
> b. *Alabama Court of Criminal Appeals – Direct Appeal*. This section shall include the direct appeal briefs filed by both parties with the Alabama Court of Criminal Appeals and the opinion(s) from the Alabama Court of Criminal Appeals.
>
> c. *Alabama Supreme Court – Direct Appeal*. This section shall include the direct appeal briefs filed by both parties with the Alabama Supreme Court and the opinion(s) from the Alabama Supreme Court.
>
> d. *United States Supreme Court – Certiorari*. This section shall include the pleadings filed by both parties with the United States Supreme Court and the decisions(s) from the United States Supreme Court.
>
> e. *State Court – Collateral Proceedings*. This section shall include the post-conviction hearing transcript and the circuit clerk's

record from the Rule 32 proceedings with the trial court.

f.   *Alabama Court of Criminal Appeals – Collateral Appeal.*  This section shall include the post-conviction appeal briefs filed by both parties with the Alabama Court of Criminal Appeals and the opinion(s) from the Alabama Court of Criminal Appeals.

g.   *Alabama Supreme Court – Collateral Appeal.*  This section shall include the post-conviction appeal briefs filed by both parties with the Alabama Supreme Court and the opinion(s) from the Alabama Supreme Court.

h.   *United States Supreme Court – Collateral Certiorari.*  This section shall include the pleadings filed by both parties with the United States Supreme Court and the decision(s) from the United States Supreme Court.

(4) A separate index of the record shall be prepared which identifies each volume of the record, the category of the proceedings contained in the volume, and the general content of the record contained in the volume, including number of pages.  For example, the index will read: Volume 1, Circuit Court – Trial, clerk's record pages 1-175; and Volume 2, Circuit Court – Trial, trial

transcript pages 1-200. The index shall be served on the opposing party.

(5) In referencing this record in any pleadings or briefs filed in this case, the parties shall make specific reference by tab number, volume number and page number.

(6) Respondent shall use his best efforts to determine whether an electronic version of the transcript of any trial or collateral proceedings is available, and if so, shall provide that to the clerk of the court in addition to the record required above.

It is further ORDERED that this action is referred to Magistrate Judge Vanzetta Penn McPherson for all procedural and discovery matters in this case, including the conduct of a Case Management Conference, at which the parties will be required to clarify the claims presented, the nature of any procedural defaults, the existence and nature of any claims of cause and prejudice, whether a hearing or discovery is necessary, to discuss dates for

**filing briefs, and the scheduling of a Budget Conference with petitioner's counsel, in appropriate cases.**

**DONE this the 28th day of February, 2006.**

                              /s/ Myron H. Thompson
                        **UNITED STATES DISTRICT JUDGE**