IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID FREEMAN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. 2:06CV122-MHT-VPM |
| | ) |
| RICHARD F. ALLEN, Commissioner | ) |
| Alabama Department of Corrections, | ) |
| | ) |
|     Respondent. | ) |
| | ) |

**<u>O R D E R</u>**

Pending before the court is petitioner's Motion for Reconsideration of the order declining to appoint Christopher Seeds, Esq. ["Seeds"], as counsel for petitioner (Doc. # 7). On 13 February 2006, this court issued an order appointing Keir M. Weyble, Esq. ["Weyble"], as counsel of record for petitioner pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"], 21 U.S.C. § 848q and declining to appoint Christopher Seeds at that time. The court's policies provide that "courts should appoint two counsel" in death penalty cases, and that no more than two counsel should be appointed "unless exceptional circumstances and good cause are shown."

On 14 March 2006, the court held a conference call with Weyble and Seeds for the purpose of discussing appointment of counsel in this case. During the conference call, the court fully explained to counsel that the court's newly adopted policy for appointment of

counsel in death penalty cases includes the appointment of (1) a single private counsel, and (2) counsel from the Federal Defenders Office for the Middle District of Alabama. The two lawyers are expected to coordinate their joint responsibilities in the case for the purposes of providing competent representation for the petitioner, fully available counsel to the court and to the petitioner, and more efficient case management and cost control. The latter two concerns - and not the first - specifically address the comparative availability of counsel and cost control evident in a death penalty case when two private counsel, both of whom are most often located in other states, represent the petitioner.

Counsel provided to the court persuasive reasons why their co-appointment would best serve the interests of the petitioner in this instance and would provide for the efficient management of this case, including the following:

- Each attorney warrants that this is not a case that will require frequent in-person consultations with the petitioner or frequent visits to this district except when their appearance is required by the court;
- Each lawyer is independently experienced in death penalty representation;
- Although Weyble represented the petitioner throughout the state court proceedings, Seeds has substantially contributed to the work requisite to filing the federal petition;
- Weyble and Seeds have worked together before, and their professional rapport

will inure to the petitioner's interest;

- Weyble and Seeds are sensitive to the need to avoid duplication of attorney effort and unnecessary  - if not wasteful -   expenditure of resources; and

- If both lawyers are appointed, Weyble and Seeds are willing to work with counsel from the Federal Public Defender's office to coordinate and safeguard the interests expressed by the court in this order.

Accordingly, it is ORDERED as follows:

1. The petitioner's Motion for Reconsideration (Doc. #7) be and hereby is GRANTED;

2. Seeds is hereby appointed as counsel of record for petitioner pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"], 21 U.S.C. § 848q;

3. The Federal Defenders Office for the Middle District of Alabama is also appointed as co-counsel of record in this case for the limited purpose of providing basic litigation support to Weyble and Seeds.  Such support may include, but is not limited to, service of subpoenas within this state, advice and assistance concerning experts and investigative services, the use of office space, and assistance with creating, copying and filing documents with the court.  Counsel is strongly encouraged to utilize these services as a method of

cost management in this case.

Counsel are ADVISED that the court will monitor with substantial scrutiny the accrual of attorney time spent in this case to ensure that there is no duplication of work effort and that the operational and fiscal management of this case is optimal.

DONE this 16th day of March, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE