# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID FREEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-cv-122-MHT-VPM |
| | ) | |
| DONAL CAMPBELL, | ) | |
| Commissioner of the Alabama | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONDENT'S ANSWER TO PETITIONER DAVID FREEMAN'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Comes now Respondent, by and through the Attorney General of the State of Alabama, and files its answer to Petitioner David Freeman's amended petition for writ of habeas corpus. Respondent answers the claims in Petitioner Freeman's habeas corpus petition as follows:

1.      Paragraphs 1-7 of Freeman's habeas corpus petition are admitted. Freeman was convicted in the Montgomery County Circuit Court on June 25, 1996, of six counts of capital murder and sentenced to death for the murders of Sylvia Gordon and Mary Gordon. R. 1329 (Tab R-34).

2.      Paragraphs 8-9 of Freeman's habeas corpus petition are admitted. The Alabama Court of Criminal Appeals affirmed Freeman's capital murder convictions and death sentence on April 30, 1999. *Freeman v. State*, 776 So. 2d

160 (Ala. Crim. App. 1999) (Tab R-69). The Alabama Supreme Court affirmed Freeman's capital murder convictions and death sentence on March 10, 2000. *Ex parte Freeman*, 776 So. 2d 203 (Ala. 2000) (Tab R-70). The United States Supreme Court denied Freeman's petition for certiorari on October 30, 2000. *Freeman v. Alabama*, 531 U.S. 966 (2000) (Tab R-71).

3.        Paragraphs 10-11 of Freeman's habeas corpus petition are admitted. Freeman filed a state post conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure on September 28, 2001. The Montgomery County Circuit Court denied Freeman's Rule 32 petition on June 25, 2003. *Freeman v. State*, CC 88-1416.60-EWR, Order (Montgomery County Circuit Court June 25, 2003) (Tab R-72). The Alabama Court of Criminal Appeals affirmed the denial of Freeman's Rule 32 petition on June 17, 2005. *Freeman v. State*, CR-02-1971, mem. op. at 31-34 (Ala. Crim. App. June 17, 2005) (Tab R-73). The Alabama Supreme Court denied certiorari review of Freeman's Rule 32 denial on January 20, 2006. *Freeman v. State*, 1041678 (Ala. Jan. 20, 2006) (Tab R-74).

<u>Response to Grounds for Relief</u>

**I.    THE CLAIM THAT FREEMAN'S CONVICTION VIOLATED DOUBLE JEOPARDY WHEN HE WAS TRIED AFTER AN EARLIER TRIAL ON THE SAME CHARGES ENDED IN A MISTRIAL.**

4.        The claim that Freeman was twice put in jeopardy of life and limb when his trial was permitted to go forward after a previous proceeding ended in

2

mistrial in the absence of manifest necessity is set forth in section I on pages 10-12 of Freeman's habeas corpus petition, and is answered as follows:

a. This claim is defaulted because it has not been exhausted in compliance with Title 28 U.S.C. §2254(b)(1)(A). Prior to his second trial, Freeman raised this claim at trial and in petitions for writ of mandamus to the Alabama Court of Criminal Appeals and the Supreme Court of Alabama. It was denied on the merits in each court. CR. 376-77 (Tabs R-3; R-4). However, this claim was never raised on direct appeal from Freeman's conviction and sentence. Instead, Freeman raised the claim that "Appellant's multiple convictions and sentences for the same killing violate double jeopardy principles" in that he was "indicted on three counts of capital murder for one killing." App. Br. at 40 (Tab R-38). A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-843 (1999). Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement. *McNair v. Campbell*, 416 F.3d 1291 (11th Cir. 2005) ("in order to ensure that state courts have the first opportunity to hear all claims, federal courts 'have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.'") (*citing Picard v. Connor*, 404 U.S. 270, 275

(1971)); *Johnson v. Nagle*, 58 F. Supp. 2d 1303, 1332 (N.D. Ala. 1999) (citing *Hart v. Estelle*, 634 F.2d 987 (5th Cir. 1981)).

b. Without waiving the foregoing, this claim is further defaulted because it has not been exhausted in compliance with Title 28 U.S.C. §2254(b)(1)(A) in that it was abandoned on appeal from the dismissal of Freeman's Rule 32 petition. The Alabama Court of Criminal Appeals held that "those claims that Freeman presented in his petition, but does not pursue on appeal are deemed to be abandoned and will not be addressed by this Court. FN 6: Those claims include (1) that his July 1996 retrial violated the principles of double-jeopardy because, he said, there was no manifest necessity for declaring a mistrial in the January 1996 retrial..." *Freeman v. State,* CR-02-1971, mem. op. at 8 (Ala. Crim. App. June 17, 2005). Nor did Freeman raise this argument in his petition for certiorari in the Alabama Supreme Court. A petitioner must have afforded the state courts a full and fair opportunity to decide the federal constitutional claims presented in his federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-843 (1999). Even when review in the state supreme court is discretionary, a petitioner must present his claims to that court in order to exhaust all available remedies. *Id*. at 1731-33.

c. Without waiving the foregoing, this claim is defaulted because it was not raised on direct appeal. Freeman's failure to raise this claim on direct appeal was a

4

procedural default under state law, which bars federal habeas corpus review of this claim. *See, e.g., Caniff v. Moore*, 269 F.3d 1245, 1246-47 (11th Cir. 2001); *Baldwin*, 152 F.3d at 1318-20; *Magwood*, 791 F.2d at 1444; *King v. Strickland*, 714 F.2d 1481, 1491-92 (11th Cir. 1983) ("The failure to bring up an issue on appeal, no less than at trial, may preclude federal habeas corpus review."). Alabama law precludes collateral review of issues that could have been but were not raised on direct appeal. Ala. R. Crim. P. 32.2(a)(5). *See McGahee v. State*, 885 So. 2d 191, 228 (Ala. Crim. App. 2003); *Tarver v. State*, 761 So. 2d 266, 268 (Ala. Crim. App. 2000).

d. Without waiving the foregoing, the factual averments made in support of this claim are denied.

## II. THE CLAIM THAT FREEMAN'S RIGHT TO REMAIN SILENT WAS VIOLATED WHEN HIS STATEMENTS WERE ADMITTED AGAINST HIM AT TRIAL

5.      The claim that Freeman's rights were violated when he was interrogated after he allegedly invoked his right to remain silent and the inculpatory statements produced by that interrogation were admitted against him at his capital trial is set forth in section II of Freeman's habeas corpus petition and is answered as follows:

a. This claim was raised on direct appeal in the Alabama Court of Criminal Appeals and denied on the merits. *Freeman v. State*, 776 So. 2d 160, 173-175

(Ala. Crim. App. 1999). Pursuant to Title 28 U.S.C. §2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings." Freeman has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings." 28 U.S.C. §2254(d). Therefore, this Court should deny relief on this claim and the application for writ of habeas corpus, by statute, should not be granted. 28 U.S.C. §2254(d).

b. Without waiving the foregoing, in deciding this claim the Alabama Court of Criminal Appeals made findings of fact that should be presumed to be correct. 28 U.S.C. §2254(e)(1). Freeman is therefore not entitled to an evidentiary hearing on this issue.

c. Without waiving the foregoing, to the extent Freeman failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. This claim is not based on a "new Rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28

U.S.C. §2254(e)(2). Additionally, the facts underlying the claim would not be sufficient to establish, by clear and convincing evidence, that but for the constitutional error alleged in this claim, no reasonable fact finder would have found Freeman guilty. *Id.*

d. Without waiving the foregoing, the factual averments made in support of this claim are denied. The state court findings of fact constitute the proper factual basis for consideration of this claim.

## III. THE CLAIM THAT FREEMAN WAS DENIED HIS RIGHT TO COUNSEL AS A RESULT OF HIS REPRESENTATION AT TRIAL BY LEAD COUNSEL WHO HAD A SEX-CHANGE OPERATION SUBSEQUENT TO HIS TRIAL.

6.     The claim that Freeman was denied his right to trial as a result of his lead counsel "labor[ing] under a debilitating, judgment-impairing psychological condition and…under an actual conflict of interest" leading to a sex-change some time after Freeman's trial is set forth in section III on pages 15-19 of Freeman's habeas corpus petition, and is answered as follows:

a. This claim is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule. Freeman's claim that trial counsel was laboring under a conflict of interest due to counsel's alleged psychological condition was rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded.

7

*Freeman v. State,* CR-02-1971, mem. op. at 15, 26-27 (Ala. Crim. App. June 17, 2005). Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds. *See also Harris v. Reed*, 489 U.S. 255, 262-63 (1989); *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991) (en banc).

b. In the alternative and without waiving the foregoing, this claim was raised on Rule 32 and denied on the merits. *Freeman v. State*, CC 88-1416.60-EWR, Order (Montgomery County Circuit Court June 25, 2003). Pursuant to Title 28 U.S.C. §2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings." Freeman has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings." 28 U.S.C. §2254(d). Therefore, this Court should deny relief on this claim and the application for writ of habeas corpus, by statute, should not be granted. 28 U.S.C. §2254(d).

c. Without waiving the foregoing, in deciding this claim the Rule 32 Court made findings of fact that should be presumed to be correct. 28 U.S.C.

