IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID FREEMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )CIVIL ACTION NO.2:06cv122-MHT-VPM |
| RICHARD F. ALLEN[1], Commissioner | ) |
| Alabama Department of Corrections, | ) |
| *et. al.*, | ) |
| | ) |
| Respondents. | ) |
| | ) |

## O R D E R

For good cause shown, it is hereby ORDERED that:

1. A scheduling/case management conference is set for June 28, 2006 at 2:00 p.m. before Magistrate Judge Vanzetta Penn McPherson in Courtroom 5-A, United States Courthouse Complex, One Church Street, Montgomery, Alabama.

2. Following the scheduling/case management conference the court will conduct a Litigation Budget conference with counsel for the petitioner, *ex parte*, to establish a budget for the case. The court will consider and make appropriate orders on an hourly rate for counsel, paralegals and other employees performing work on this case, an interim voucher submission schedule, appointment and payment of investigators or experts and permissible expenses. Counsel shall prepare and deliver a preliminary litigation budget concerning these

---

[1] Pursuant to Rule 25 (d) (1) Federal Rules of Civil Procedure, Richard F. Allen, newly appointed Commissioner of Alabama Department of Corrections, is automatically substituted in his official capacity as a party to this action.

items to the chambers of Vanzetta Penn McPherson on or before June 16, 2006.  A suggested format for the Litigation Budget is attached to this Order.

It is further

ORDERED that on or before June 16, 2006, counsel for the parties shall file a "Proposed Joint Report" which for each claim strictly adheres to the Joint Report Format attached to and made a part of this order.

Counsel should not brief these issues in their Joint Report, nor should any citations to legal authority nor any legal argument be included.  The court will use this Joint Report as a basis for an initial Pretrial Order, which will be issued after the Case Management Conference and which will govern further proceedings.

Counsel are ADVISED that any claim and any procedural default ground not included in the Joint Report which will be incorporated in the Pretrial Order to be issued by the court following the Case Management Conference, will be deemed abandoned and will not be considered by the court absent a compelling showing of cause for the failure to identify the claim or ground.  Counsel are further ADVISED that the parties' positions on discovery and an evidentiary hearing will serve as bases for deadlines which will not be altered absent good cause.

Finally, Counsel are ADVISED that the court will discuss with the parties at the Case Management Conference the time required for adequate preparation in this matter and the substance of the information contained in the Joint Report.  Counsel are DIRECTED to be fully prepared to discuss these matters in depth.

DONE this 18th day of May, 2006.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

## Format for Proposed Litigation Budget

I. Justify an hourly rate for counsel (include brief description of counsel's experience and practice). Counsel is advised that in these habeas corpus death penalty cases the court regularly approves the maximum hourly rate of $160.00 for lead counsel and an hourly rate of $110.00 for associate counsel and an hourly rate of $50.00 for paralegals.

II. Breakdown counsel's activities as suggested below including specific notation of travel time and costs (i.e. copy charges and airplane fares) associated with each category

Counsel's Activities:                    Est. Hours to spend:
1. Prepare petition
2. Prepare budget
3. Prepare joint report
4. Attend case management conference
5. Conduct Discovery (explain the nature)
6. Prepare brief on procedural default
7. Review recommendation/prepare objections
8. Prepare for evidentiary hearing (explain the nature)
9. Attend evidentiary hearing
10. Prepare brief on the merits
11. Prepare reply brief on the merits
12. Prepare post-trial motions

III. Other Expenses
1. Experts (describe services to be performed and include estimated hourly rate and time needed for service to be provided)
2. Investigators (describe services to be performed and include estimated hourly rate and time needed for service to be provided)
3. Paralegals (describe services to be performed and include estimated time needed for the service to be provided)
4. Other miscellaneous expenses

IV. Total Amount of Proposed Budget
Based upon the fees and expenses identified above, calculate the Total Amount of the Proposed Budget.

# Format for Joint Report

Please, do NOT include any citations to legal authority in the Joint Report. A plain and simple statement of the parties' positions is all that is required. Indeed, the court is looking for only a short and concise overview of parties' positions on all claims.

Also, remember that the statement of the claim included in the Pretrial Order, which will be prepared by the court utilizing this report, will govern the disposition of the claims.

Also be sure to include a mutually agreed upon numbering system for claims.

**I. State the Claim**
    **A. Procedural Default**
        **1. Do Respondents claim a procedural default for this claim; if so, what is the specific nature of the default?**
        **2. Does Petitioner dispute the default for this claim; if so, provide cites to the state court record demonstrating how the claim was raised and addressed in state court?**
        **3. Does Petitioner claim that cause and prejudice or a fundamental miscarriage of justice exists to excuse the default; if so, what is the specific nature of those claims?**
    **B. Other Grounds of Preclusion**
        **1. Do the Respondents claim that other grounds of preclusion exist to prevent the court from reaching the merits of this claim; if so, what is the specific nature of the preclusion?**
        **2. Does the Petitioner dispute the basis of the Respondents' other grounds of preclusion? If so, provide a short statement of why.**
    **C. Evidentiary Hearing**
        **1. Does the Petitioner claim that an evidentiary hearing is due on this claim?**
        **2. Do the Respondents dispute that an evidentiary hearing is due on this claim?**
    **D. Discovery**
        **1. Does the Petitioner maintain that discovery is necessary on this claim; if so, describe the nature of the discovery sought and the purpose for which it is sought?**
        **2. Do the Respondents dispute that any discovery is necessary on this claim?**
**II. State the Claim**
    **(Follow A-D above)**