§2254(e)(1). Freeman is therefore not entitled to an evidentiary hearing on this issue.

d. Without waiving the foregoing, to the extent Freeman failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. This claim is not based on a "new Rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. §2254(e)(2). Additionally, the facts underlying the claim would not be sufficient to establish, by clear and convincing evidence, that but for the constitutional error alleged in this claim, no reasonable fact finder would have found Freeman guilty. *Id.*

e. Without waiving the foregoing, the factual averments made in support of this claim are denied. The state court findings of fact constitute the proper factual basis for consideration of this claim.

## IV. THE CLAIM THAT FREEMAN RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

7.      The claim that Freeman's trial counsel were ineffective is set forth in section IV on pages 20-46 of Freeman's habeas corpus petition. This claim is divided into six sub-claims, Claims IV(A) - (F), and is answered as follows:

a.  This claim is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule.  All of Freeman's ineffective assistance of counsel claims were rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded. *Freeman v. State,* CR-02-1971, mem. op. at 14-15 (Ala. Crim. App. June 17, 2005).  Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds.  *See also Harris*, 489 U.S. at 262-63; *Johnson*, 938 F.2d at 1173.

b.  Without waiving the forgoing, Freeman's individual sub-claims are answered as follows:

### A.    The Sub-Claim That Trial Counsel Failed To Adequately Conduct Voir Dire

8.        The sub-claim that Freeman's trial counsel were ineffective for failing to adequately conduct voir dire is set forth in section IV(A) on pages 22-26 of Freeman's habeas corpus petition.   This claim is divided into six sub-claims, Claims IV(A)(1) - (A)(6), and is answered as follows:

a.  This claim is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule.  The claim that Freeman's trial counsel failed to conduct adequate voir dire was rejected by

the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded. *Freeman v. State,* CR-02-1971, mem. op. at 15-16 (Ala. Crim. App. June 17, 2005). Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds. *See also Harris*, 489 U.S. at 262-63; *Johnson*, 938 F.2d at 1173.

b. Without waiving the forgoing, Freeman's individual sub-claims are answered as follows:

### 1.    The Sub-Claim That Trial Counsel Failed To Adequately Question Juror Shirley Clements

9.    The sub-claim that Freeman's trial counsel were ineffective for failing to adequately question juror Shirley Clements with respect to pre-trial publicity is set forth on page 23 of Freeman's habeas corpus petition, and is answered as follows:

a. This claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted. In his Fourth Amended Rule 32 petition, Freeman's entire voir dire argument was only one sentence, in which he alleged "trial counsel failed to conduct meaningful, constitutionally permissible *voir dire* of the prospective jurors at petitioner's trial, failed to pose questions necessary to discover bias and predisposition on the part of prospective jurors, and failed to

articulate meritorious challenges for cause based on information revealed by prospective jurors during *voir dire.*"    4th Amended Rule 32 Petition, at p. 3. Freeman never raised the present claim that Juror Shirley Clements was not adequately questioned.  A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition.  *O'Sullivan*, 526 U.S. at  842-843.  Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.  *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332.    Further, dismissal to allow the petitioner to raise this claim in state court now would be futile.  Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court.  First, a Rule 32 petition at this point in time would be barred by the statute of limitation.  *See* Ala. R. Crim. P. 32.2(c).  Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions.  *See* Ala. R. Crim. P. 32.2(b).  Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review.  *See Collier v. Jones*, 910 F.2d 770, 772 (11th Cir. 1990) ("When a petitioner has failed to present a claim to the state courts and under state procedural

rules the claim has become procedurally defaulted, the claim will be considered procedurally defaulted in federal court.").

b. In the alternative and without waiving the forgoing, this claim is defaulted because it was not raised in Freeman's Rule 32 petition. Freeman's failure to raise this claim in his Rule 32 petition constitutes a procedural default under state law, which bars federal habeas review. *See, e.g., Baldwin v. Johnson*, 152 F.3d 1304, 1318 (11th Cir. 1998) (holding that five claims were procedurally defaulted from federal habeas corpus review because Baldwin did not raise them during his trial, on direct appeal, or during his state coram nobis proceeding). Freeman first raised the claim that his trial counsel failed to "follow up on juror's expression of uncertainty as to how exposure to pre-trial publicity would affect her," on appeal from the dismissal of his Rule 32 petition (Freeman never mentioned Juror Clements by name). This claim was not considered by the Alabama Court of Criminal Appeals because it was not properly before the court. *Freeman v. State,* CR-02-1971, mem. op. at 15, n.8 (Ala. Crim. App. June 17, 2005) ("those facts that Freeman includes in his brief that were not included in his original petition or any of his amended petitions cannot be considered by this Court."). *See also Arrington v. State*, 716 So. 2d 237, 239 (Ala. Crim. App. 1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition."). Further, dismissal to allow the petitioner to raise

this claim in state court now would be futile. Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court. First, a Rule 32 petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim. P. 32.2(c). Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b). Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

c. Without waiving the foregoing, the factual averments made in support of this claim are denied.

### 2.    The Sub-Claim That Trial Counsel Failed To Challenge Juror Shirley Clements For Cause

10.    The sub-claim that Freeman's trial counsel were ineffective for failing to challenge juror Shirley Clements for cause as a result of the answers she gave in voir dire is set forth on page 23 of Freeman's habeas corpus petition, and is answered as follows:

a. This claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted. In his Fourth Amended Rule 32 petition, Freeman's entire voir dire argument was only one sentence, in which he alleged "trial counsel failed to conduct meaningful, constitutionally permissible *voir dire* of the prospective jurors at petitioner's trial, failed to pose questions necessary to

discover bias and predisposition on the part of prospective jurors, and failed to articulate meritorious challenges for cause based on information revealed by prospective jurors during *voir dire.*" 4th Amended Rule 32 Petition, at p. 3 (Tab R-57). Freeman never raised the present claim that Juror Shirley Clements should have been challenged for cause. A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at 842-843. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement. *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332. Further, dismissal to allow the petitioner to raise this claim in state court now would be futile. Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court. First, a Rule 32 petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim. P. 32.2(c). Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b). Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

b. This claim is defaulted because it was not raised in Freeman's Rule 32 petition.    Freeman's failure to raise this claim during his Rule 32 proceedings constitutes a procedural default under state law, which bars federal habeas review. *See, e.g., Baldwin v. Johnson*, 152 F.3d 1304, 1318 (11th Cir. 1998) (holding that five claims were procedurally defaulted from federal habeas corpus review because Baldwin did not raise them during his trial, on direct appeal, or during his state coram nobis proceeding).    Further, dismissal to allow the petitioner to raise this claim in state court now would be futile.    Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court.    First, a Rule 32 petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim. P. 32.2(c).    Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b).    Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

c. Without waiving the foregoing, the factual averments made in support of this claim are denied.

### 3.    The Sub-Claim That Trial Counsel Failed To Adequately Question Juror Denise Donald.

11.        The sub-claim that Freeman's trial counsel were ineffective for failing to adequately question juror Denise Donald with respect to her relatives or friends

being victims of crime is set forth on page 24 of Freeman's habeas corpus petition, and is answered as follows:

a. This claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted. In his Fourth Amended Rule 32 petition, Freeman's entire voir dire argument was only one sentence, in which he alleged "trial counsel failed to conduct meaningful, constitutionally permissible *voir dire* of the prospective jurors at petitioner's trial, failed to pose questions necessary to discover bias and predisposition on the part of prospective jurors, and failed to articulate meritorious challenges for cause based on information revealed by prospective jurors during *voir dire*." 4th Amended Rule 32 Petition, at p. 3. Freeman never raised the present claim that Juror Denise Donald was not adequately questioned. A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at 842-843. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement. *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332. Further, dismissal to allow the petitioner to raise this claim in state court now would be futile. Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court. First, a Rule 32

petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim. P. 32.2(c). Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b). Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

  b. In the alternative and without waiving the forgoing, this claim is defaulted because it was not raised in Freeman's Rule 32 petition. Freeman's failure to raise this claim in his Rule 32 petition constitutes a procedural default under state law, which bars federal habeas review. *See, e.g., Baldwin v. Johnson*, 152 F.3d 1304, 1318 (11th Cir. 1998) (holding that five claims were procedurally defaulted from federal habeas corpus review because Baldwin did not raise them during his trial, on direct appeal, or during his state coram nobis proceeding). Freeman first raised the claim that his trial counsel failed to "follow up on answers indicating juror's friends or relatives had been victims of crime," on appeal from the dismissal of his Rule 32 petition (Freeman never mentioned Juror Donald by name). This claim was not considered by the Alabama Court of Criminal Appeals because it was not properly before the court. *Freeman v. State,* CR-02-1971, mem. op. at 15, n.8 (Ala. Crim. App. June 17, 2005) ("those facts that Freeman includes in his brief that were not included in his original petition or any of his amended petitions

cannot be considered by this Court."). *See also Arrington v. State*, 716 So. 2d 237, 239 (Ala. Crim. App. 1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition."). Further, dismissal to allow the petitioner to raise this claim in state court now would be futile. Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court. First, a Rule 32 petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim. P. 32.2(c). Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b). Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

   c. Without waiving the foregoing, the factual averments made in support of this claim are denied.

### 4.   The Sub-Claim That Trial Counsel Failed To Adequately Question Juror Walt Farmer.

12.       The sub-claim that Freeman's trial counsel were ineffective for failing to adequately question juror Walt Farmer with respect to any bias he had against the insanity defense is set forth on page 24 of Freeman's habeas corpus petition, and is answered as follows:

a.  This claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted.  In his Fourth Amended Rule 32 petition, Freeman's entire voir dire argument was only one sentence, in which he alleged "trial counsel failed to conduct meaningful, constitutionally permissible *voir dire* of the prospective jurors at petitioner's trial, failed to pose questions necessary to discover bias and predisposition on the part of prospective jurors, and failed to articulate meritorious challenges for cause based on information revealed by prospective jurors during *voir dire*."  4th Amended Rule 32 Petition, at p. 3. Freeman never raised the present claim that Juror Walt Farmer was not adequately questioned.  A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition.  *O'Sullivan*, 526 U.S. at 842-843.  Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.  *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332.  Further, dismissal to allow the petitioner to raise this claim in state court now would be futile.  Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court.  First, a Rule 32 petition at this point in time would be barred by the statute of limitation.  *See* Ala. R. Crim. P. 32.2(c).  Second, a Rule 32 petition at this point in time would be

barred by the ban on successive petitions.  *See* Ala. R. Crim. P. 32.2(b).  Thus,

because any state remedy with respect to this claim is procedurally barred by the

state procedural rules noted above, this claim is procedurally defaulted from this

Court's review.  *See Collier*, 910 F.2d at 772.

b.  In the alternative and without waiving the forgoing, this claim is defaulted

because it was not raised in Freeman's Rule 32 petition.   Freeman's failure to raise

this claim in his Rule 32 petition constitutes a procedural default under state law,

which bars federal habeas review.  *See, e.g., Baldwin v. Johnson*, 152 F.3d 1304,

1318 (11th Cir. 1998) (holding that five claims were procedurally defaulted from

federal habeas corpus review because Baldwin did not raise them during his trial,

on direct appeal, or during his state coram nobis proceeding).  Freeman first raised

the claim that his trial counsel failed to "follow up on answers suggesting bias

against insanity defense" on appeal from the dismissal of his Rule 32 petition

(Freeman never mentioned Juror Farmer by name).  This claim was not considered

by the Alabama Court of Criminal Appeals because it was not properly before the

court.  *Freeman v. State,* CR-02-1971, mem. op. at 15, n.8 (Ala. Crim. App. June

17, 2005) ("those facts that Freeman includes in his brief that were not included in

his original petition or any of his amended petitions cannot be considered by this

Court.").  *See also Arrington v. State*, 716 So. 2d 237, 239 (Ala. Crim. App. 1997)

("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition

which was not raised in the Rule 32 petition."). Further, dismissal to allow the petitioner to raise this claim in state court now would be futile. Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court. First, a Rule 32 petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim. P. 32.2(c). Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b). Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

c. Without waiving the foregoing, the factual averments made in support of this claim are denied.

### 5. The Sub-Claim That Trial Counsel Failed To Challenge Juror Walt Farmer For Cause

13.    The sub-claim that Freeman's trial counsel were ineffective for failing to challenge juror Walt Farmer for cause as a result of the answers he gave in voir dire is set forth on page 24 of Freeman's habeas corpus petition, and is answered as follows:

a. This claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted. In his Fourth Amended Rule 32 petition, Freeman's entire voir dire argument was only one sentence, in which he alleged "trial counsel failed to conduct meaningful, constitutionally permissible *voir dire*

22

of the prospective jurors at petitioner's trial, failed to pose questions necessary to discover bias and predisposition on the part of prospective jurors, and failed to articulate meritorious challenges for cause based on information revealed by prospective jurors during *voir dire.*" 4th Amended Rule 32 Petition, at p. 3. Freeman never raised the present claim that Juror Walt Farmer should have been challenged for cause. A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at 842-843. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement. *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332. Further, dismissal to allow the petitioner to raise this claim in state court now would be futile. Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court. First, a Rule 32 petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim. P. 32.2(c). Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b). Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

b. This claim is defaulted because it was not raised in Freeman's Rule 32 petition. Freeman's failure to raise this claim during his Rule 32 proceedings constitutes a procedural default under state law, which bars federal habeas review. *See, e.g., Baldwin v. Johnson*, 152 F.3d 1304, 1318 (11th Cir. 1998) (holding that five claims were procedurally defaulted from federal habeas corpus review because Baldwin did not raise them during his trial, on direct appeal, or during his state coram nobis proceeding). Further, dismissal to allow the petitioner to raise this claim in state court now would be futile. Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court. First, a Rule 32 petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim. P. 32.2(c). Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b). Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

c. Without waiving the foregoing, the factual averments made in support of this claim are denied.

**6.    The Sub-Claim That Freeman Was Denied Funds For A Jury Expert In His Rule 32 Proceedings.**

14.    The sub-claim that Freeman was denied funds for a jury expert to present additional testimony and evidence in support of this claim is set forth on page 24 of Freeman's habeas corpus petition, and is answered as follows:

a.  This sub-claim does not state a claim for relief because there is no federal right to expert assistance in state post-conviction proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("[t]here is no constitutional right to an attorney in state post-conviction proceedings... [c]onsequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."); *Roberts v. Dretke*, 356 F.3d 632, 640 (5th Cir. 2004) (petitioner's argument that the state court's denial of funding needed to develop and present post-conviction claims preserved them for federal habeas review failed because there is no right to funding of state habeas counsel, therefore the claims were not exhausted and were properly dismissed). This claim raises only an issue of state law — whether the state courts correctly applied precedent from the Supreme Court of Alabama. Federal courts may grant relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also* 28 U.S.C. § 2241(c)(3). Because this claim does not present this Court with an issue of constitutional or federal law, this Court is without jurisdiction to review that claim. *See, e.g., Pulley v. Harris*, 465 U.S. 37,

41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Williams v. Turpin*, 87 F.3d 1204, 1206 n.1 (11th Cir. 1996) ("a federal court cannot review perceived errors of state law"); *Sullivan v. Wainwright*, 695 F.2d 1306, 1313 (11th Cir. 1983) ("We find that Sullivan's claim with regard to the polygraph does not raise an issue of constitutional or federal law, and we do not have jurisdiction to consider it.").

b. Without waiving the foregoing, the factual averments made in support of this claim are denied.

### B.    The Sub-Claim That Trial Counsel Failed To Challenge The Prosecution's Forensic Odontology Evidence.

15.    The sub-claim that Freeman's trial counsel were ineffective for failing to challenge the State's forensic Odontologist testimony from Michael O'Brien is set forth in section IV(B) on pages 26-31 of Freeman's habeas corpus petition. This claim is divided into four sub-claims, Claims IV(B)(1) - (B)(4), and is answered as follows:

a. This claim is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule. The claim that Freeman's trial counsel failed to challenge the State's forensic odontology evidence was rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded. *Freeman v. State,* CR-02-1971, mem. op.

at 16-21 (Ala. Crim. App. June 17, 2005). Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds. *See also Harris*, 489 U.S. at 262-63; *Johnson*, 938 F.2d at 1173.

b. Without waiving the forgoing, Freeman's individual sub-claims are answered as follows:

### 1.    The Sub-Claim That Trial Counsel Failed To Object To David O'Brien's Testimony

16.        The sub-claim that Freeman's trial counsel were ineffective for failing to object to David O'Brien's testimony is set forth on page 27 of Freeman's habeas corpus petition and is answered as follows:

a. This claim is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule. The claim that Freeman's trial counsel failed to object to David O'Brien's testimony was rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded. *Freeman v. State,* CR-02-1971, mem. op. at 16-18 (Ala. Crim. App. June 17, 2005). Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds. *See also Harris*, 489 U.S. at 262-63; *Johnson*, 938 F.2d at 1173.

b.  Without waiving the forgoing, this claim was raised on Rule 32 and denied on the merits.  *Freeman v. State*, CC-88-1416.60-EWR, Order (Montgomery County Circuit Court June 25, 2003); aff'd *Freeman v. State,* CR-02-1971, mem. op. at 16-18 (Ala. Crim. App. June 17, 2005).   Pursuant to Title 28 U.S.C. §2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."   Freeman has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings."   28 U.S.C. §2254(d).   Therefore, this Court should deny relief on this claim and the application for writ of habeas corpus, by statute, should not be granted.  28 U.S.C. §2254(d).

c.  Without waiving the foregoing, in deciding this claim the Rule 32 Court made findings of fact that should be presumed to be correct.   28 U.S.C. §2254(e)(1).  Freeman is therefore not entitled to an evidentiary hearing on this issue.

d.  Without waiving the foregoing, to the extent Freeman failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any

further evidentiary hearing in this Court. This claim is not based on a "new Rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. §2254(e)(2). Additionally, because the facts underlying the claim would not be sufficient to establish, by clear and convincing evidence, that but for the constitutional error alleged in this claim, no reasonable fact finder would have found Freeman guilty. *Id.*

e. Without waiving the foregoing, the factual averments made in support of this claim are denied. The state court findings of fact constitute the proper factual basis for consideration of this claim.

## 2. The Sub-Claim That Freeman Was Denied Funds To Hire A Forensic Odontologist During His Rule 32 Proceedings.

17. The sub-claim that Freeman was denied funds for an odontological expert during his state post-conviction proceedings is set forth on page 27 of Freeman's habeas corpus petition, and is answered as follows:

a. This sub-claim does not state a claim for relief because there is no federal right to expert assistance in state post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("[t]here is no constitutional right to an attorney in state post-conviction proceedings... [c]onsequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.");

*Roberts v. Dretke*, 356 F.3d 632, 640 (5th Cir. 2004) (petitioner's argument that the state court's denial of funding needed to develop and present post-conviction claims preserved them for federal habeas review failed because there is no right to funding of state habeas counsel, therefore the claims were not exhausted and were properly dismissed). This claim raises only an issue of state law — whether the state courts correctly applied precedent from the Supreme Court of Alabama. Federal courts may grant relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also* 28 U.S.C. § 2241(c)(3). Because this claim does not present this Court with an issue of constitutional or federal law, this Court is without jurisdiction to review that claim. *See, e.g., Pulley*, 465 U.S. at 41; *Williams*, 87 F.3d at 1206 n.1; *Sullivan*, 695 F.2d at 1313.

b. Without waiving the foregoing, the factual averments made in support of this claim are denied.

### 3. The Sub-Claim That Freeman Was Denied Funds To Hire A Dermatologist During His Rule 32 Proceedings.

18. The sub-claim that Freeman was denied funds for a dermatological expert during his state post-conviction proceedings is set forth on page 28 of Freeman's habeas corpus petition, and is answered as follows:

a. This sub-claim does not state a claim for relief because there is no federal right to expert assistance in state post-conviction proceedings. *See Coleman v.*

*Thompson*, 501 U.S. 722, 752 (1991) ("[t]here is no constitutional right to an attorney in state post-conviction proceedings... [c]onsequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."); *Roberts v. Dretke*, 356 F.3d 632, 640 (5th Cir. 2004) (petitioner's argument that the state court's denial of funding needed to develop and present post-conviction claims preserved them for federal habeas review failed because there is no right to funding of state habeas counsel, therefore the claims were not exhausted and were properly dismissed). This claim raises only an issue of state law — whether the state courts correctly applied precedent from the Supreme Court of Alabama. Federal courts may grant relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also* 28 U.S.C. § 2241(c)(3). Because this claim does not present this Court with an issue of constitutional or federal law, this Court is without jurisdiction to review that claim. *See, e.g., Pulley*, 465 U.S. at 41; *Williams*, 87 F.3d at 1206 n.1; *Sullivan*, 695 F.2d at 1313.

b. Without waiving the foregoing, the factual averments made in support of this claim are denied.

**4.    The Sub-Claim That Trial Counsel Failed To Investigate Alternate Sources Of The Bite Mark On Freeman Prior To Trial**

19.    The sub-claim that trial counsel failed to investigate evidence of an alternate source for the bite mark on Freeman's arm prior to trial is set forth on page 28 of Freeman's habeas corpus petition, and is answered as follows:

a.  This claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted.  In his Fourth Amended Rule 32 petition, Freeman's entire bite mark argument was only one sentence, in which he alleged "[d]espite having been informed of an alternative source of the bite marks which were allegedly visible on petitioner's arm following his arrest, trial counsel failed to investigate and present reliable evidence in light of this information." 4th Amended Rule 32 Petition, at p. 5-6. Freeman never raised the present claim that petitioner had informed trial counsel that a relative had bitten him during an incident unrelated and prior to the murder of the Gordons.  (Pet. at 28-29)  In fact, the Alabama Court of Criminal Appeals held that Freeman "did not even identify who or what the alternative source of the bite marks was…". *Freeman v. State*, CR-02-1971, mem. op. at 18 (Ala. Crim. App. June 17, 2005).  A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at  842-843.  Moreover, if the petitioner presents in his federal habeas petition a

different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement. *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332. Further, dismissal to allow the petitioner to raise this claim in state court now would be futile. Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court. First, a Rule 32 petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim. P. 32.2(c). Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b). Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

b. In the alternative and without waiving the forgoing, Freeman's one-sentence claim was dismissed by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3, 32.6(b) and 32.7(d) of the Alabama Rules of Criminal Procedure and is therefore procedurally defaulted from this Court's review. *Freeman v. State,* CR-02-1971, mem. op. at 14-15 (Ala. Crim. App. June 17, 2005). Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds. *See also Harris*, 489 U.S. at 262-63; *Johnson*, 938 F.2d at 1173.

c.  In the alternative and without waiving the forgoing, this claim was raised on Rule 32 and denied on the merits.  *Freeman v. State*, CC-88-1416.60-EWR, Order (Montgomery County Circuit Court June 25, 2003); aff'd *Freeman v. State*, CR-02-1971, mem. op. at 18-21 (Ala. Crim. App. June 17, 2005).  Pursuant to Title 28 U.S.C. §2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."  Freeman has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings."  28 U.S.C. §2254(d).  Therefore, this Court should deny relief on this claim and the application for writ of habeas corpus, by statute, should not be granted.  28 U.S.C. §2254(d).

d.  Without waiving the foregoing, in deciding this claim the Rule 32 Court made findings of fact that should be presumed to be correct.  28 U.S.C. §2254(e)(1).  Freeman is therefore not entitled to an evidentiary hearing on this issue.

e.  Without waiving the foregoing, to the extent Freeman failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any

further evidentiary hearing in this Court. This claim is not based on a "new Rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. §2254(e)(2). Additionally, the facts underlying the claim would not be sufficient to establish, by clear and convincing evidence, that but for the constitutional error alleged in this claim, no reasonable fact finder would have found Freeman guilty. *Id.*

f. Without waiving the foregoing, the factual averments made in support of this claim are denied. The state court findings of fact constitute the proper factual basis for consideration of this claim.

### C. The Sub-Claim That Trial Counsel Were Ineffective For Deposing Dr. Guy Renfro

20.      The sub-claim that Freeman's trial counsel were ineffective for deposing Dr. Guy Renfro, "[d]espite the fact that Renfro's report indicated findings inconsistent with the defense theory that the petitioner was not guilty by mental disease or defect" is set forth in section IV(C) on pages 32-35 of Freeman's habeas corpus petition and is answered as follows:

a. This claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted. In his Fourth Amended Rule 32 petition, Freeman's entire argument was only two sentences, in which he alleged "[t]rial

counsel deposed Dr. Guy Renfro despite knowledge that his conclusions were harmful to petitioner's defense. As a result of trial counsel's decision to take Dr. Renfro's deposition, the prosecution was supplied with useful evidence against petitioner, which it subsequently introduced at petitioner's trial." 4th Amended Rule 32 Petition, at p. 6. Freeman never raised the present arguments that "despite the fact that Renfro's report indicated findings inconsistent with the defense theory that petitioner was not guilty by mental disease or defect, defense counsel chose to depose Renfro prior to trial" and that this deposition "demonstrates how aimless and incoherent the defense case was" or that "[i]n addition to undermining the insanity defense, counsel's error also negatively affected their credibility before the jury." (Pet. at 32-33) In fact, the Alabama Court of Criminal Appeals held that Freeman "failed to even identify in his petition who Dr. Guy Renfro was…" *Freeman v. State*, CR-02-1971, mem. op. at 24 (Ala. Crim. App. June 17, 2005). A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at 842-843. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement. *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332. Further, dismissal to allow the petitioner to raise this claim in state court now

would be futile.  Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court.  First, a Rule 32 petition at this point in time would be barred by the statute of limitation.  *See* Ala. R. Crim. P. 32.2(c).  Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions.  *See* Ala. R. Crim. P. 32.2(b).  Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

b. In the alternative and without waiving the forgoing, Freeman's one-sentence claim was dismissed by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3, 32.6(b) and 32.7(d) of the Alabama Rules of Criminal Procedure and is therefore procedurally defaulted from this Court's review.  *Freeman v. State,* CR-02-1971, mem. op. at 15, 23-24 (Ala. Crim. App. June 17, 2005).  Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds.  *See also Harris*, 489 U.S. at 262-63; *Johnson*, 938 F.2d at 1173.

c. Without waiving the foregoing, the factual averments made in support of this claim are denied.

**D.    The Sub-Claim That Trial Counsel Failed To Investigate Evidence That Freeman Suffers From Neurological Impairments**

21.    The sub-claim that Freeman's trial counsel were ineffective for failing to investigate the possibility that Freeman has neurological impairments is set forth in section IV(D) on pages 35-39 of Freeman's habeas corpus petition.  This claim is divided into two sub-claims, Claims IV(D)(1) - (D)(2), and is answered as follows:

**1.    The Sub-Claim That Trial Counsel Failed To Seek To Have Freeman's Neurological Functioning Examined**

22.    The sub-claim that Freeman's trial counsel were ineffective for failing to have Freeman's neurological functioning examined is set forth on page 36 of Freeman's habeas corpus petition and is answered as follows:

a.  This claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted.  In his Fourth Amended Rule 32 petition, Freeman's entire neurological impairments argument was only one sentence, in which he alleged "trial counsel failed to investigate, develop and present evidence that petitioner suffers from neurological impairments."  4th Amended Rule 32 Petition, at p. 6.  Freeman never raised the present claim that records were available to trial counsel that should have caused counsel to investigate the possibility that petitioner suffers from neurological impairments with the assistance of a qualified neuropsychologist.    Pet. at 35.  In fact, the Alabama Court of Criminal Appeals held that Freeman "failed to allege what type of neurological

impairments he suffered from; the severity of his alleged impairments; or how the alleged impairments would have been relevant to his trial." *Freeman v. State*, CR-02-1971, mem. op. at 23 (Ala. Crim. App. June 17, 2005).  A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition.  *O'Sullivan*, 526 U.S. at  842-843.  Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.  *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332.  Further, dismissal to allow the petitioner to raise this claim in state court now would be futile.  Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court.  First, a Rule 32 petition at this point in time would be barred by the statute of limitation.  *See* Ala. R. Crim. P. 32.2(c).  Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b).  Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review.  *See Collier*, 910 F.2d at 772.

b. In the alternative and without waiving the forgoing, Freeman's one-sentence claim was dismissed by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3, 32.6(b) and 32.7(d) of the Alabama Rules of

Criminal Procedure and is therefore procedurally defaulted from this Court's review. *Freeman v. State,* CR-02-1971, mem. op. at 15, 23 (Ala. Crim. App. June 17, 2005). Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds. *See also Harris*, 489 U.S. at 262-63; *Johnson*, 938 F.2d at 1173.

c. Without waiving the foregoing, the factual averments made in support of this claim are denied.

## 2.    The Sub-Claim That Freeman Was Denied Funds To Hire A Neuropsychologist In His Rule 32 Proceedings

23.    The sub-claim that Freeman was denied "the resources necessary to retain a qualified neuropsychologist in state post-conviction proceedings" is set forth on page 37 of Freeman's habeas corpus petition and is answered as follows:

a. This sub-claim does not state a claim for relief because there is no federal right to expert assistance in state post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("[t]here is no constitutional right to an attorney in state post-conviction proceedings... [c]onsequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."); *Roberts v. Dretke*, 356 F.3d 632, 640 (5th Cir. 2004) (petitioner's argument that the state court's denial of funding needed to develop and present post-conviction claims preserved them for federal habeas review failed because there is no right to

funding of state habeas counsel, therefore the claims were not exhausted and were properly dismissed). This claim raises only an issue of state law — whether the state courts correctly applied precedent from the Supreme Court of Alabama. Federal courts may grant relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  *See also* 28 U.S.C. § 2241(c)(3).  Because this claim does not present this Court with an issue of constitutional or federal law, this Court is without jurisdiction to review that claim.  *See, e.g., Pulley*, 465 U.S. at 41; *Williams*, 87 F.3d at 1206 n.1; *Sullivan*, 695 F.2d at 1313.

   b.  Without waiving the foregoing, the factual averments made in support of this claim are denied.

### E.    The Sub-Claim That Trial Counsel Failed To Investigate Evidence Of Freeman's Mental Health Problems

24.       The sub-claim that Freeman's trial counsel were ineffective for failing to investigate, develop, and present evidence of Freeman's backgrounds and mental health problems as mitigation evidence is set forth in section IV(E) on pages 39-43 of Freeman's habeas corpus petition. This claim is divided into two sub-claims, Claims IV(E)(1) - (E)(2), and is answered as follows:

### 1.    The Sub-Claim That Trial Counsel Failed To Use Evidence Of Freeman's Background As Mitigation Evidence

25.    The sub-claim that Freeman's trial counsel were ineffective for focusing on the insanity defense instead of using evidence of Freeman's background as mitigating evidence is set forth on pages 39-40 of Freeman's habeas corpus petition and is answered as follows:

a. This claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted.  In his Fourth Amended Rule 32 petition, Freeman's entire mental health argument was only one sentence, in which he alleged "trial counsel failed to present available evidence regarding petitioner's background and his mental health history to the jury in a manner which would have allowed the jury to give this evidence mitigating effect during the sentencing phase."  4th Amended Rule 32 Petition, at p. 7.  Freeman never raised the present claim that "[f]ocusing exclusively on an ill-conceived effort to establish that petitioner was not guilty by reason of mental disease or defect, counsel squandered the mitigating value of the information about petitioner's background."   Pet. at 40 (citations omitted).  In fact, the Alabama Court of Criminal Appeals held that Freeman did not "allege in his petition what 'available evidence' there was about his background or mental health history that his counsel did not present or what 'manner' he believes his counsel should have presented the unidentified evidence." *Freeman v. State*, CR-02-1971, mem. op. at 25 (Ala. Crim. App. June 17, 2005).

A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at  842-843.   Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.   *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332. Further, dismissal to allow the petitioner to raise this claim in state court now would be futile.   Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court.   First, a Rule 32 petition at this point in time would be barred by the statute of limitation.   *See* Ala. R. Crim. P. 32.2(c).   Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions.   *See* Ala. R. Crim. P. 32.2(b).   Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*,  910 F.2d at 772.

   b.  In the alternative and without waiving the forgoing, Freeman's one-sentence claim was dismissed by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3, 32.6(b) and 32.7(d) of the Alabama Rules of Criminal Procedure and is therefore procedurally defaulted from this Court's review.   *Freeman v. State,* CR-02-1971, mem. op. at 15, 24-25 (Ala. Crim. App.

June 17, 2005). Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds. *See also Harris*, 489 U.S. at 262-63; *Johnson*, 938 F.2d at 1173.

c. Without waiving the foregoing, the factual averments made in support of this claim are denied.

### 2. The Sub-Claim That Trial Counsel Failed To Hire Experts To Present Mitigating Evidence To The Jury

26.    The sub-claim that Freeman's trial counsel were ineffective for failing to present a mitigation investigator, social work, and a neuropsychologist at trial is set forth on pages 41-42 of Freeman's habeas corpus petition. This claim is divided into three sub-claims, Claims IV(E)(2)(a) - IV(E)(2)(c), and is answered as follows:

### a. The Sub-Claim That Trial Counsel Failed To Present Mitigation Evidence From A Mitigation Investigator

27.    The sub-claim that Freeman's trial counsel were ineffective for failing to present mitigation evidence from a mitigation investigator at trial is set forth on pages 41-42 of Freeman's habeas corpus petition, and is answered as follows:

a. This claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted. In his Fourth Amended Rule 32 petition, Freeman's entire mental health argument was only one sentence, in which he alleged "trial counsel failed to present available evidence regarding petitioner's

background and his mental health history to the jury in a manner which would have allowed the jury to give this evidence mitigating effect during the sentencing phase." 4th Amended Rule 32 Petition, at p. 7. Freeman never raised the present claim that "with the assistance of a mitigation investigator…trial counsel could have provided the jury with substantial evidence militating against a death sentence." Pet. at 41. In fact, Freeman never mentioned experts of any kind in his Rule 32 petition. A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at 842-843. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement. *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332. Further, dismissal to allow the petitioner to raise this claim in state court now would be futile. Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court. First, a Rule 32 petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim. P. 32.2(c). Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b). Thus, because any state remedy with respect to this claim is procedurally barred by the

state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

b. This claim is defaulted because it was not raised in Freeman's Rule 32 petition. Freeman's failure to raise this claim in his Rule 32 petition constitutes a procedural default under state law, which bars federal habeas review. *See, e.g., Baldwin v. Johnson*, 152 F.3d 1304, 1318 (11th Cir. 1998) (holding that five claims were procedurally defaulted from federal habeas corpus review because Baldwin did not raise them during his trial, on direct appeal, or during his state coram nobis proceeding). Further, dismissal to allow the petitioner to raise this claim in state court now would be futile. Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court. First, a Rule 32 petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim. P. 32.2(c). Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b). Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

c. In spite of the fact that this claim was not included in his Rule 32 petition, Freeman attempted to raise it in his brief to the Court of Criminal Appeals. Thus, this claim is also procedurally defaulted from this Court's review because it was

improperly raised for the first time on appeal from the dismissal of Freeman's Rule 32 petition and was not considered by the Alabama Court of Criminal Appeals because it was not properly before the court.    *Freeman v. State,* CR-02-1971, mem. op. at 15, n.8 (Ala. Crim. App. June 17, 2005) ("those facts that Freeman includes in his brief that were not included in his original petition or any of his amended petitions cannot be considered by this Court."). *See also Arrington*, 716 So. 2d 237, 239 (Ala. Crim. App. 1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition."). Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds.    *See also Harris*, 489 U.S. at 262-63; *Johnson*, 938 F.2d at 1173.

d.  Without waiving the foregoing, the factual averments made in support of this claim are denied.

### b.    The Sub-Claim That Trial Counsel Failed To Present Mitigation Evidence From A Social Worker

28.    The sub-claim that Freeman's trial counsel were ineffective for failing to present mitigation evidence from a social worker at trial is set forth on pages 41-42 of Freeman's habeas corpus petition, and is answered as follows:

a.  This claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted.  In his Fourth Amended Rule 32 petition,

Freeman's entire mental health argument was only one sentence, in which he alleged "trial counsel failed to present available evidence regarding petitioner's background and his mental health history to the jury in a manner which would have allowed the jury to give this evidence mitigating effect during the sentencing phase." 4th Amended Rule 32 Petition, at p. 7. Freeman never raised the present claim that "with the assistance of a…social worker…trial counsel could have provided the jury with substantial evidence militating against a death sentence." Pet. at 41. In fact, Freeman never mentioned experts of any kind in his Rule 32 petition. A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at 842-843. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement. *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332. Further, dismissal to allow the petitioner to raise this claim in state court now would be futile. Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court. First, a Rule 32 petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim. P. 32.2(c). Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b). Thus, because any state

remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

b. This claim is defaulted because it was not raised in Freeman's Rule 32 petition. Freeman's failure to raise this claim in his Rule 32 petition constitutes a procedural default under state law, which bars federal habeas review. *See, e.g., Baldwin v. Johnson*, 152 F.3d 1304, 1318 (11th Cir. 1998) (holding that five claims were procedurally defaulted from federal habeas corpus review because Baldwin did not raise them during his trial, on direct appeal, or during his state coram nobis proceeding). Further, dismissal to allow the petitioner to raise this claim in state court now would be futile. Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court. First, a Rule 32 petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim. P. 32.2(c). Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b). Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

c. In spite of the fact that this claim was not included in his Rule 32 petition, Freeman attempted to raise it in his brief to the Court of Criminal Appeals. Thus,

this claim is also procedurally defaulted from this Court's review because it was improperly raised for the first time on appeal from the dismissal of Freeman's Rule 32 petition and was not considered by the Alabama Court of Criminal Appeals because it was not properly before the court. *Freeman v. State,* CR-02-1971, mem. op. at 15, n.8 (Ala. Crim. App. June 17, 2005) ("those facts that Freeman includes in his brief that were not included in his original petition or any of his amended petitions cannot be considered by this Court."). *See also Arrington*, 716 So. 2d 237, 239 (Ala. Crim. App. 1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition."). Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds. *See also Harris*, 489 U.S. at 262-63; *Johnson*, 938 F.2d at 1173.

d. Without waiving the foregoing, the factual averments made in support of this claim are denied.

### c. The Sub-Claim That Trial Counsel Failed To Present Mitigation Evidence From A Neuropsychologist

29.    The sub-claim that Freeman's trial counsel were ineffective for failing to present mitigation evidence from a neuropsychologist at trial is set forth on pages 41-42 of Freeman's habeas corpus petition, and is answered as follows:

a.  This claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted.  In his Fourth Amended Rule 32 petition, Freeman's entire mental health argument was only one sentence, in which he alleged "trial counsel failed to present available evidence regarding petitioner's background and his mental health history to the jury in a manner which would have allowed the jury to give this evidence mitigating effect during the sentencing phase." 4th Amended Rule 32 Petition, at p. 7.  Freeman never raised the present claim that "with the assistance of a…neuropsychologist…trial counsel could have provided the jury with substantial evidence militating against a death sentence." Pet. at 41.  In fact, Freeman never mentioned experts of any kind in his Rule 32 petition.  A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at   842-843.   Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.   *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332. Further, dismissal to allow the petitioner to raise this claim in state court now would be futile.  Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court.  First, a Rule 32 petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim.

P. 32.2(c). Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b). Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

    b. This claim is defaulted because it was not raised in Freeman's Rule 32 petition. Freeman's failure to raise this claim in his Rule 32 petition constitutes a procedural default under state law, which bars federal habeas review. *See, e.g., Baldwin v. Johnson*, 152 F.3d 1304, 1318 (11th Cir. 1998) (holding that five claims were procedurally defaulted from federal habeas corpus review because Baldwin did not raise them during his trial, on direct appeal, or during his state coram nobis proceeding). Further, dismissal to allow the petitioner to raise this claim in state court now would be futile. Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court. First, a Rule 32 petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim. P. 32.2(c). Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b). Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

c.  In spite of the fact that this claim was not included in his Rule 32 petition, Freeman attempted to raise it in his brief to the Court of Criminal Appeals.  Thus, this claim is also procedurally defaulted from this Court's review because it was improperly raised for the first time on appeal from the dismissal of Freeman's Rule 32 petition and was not considered by the Alabama Court of Criminal Appeals because it was not properly before the court.    *Freeman v. State,* CR-02-1971, mem. op. at 15, n.8 (Ala. Crim. App. June 17, 2005) ("those facts that Freeman includes in his brief that were not included in his original petition or any of his amended petitions cannot be considered by this Court.").  *See also Arrington*, 716 So. 2d 237, 239 (Ala. Crim. App. 1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition."). Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds.  *See also Harris*, 489 U.S. at 262-63; *Johnson*, 938 F.2d at 1173.

d.  Without waiving the foregoing, the factual averments made in support of this claim are denied.

### F.    The Sub-Claim That Trial Counsel Failed To Introduce Evidence Of Freeman's Adaptability To Prison

30.      The sub-claim that Freeman's trial counsel were ineffective for failing to introduce evidence of Freeman's adaptability to prison is set forth in section

IV(F) on pages 44-46 of Freeman's habeas corpus petition.  This claim is divided

into two sub-claims, Claims IV(F)(1) - IV(F)(2), and is answered as follows:

> **1.    The Sub-Claim That Trial Counsel Failed To Submit Freeman's Prison Records To An Expert On Institutional Adaptability**

31.    The sub-claim that Freeman's trial counsel were ineffective for failing

to submit Freeman's institutional records to a "competent expert on institutional

adaptability" is set forth on page 44 of Freeman's habeas corpus petition, and is

answered as follows:

a.  This claim is barred because it was not fairly presented to the state courts

and has therefore not been exhausted.  In his Fourth Amended Rule 32 petition,

Freeman's entire adaptability argument was only one sentence, in which he alleged

"trial counsel failed to investigate and introduce readily-available evidence of

petitioner's good behavior in and adaptability to prison."  4th Amended Rule 32

Petition, at p. 7-8.  Freeman never raised the present claim that "trial counsel had

in their possession petitioner's institutional records, but failed to submit them for

review by a competent expert on institutional adaptability who could have utilized

them in reaching a determination as to petitioner's adaptability to confinement, and

testified on that issue before the jury."   Pet. at 44.  In fact, the Alabama Court of

Criminal Appeals held that "[a]gain Freeman failed to allege what evidence he

believes his counsel should have presented in this regard.  He made no factual

allegations whatsoever regarding what his behavior was in prison or how he adapted to prison life." *Freeman v. State*, CR-02-1971, mem. op. at 25 (Ala. Crim. App. June 17, 2005). Additionally, Freeman made no mention of presenting evidence of his adaptability to an expert. A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at 842-843. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement. *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332. Further, dismissal to allow the petitioner to raise this claim in state court now would be futile. Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court. First, a Rule 32 petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim. P. 32.2(c). Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b). Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*, 910 F.2d at 772.

b. This claim is defaulted because it was not raised in Freeman's Rule 32 petition. Freeman's failure to raise this claim in his Rule 32 petition constitutes a

procedural default under state law, which bars federal habeas review.  *See, e.g.,* *Baldwin v. Johnson*, 152 F.3d 1304, 1318 (11th Cir. 1998) (holding that five claims were procedurally defaulted from federal habeas corpus review because Baldwin did not raise them during his trial, on direct appeal, or during his state coram nobis proceeding).  Further, dismissal to allow the petitioner to raise this claim in state court now would be futile.  Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court.  First, a Rule 32 petition at this point in time would be barred by the statute of limitation.  *See* Ala. R. Crim. P. 32.2(c).  Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions.  *See* Ala. R. Crim. P. 32.2(b).  Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review.  *See Collier*,  910 F.2d at 772.

c.  Without waiving the foregoing, the factual averments made in support of this claim are denied.

### 2.    The Sub-Claim That Freeman Was Denied Funds To Hire A Risk Assessment Expert During His Rule 32 Proceedings

32.    The sub-claim that Freeman was denied funds to hire a "qualified risk assessment expert" during his Rule 32 proceedings is set forth on page 44 of Freeman's habeas corpus petition, and is answered as follows:

a.  This sub-claim does not state a claim for relief because there is no federal right to expert assistance in state post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("[t]here is no constitutional right to an attorney in state post-conviction proceedings... [c]onsequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."); *Roberts v. Dretke*, 356 F.3d 632, 640 (5th Cir. 2004) (petitioner's argument that the state court's denial of funding needed to develop and present post-conviction claims preserved them for federal habeas review failed because there is no right to funding of state habeas counsel, therefore the claims were not exhausted and were properly dismissed). This claim raises only an issue of state law — whether the state courts correctly applied precedent from the Supreme Court of Alabama. Federal courts may grant relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also* 28 U.S.C. § 2241(c)(3).  Because this claim does not present this Court with an issue of constitutional or federal law, this Court is without jurisdiction to review that claim. *See, e.g., Pulley*, 465 U.S. at 41; *Williams*, 87 F.3d at 1206 n.1; *Sullivan*, 695 F.2d at 1313.

b.  Without waiving the foregoing, the factual averments made in support of this claim are denied.

### 3.    The Sub-Claim That Trial Counsel Failed To Submit Freeman's Prison Records To The Jury

33.    The sub-claim that Freeman's trial counsel were ineffective for failing to "present any evidence from which the jury could infer that petitioner's positive behavior in prison indicated that he would not pose a safety risk if sentenced to life rather than death" is set forth on pages 44-45 of Freeman's habeas corpus petition, and is answered as follows:

a. This claim is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule.  The claim that Freeman's trial counsel failed to introduce evidence of petitioner's good behavior in and adaptability to prison was rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded. *Freeman v. State,* CR-02-1971, mem. op. at 15, 25 (Ala. Crim. App. June 17, 2005).  Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds.  *See also Harris*, 489 U.S. at 262-63; *Johnson*, 938 F.2d at 1173.

b. Without waiving the foregoing, the factual averments made in support of this claim are denied.

58

## V.    THE CLAIM THAT FREEMAN WAS DENIED HIS RIGHT TO A FAIR SENTENCING DUE TO THE ADMISSION OF THE ODONTOLOGICAL EVIDENCE

34.    The claim that Freeman was denied a fair sentencing proceeding as a result of the introduction of the bite-mark evidence is set forth in section V on pages 46-48 of Freeman's habeas corpus petition, and is answered as follows:

a. This claim is defaulted.   Freeman did not raise this claim at trial. Freeman's failure to raise this claim at trial was a procedural default under state law, which bars consideration of this claim on federal habeas corpus review.  *See, e.g., Engle v. Issac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Baldwin v. Johnson*, 152 F.3d 1304, 1318-20 (11th Cir. 1988); *Magwood v. Smith*, 781 F.2d 1438, 1444 (11th Cir. 1986).  Alabama law precludes collateral review of issues that could have been but were not raised at trial.  Ala. R. Crim. P. 32.2(a)(3). *See Bui v. State*, 616 So. 2d 6, 28 (Ala. Crim. App. 1997); *Daniels v. State*, 650 So. 2d 544, 551 (Ala. Crim. App. 1994).

b. Without waiving the foregoing, this claim is also defaulted because it was not raised on direct appeal.  Freeman's failure to raise this claim on direct appeal was a procedural default under state law, which bars federal habeas corpus review of this claim.  *See, e.g., Caniff*, 269 F.3d at 1246-47 *Baldwin*, 152 F.3d at 1318-20; *Magwood*, 791 F.2d at 1444; *King*, 714 F.2d at 1491-92.  Alabama law precludes collateral review of issues that could have been but were not raised on direct

appeal. Ala. R. Crim. P. 32.2(a)(5). *See McGahee*, 885 So. 2d at 228; *Tarver*, 761 So. 2d at 268.

c. Without waiving the foregoing, this claim is also defaulted because it was procedurally defaulted under state law. Petitioner Freeman raised this claim in his Rule 32 petition and the Rule 32 Court found that this claim was procedurally defaulted from its review because Freeman could have but did not raise it during his trial or direct appeal, pursuant to Rules 32.2(a)(3) and (5) of the Alabama Rules of Criminal Procedure. *Freeman v. State*, CC 88-1416.60-EWR, Order at 8 (Montgomery County Circuit Court June 25, 2003). Freeman's failure to raise this claim at trial or on direct appeal was a procedural default under state law, which bars consideration of this claim on federal habeas corpus review. *See Richardson v. Johnson*, 864 F.2d 1536, 1539 (11th Cir. 1989) ("Claims that are procedurally barred from state coram nobis review are procedurally barred from federal habeas review."), *cert. denied*, 490 U.S. 1114 (1989); *Lindsey v. Smith*, 820 F.2d 1137, 1143 (11th Cir. 1989).

d. In the alternative and without waiving the forgoing, this claim is defaulted because it was not fairly presented to the state courts and has therefore not been exhausted. In his Fourth Amended Rule 32 petition, Freeman argued that the admission of the odontology testimony violation "petitioner's right to a fair trial as guaranteed by the *Fifth* and Fourteenth Amendments," whereas in his present

petition, Freeman claims that the admission of the odontology testimony violates "petitioner's right to a fair sentencing proceeding as guaranteed by the *Eighth* and Fourteenth Amendments." 4th Amended Rule 32 Petition, at p. 10; Pet. at p. 49-50 (emphasis added). A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at 842-843. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement. *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332.

e. Without waiving the foregoing, the factual averments made in support of this claim are denied.

## VI.    THE CLAIM THAT FREEMAN RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

35.    The claim that Freeman's appellate counsel was ineffective for failing to challenge the admission of the prior testimony of Francis Boozer is set forth in VI on pages 48-53 of Freeman's habeas corpus petition, and is answered as follows:

a. This claim is defaulted because it was not fairly presented to the state courts and has therefore not been exhausted. In his Fourth Amended Rule 32 petition, Freeman's entire argument was only two sentences, in which he alleged "[t]he record on appeal reveals that the State was permitted to introduce the prior

testimony of an allegedly unavailable witness, Francis Boozer, over the objection of defense counsel. Had appellate counsel raised and argued this error, there is a reasonable probability that the result of petitioner's direct appeal would have been different." 4th Amended Rule 32 Petition, at p. 16. Freeman never raised the present claim that the State was not diligent in its effort to locate Ms. Boozer or that the prosecution's argument that an out-of-state witness is per se unavailable was wrong. Pet. at p. 49-50. Nor did Freeman raise the claim that Boozer's testimony "probably injuriously affected [his] substantial rights." Pet. at p. 51. A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at 842-843. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement. *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332.

b. In the alternative and without waiving the forgoing, this claim is defaulted because it was not raised in Freeman's Rule 32 petition. Freeman's failure to raise this claim in his Rule 32 petition constitutes a procedural default under state law, which bars federal habeas review. *See, e.g., Baldwin v. Johnson*, 152 F.3d 1304, 1318 (11th Cir. 1998) (holding that five claims were procedurally defaulted from federal habeas corpus review because Baldwin did not raise them during his trial,

on direct appeal, or during his state coram nobis proceeding).  Freeman first raised the claim that his appellate trial counsel failed to raise the claim that the state did not meet its burden of demonstrating due diligence with respect to locating Boozer on appeal from the dismissal of his Rule 32 petition (Freeman never mentioned Juror Clements by name). This claim was not considered by the Alabama Court of Criminal Appeals because it was not properly before the court.   *Freeman v. State,* CR-02-1971, mem. op. at 15, n.8 ("those facts that Freeman includes in his brief that were not included in his original petition or any of his amended petitions cannot be considered by this Court.").  *See also Arrington v. State*, 716 So. 2d 237, 239 (Ala. Crim. App. 1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition."). Further, dismissal to allow the petitioner to raise this claim in state court now would be futile.  Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court.  First, a Rule 32 petition at this point in time would be barred by the statute of limitation.  *See* Ala. R. Crim. P. 32.2(c).  Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions.  *See* Ala. R. Crim. P. 32.2(b).  Thus, because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *See Collier*,  910 F.2d at 772.

c. Without waiving the foregoing, the factual averments made in support of this claim are denied.

## VII.  THE CLAIM THAT PROSECUTORIAL MISCONDUCT DENIED FREEMAN HIS RIGHT TO A FAIR TRIAL

36.     The claim that the prosecutor's presentation of victim impact evidence at both phases of the trial violated Freeman's rights is set forth in section VII on pages 53-57 of Freeman's habeas corpus petition, and is answered as follows:

a. This claim was raised on direct appeal in the Alabama Court of Criminal Appeals and denied on the merits.  *Freeman*, 776 So. 2d at 184-89.  Pursuant to Title 28 U.S.C. §2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."  Freeman has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings."  28 U.S.C.  §2254(d).  Therefore, this Court should deny relief on this claim and the application for writ of habeas corpus, by statute, should not be granted.  28 U.S.C. §2254(d).

b. Without waiving the foregoing, in deciding this claim the Alabama Court of Criminal Appeals made findings of fact that should be presumed to be correct.

28 U.S.C. §2254(e)(1). Freeman is therefore not entitled to an evidentiary hearing on this issue.

c. Without waiving the foregoing, to the extent Freeman failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. This claim is not based on a "new Rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. §2254(e)(2). Additionally, the facts underlying the claim would not be sufficient to establish, by clear and convincing evidence, that but for the constitutional error alleged in this claim, no reasonable fact finder would have found Freeman guilty. *Id.*

d. Without waiving the foregoing, the factual averments made in support of this claim are denied. The state court findings of fact constitute the proper factual basis for consideration of this claim.

## VIII. THE CLAIM THAT FREEMAN WAS DENIED THE RIGHT TO TRIAL BY JURY

37. The claim that Freeman was denied the right to have a jury determine all facts essential to the imposition of the punishment he received is set forth in section VIII on pages 58-61 of Freeman's habeas corpus petition, and is answered as follows:

a. This claim is defaulted.  Freeman did not raise this claim at trial. Freeman's failure to raise this claim at trial was a procedural default under state law, which bars consideration of this claim on federal habeas corpus review.  *See, e.g., Engle v. Issac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Baldwin v. Johnson*, 152 F.3d 1304, 1318-20 (11th Cir. 1988); *Magwood v. Smith*, 781 F.2d 1438, 1444 (11th Cir. 1986).  Alabama law precludes collateral review of issues that could have been but were not raised at trial.  Ala. R. Crim. P. 32.2(a)(3). *See Bui v. State*, 616 So. 2d 6, 28 (Ala. Crim. App. 1997); *Daniels v. State*, 650 So. 2d 544, 551 (Ala. Crim. App. 1994).

b.  Without waiving the foregoing, this claim is also defaulted because it was not raised on direct appeal.  Freeman's failure to raise this claim on direct appeal was a procedural default under state law, which bars federal habeas corpus review of this claim.  *See, e.g., Caniff*, 269 F.3d at 1246-47 *Baldwin*, 152 F.3d at 1318-20; *Magwood*, 791 F.2d at 1444; *King*, 714 F.2d at 1491-92.  Alabama law precludes collateral review of issues that could have been but were not raised on direct appeal.  Ala. R. Crim. P. 32.2(a)(5).  *See McGahee*, 885 So. 2d  at 228; *Tarver*, 761 So. 2d at 268.

c.  In the alternative and without waiving the foregoing, this claim fails to state a claim for relief.    To the extent that Freeman is attempting to benefit from the rule announced in *Ring v. Arizona*, 536 U.S. 584, 602 (2002), it is well settled law

that *Ring* does not apply retroactively to cases which were finalized prior to its release. *See Shriro v. Summerlin*, 542 U.S. 348 (2004). As Freeman points out, his conviction was finalized when the United States Supreme Court denied his petition certiorari review on direct appeal on October 29, 2000, nearly two years before *Ring* was decided. To the extent that Freeman is relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court in *Apprendi* specifically stated that its holding did not invalidate capital sentencing schemes involving in which judges decided aggravating factors, leaving its holding in *Walton v. Arizona*, 497 U.S. 639, 647-649 (1990) (rejecting the argument that the jury, as opposed to the judge, is constitutionally required to determine the existence of aggravating and mitigating circumstances). *Walton*, which was not overturned until the Court's *Ring* decision, was still the law when Freeman's conviction was finalized in 2000. Therefore, because *Ring* is not retroactive and *Walton* was the controlling law at the time of Freeman's conviction and death sentence, this claim fails to state a claim under federal law. Federal habeas corpus relief is available only to person held in custody "in violation of the Constitution or law or treaties of the United States." 28 U.S.C. §2254(a).

d. Without waiving the forgoing, this claim was also denied on the merits. *Freeman v. State*, CC 88-1416.60-EWR, Order (Montgomery County Circuit Court June 25, 2003), aff'd *Freeman v. State,* CR-02-1971, mem. op. at 29-30 (Ala.

Crim. App. June 17, 2005).   Pursuant to Title 28 U.S.C. §2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."  Freeman has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings."   28  U.S.C.   §2254(d). Therefore, this Court should deny relief on this claim and the application for writ of habeas corpus, by statute, should not be granted.  28 U.S.C. §2254(d).

e.  Without waiving the foregoing, in deciding this claim the Alabama Court of Criminal Appeals made findings of fact that should be presumed to be correct. 28 U.S.C. §2254(e)(1).  Freeman is therefore not entitled to an evidentiary hearing on this issue.

f.  Without waiving the foregoing, to the extent Freeman failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court.  This claim is not based on a "new Rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence."   28

U.S.C. §2254(e)(2). Additionally, the facts underlying the claim would not be sufficient to establish, by clear and convincing evidence, that but for the constitutional error alleged in this claim, no reasonable fact finder would have found Freeman guilty. *Id.*

g. Without waiving the foregoing, the factual averments made in support of this claim are denied.

## IX.    THE CLAIM THAT FREEMAN IS INELIGIBLE FOR EXECUTION BECAUSE HE IS MENTALLY RETARDED

38.    The claim that Freeman is ineligible for the death penalty because he is mentally retarded is set forth in section IX on pages 61-64 of Freeman's habeas corpus petition.  This claim is divided into two sub-claims, Claims IX(A) - (B), and is answered as follows:

### A.    The Sub-Claim That Freeman Is Mentally Retarded

39.    The claim that Freeman is mentally retarded is set forth in section IX(A) on pages 61-62 of Freeman's habeas corpus petition, and is answered as follows:

a.    This claim was raised on in Freeman's Rule 32 proceedings and denied on the merits. *Freeman v. State*, CC 88-1416.60-EWR, Order at 10-11 (Montgomery County Circuit Court June 25, 2003); *Freeman v. State,* CR-02-1971, mem. op. at 29-30 (Ala. Crim. App. June 17, 2005).  Pursuant to Title 28 U.S.C. §2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the

merits in state court proceedings." Freeman has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings." 28 U.S.C. §2254(d). Therefore, this Court should deny relief on this claim and the application for writ of habeas corpus, by statute, should not be granted. 28 U.S.C. §2254(d).

b. Without waiving the foregoing, in deciding this claim the Rule 32 Court and the Alabama Court of Criminal Appeals made findings of fact that should be presumed to be correct. 28 U.S.C. §2254(e)(1). Freeman is therefore not entitled to an evidentiary hearing on this issue.

c. Without waiving the foregoing, to the extent Freeman failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. This claim is not based on a "new Rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. §2254(e)(2). Additionally, the facts underlying the claim would not be sufficient to establish, by clear and convincing evidence, that but for the

constitutional error alleged in this claim, no reasonable fact finder would have found Freeman guilty. *Id.*

d. Without waiving the foregoing, the factual averments made in support of this claim are denied. The state court findings of fact constitute the proper factual basis for consideration of this claim.

**B.    The Sub-Claim That Freeman Was Denied Funds For A "Qualified Expert" In His Rule 32 Proceedings**

40.    The sub-claim that Freeman was denied funds "to hire a qualified expert to conduct the analyses and testing necessary to determine whether petitioner is mentally retarded" (Pet. at 62), is set forth on page 62-63 of Freeman's habeas corpus petition, and is answered as follows:

a. This sub-claim does not state a claim for relief because there is no federal right to expert assistance in state post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("[t]here is no constitutional right to an attorney in state post-conviction proceedings... [c]onsequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."); *Roberts v. Dretke*, 356 F.3d 632, 640 (5th Cir. 2004) (petitioner's argument that the state court's denial of funding needed to develop and present post-conviction claims preserved them for federal habeas review failed because there is no right to funding of state habeas counsel, therefore the claims were not exhausted and were properly dismissed). This claim raises only an issue of state law — whether the

state courts correctly applied precedent from the Supreme Court of Alabama. Federal courts may grant relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also* 28 U.S.C. § 2241(c)(3). Because this claim does not present this Court with an issue of constitutional or federal law, this Court is without jurisdiction to review that claim. *See, e.g., Pulley*, 465 U.S. at 41; *Williams*, 87 F.3d at 1206 n.1; *Sullivan*, 695 F.2d at 1313.

b. Without waiving the foregoing, the factual averments made in support of this claim are denied.

c. Without waiving the foregoing, the factual averments made in support of this claim are denied.

Miscellaneous Provisions

41.    The responses herein are based on Respondent's understanding of the grounds for relief alleged in Petitioner Freeman's federal habeas corpus petition. If Petitioner Freeman is attempting to state any other claims, Respondent requests a more definite statement and further requests that Respondent be afforded the opportunity to respond if Petitioner Freeman's claims are amended in any way.

42.    All of the averments in Petitioner Freeman's federal habeas corpus petition, which are not expressly admitted, are denied.

43.     The responses and defenses set out above are pleaded separately and severally.

Response to Prayer for Relief

44.     Petitioner Freeman is not entitled to discovery or an evidentiary hearing on his federal habeas corpus petition.

45.     Issues regarding procedural default and the merits of the claims that are not procedurally defaulted can be sufficiently addressed in briefs by the parties. The interests of justice will best be served by full briefing on the issues, rather than further unnecessary delay for discovery and an evidentiary hearing.

46.     After considering the briefs of the parties, Petitioner Freeman's petition for writ of habeas corpus should be denied.

Respectfully Submitted,

Troy King
*Attorney General*

/s/ *Cheryl Ann Schuetze*
Cheryl Ann Schuetze
*Assistant Attorney General*
Counsel for Respondent

Address of Counsel:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-2021
Fax: (334) 353-3637

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/CEF system this 8th day of May, 2006, which will send notification to: **Keir M. Weyble and Christopher Seeds.**


/s/ *Cheryl Ann Schuetze*
Assistant Attorney General