IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DAVID FREEMAN )<br>              *Petitioner*, )<br>                         )<br>     v.                    )<br>                         )<br> RICHARD F. ALLEN, Commissioner, )<br> Alabama Department of Corrections, )<br>              *Respondent*. )<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾) | Civil Action No. 2:06CV122-MHT-VPM |

## JOINT REPORT

Pursuant to this Court's May 18, 2006 order, the parties have prepared this Joint Report.

Adhering to the format prescribed by the Court's order, this report sets forth each of the claims

alleged in the Petition for Writ of Habeas Corpus – including, where necessary, the parties' differing

interpretations of those claims – and then provides separate statements of the parties' positions on

procedural default (subsection A), other grounds for preclusion (subsection B), the need for and/or

availability of an evidentiary hearing (subsection C), and the need for and/or availability of discovery

(subsection D).

I.     THE CLAIM THAT PETITIONER'S RIGHT, AS GUARANTEED BY THE FIFTH AND
       FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, NOT "TO BE
       TWICE PUT IN JEOPARDY OF LIFE OR LIMB" WAS VIOLATED WHEN HIS TRIAL WAS
       PERMITTED TO GO FORWARD AFTER A PREVIOUS PROCEEDING ENDED IN THE
       DECLARATION OF A MISTRIAL IN THE ABSENCE OF MANIFEST NECESSITY.

This claim is set forth in Ground I on pages 10-12 of the Petition for Writ of Habeas Corpus.

A.     **Procedural default – Respondent's position:**

Respondent's position is that this claim is procedurally defaulted because Freeman failed to

raise this claim on direct appeal from his conviction and sentence.  Freeman's failure to raise this

claim on direct appeal was a procedural default under state law, which bars federal habeas corpus review of this claim. Alabama law precludes collateral review of issues that could have been but were not raised on direct appeal. Ala. R. Crim. P. 32.2(a)(5).

This claim is also procedurally defaulted because it has not been exhausted in compliance with Title 28 U.S.C. §2254(b)(1)(A). While Freeman raised this claim prior to trial, it was never raised on direct appeal from Freeman's conviction and sentence. Failure to raise this claim on direct appeal does not satisfy the exhaustion requirement of Section 2254(b)(1)(A). Furthermore, this claim is precluded because it not exhausted in Freeman's Rule 32 proceedings. Freeman abandoned this claim on appeal from the denial of his Rule 32 petition at the Alabama Court of Criminal Appeals and the Alabama Supreme Court.

**A.      Procedural default – Petitioner's position:**

This ground for relief is not procedurally defaulted. It was fairly presented to, and therefore exhausted in, the Alabama Court of Criminal Appeals and the Alabama Supreme Court via a pre-trial petition for writ of mandamus, which, as respondent concedes, was denied on the merits. Vol. 19, Tabs R-2 through R-4. Respondent has not invoked, nor has petitioner identified, any state law rule requiring that he fairly present his claim to the state's highest court more than once in order to satisfy 28 U.S.C. §2254(b).

**B.      Other grounds for preclusion – Respondent's position:**

Not applicable.

**B.      Other grounds for preclusion – Petitioner's position:**

Not applicable.

**C.      Evidentiary hearing – Respondent's position:**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

### C.    Evidentiary hearing – Petitioner's position:

Petitioner does not believe an evidentiary hearing is necessary as to this ground for relief.

### D.    Discovery – Respondent's position:

Respondent's position is that the petitioner is not entitled to discovery on this claim

### D.    Discovery – Petitioner's position:

Petitioner does not believe discovery is necessary as to this ground for relief.

## II.    THE CLAIM THAT PETITIONER'S RIGHTS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN HE WAS INTERROGATED AFTER INVOKING HIS RIGHT TO SILENCE AND THE INCULPATORY STATEMENTS PRODUCED BY THAT INTERROGATION WERE ADMITTED AGAINST HIM AT HIS CAPITAL TRIAL.

This claim is set forth in Ground II on pages 13-15 of the Petition for Writ of Habeas Corpus.

### A.    Procedural default – Respondent's position:

Respondent's position is that this claim was raised on direct appeal in the Alabama Court of Criminal Appeals and denied on the merits. *Freeman v. State*, 776 So. 2d 160, 173-175 (Ala. Crim. App. 1999). Because this claim was adjudicated on the merits in state court and because petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, federal habeas relief cannot be granted on this claim.

### A.    Procedural default – Petitioner's position:

This ground for relief is not procedurally defaulted.  The limitation on habeas relief prescribed in 28 U.S.C. §2254(d) and referenced by respondent above is not a basis for a finding of

procedural default in a federal habeas corpus proceeding, and is therefore irrelevant for purposes of this Joint Report.

      **B.**     **Other grounds for preclusion – Respondent's position:**

Respondent's position is that under 28 U.S.C. §2254(e)(1), the state court factfindings must be presumed correct.

      **B.**     **Other grounds for preclusion – Petitioner's position:**

The statutory presumption of correctness set forth in 28 U.S.C. §2254(e)(1) and referenced by respondent above is not a basis for the preclusion of claims or issues in a federal habeas corpus proceeding, and is therefore irrelevant for purposes of this Joint Report.

      **C.**     **Evidentiary hearing – Respondent's position:**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

      **C.**     **Evidentiary hearing – Petitioner's position:**

Petitioner does not believe an evidentiary hearing is necessary as to this ground for relief.

      **D.**     **Discovery – Respondent's position:**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

      **D.**     **Discovery – Petitioner's position:**

Petitioner does not believe discovery is necessary as to this ground for relief.

**III.**    **THE CLAIM THAT PETITIONER'S RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WAS VIOLATED AS A RESULT OF HIS REPRESENTATION AT TRIAL BY LEAD COUNSEL WHO LABORED UNDER A DEBILITATING, JUDGMENT-IMPAIRING PSYCHOLOGICAL CONDITION AND WHO LABORED UNDER AN ACTUAL CONFLICT OF INTEREST.**

This claim is set forth in Ground III on pages 15-19 of the Petition for Writ of Habeas

Corpus.

### A.    Procedural default – Respondent's position:

Respondent's position is that this claim is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule.  Freeman's claim that trial counsel was laboring under a conflict of interest due to counsel's alleged psychological condition was rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded.  *Freeman v. State*, CR-02-1971, mem. op. at 15, 26-27 (Ala. Crim. App. June 17, 2005).

In the alternative, Respondent's position is also that this claim was raised on Rule 32 and denied on the merits.  *Freeman v. State*, CC 88-1416.60-EWR, Order (Montgomery County Circuit Court June 25, 2003).  Because this claim was adjudicated on the merits in state court and because Petitioner Freeman has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, federal habeas relief cannot be granted on this claim

### A.    Procedural default – Petitioner's position:

This ground for relief was raised in petitioner's Rule 32 petition, in his brief to the Alabama Court of Criminal Appeals, and in the petition for writ of certiorari he submitted to the Alabama Supreme Court.  Vol. 49, Tab R-57, p. 12-13; Vol. 48, p. 200; Vol. 50, p. 409; Vol. 51, p. 54-58; Vol. 53, Tab R-60, p. 55-61; Vol. 54, Tab R-64, p.71-77.  It is not procedurally defaulted because Rules 32.3 and 32.6(b), as applied by the Court of Criminal Appeals in petitioner's case, were (a) not independent of federal law, (b) inadequate to bar federal review, (c) unclear in the level of specificity they required, and (d) inconsistently applied.

Alternatively, if this ground for relief is determined to be procedurally defaulted for non-compliance with Rules 32.3 and/or 32.6(b), then petitioner can establish cause and prejudice to overcome the default. The bases for petitioner's showing of cause are as follows: (a) at all times during which petitioner could have cured the alleged defects in his submissions, the Circuit Court consistently led petitioner to believe that his pleadings were sufficient; (b) the Circuit Court order denying relief – which was written entirely by counsel for respondent and adopted wholesale by the Circuit Court judge – contains no findings that petitioner's claims were denied on this ground; (c) respondent did not raise, and therefore waived, any allegation of insufficient specificity in its briefing to the Court of Criminal Appeals; (d) the Court of Criminal Appeals' *ex mero motu* reliance upon purported defects in petitioner's submissions to the Circuit Court violated fundamental principles of due process; and (e) the additional specificity described by the Court of Criminal Appeals could not have been supplied without access to expert and investigative resources, which were properly requested by petitioner but summarily denied by the Circuit Court. The basis for petitioner's showing of prejudice is that the constitutional violation alleged in Ground III has merit.

The limitation on habeas relief prescribed in 28 U.S.C. §2254(d) and referenced in the alternative by respondent above is not a basis for a finding of procedural default in a federal habeas corpus proceeding, and is therefore irrelevant for purposes of this Joint Report.

**B.      Other grounds for preclusion – Respondent's position:**

Respondent's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

**B.      Other grounds for preclusion – Petitioner's position:**

The statutory presumption of correctness set forth in 28 U.S.C. §2254(e)(1) and referenced

by respondent above is not a basis for the preclusion of claims or issues in a federal habeas corpus proceeding, and is therefore irrelevant for purposes of this Joint Report.

### C.    Evidentiary hearing – Respondent's position:

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

### C.    Evidentiary hearing – Petitioner's position:

An evidentiary hearing on this ground for relief is not precluded by 28 U.S.C. §2254(e)(2) because petitioner was not at fault for the lack of fact development during the state court proceedings. Petitioner believes an evidentiary hearing on this ground for relief will be necessary.

### D.    Discovery – Respondent's position:

Respondent's position is that the petitioner is not entitled to discovery on this claim.

### D.    Discovery – Petitioner's position:

Petitioner believes discovery may be necessary as to this ground for relief.

### IV.    INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS.

This claim is set forth in Ground IV on pages 20-46 of the Petition for Writ of Habeas Corpus.

Respondent's position is that, in his federal habeas corpus petition, Petitioner Freeman divided this claim into six separate and distinct sub-claims. Without prejudice to Petitioner's position, in the Joint Report, the allegations set forth in the Petition under this claim will be identified by respondent as follows: Claims IV(A) - (F) and addressed both collectively and separately.

It is the Respondent's position that each claim of ineffective assistance of counsel must be

reviewed individually and that a cumulative review of Freeman's ineffective assistance of counsel claims is not proper. In *Strickland v. Washington*, 466 U.S. 668, 690 (1980), the United States Supreme Court held that "[a] convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Thus, the Supreme Court, in *Strickland*, explained that specific acts or omissions of ineffective assistance of counsel must be alleged to prove a claim of ineffective assistance of counsel. Respondent submits that this Court should not evaluate Freeman's ineffective assistance claims as a whole or consider the cumulative effect of those claims. Instead, this Court should review each of his ineffective assistance of counsel claims and dismiss those claims that are procedurally defaulted form review.

Petitioner does not disagree that his Petition contains allegations of ineffective assistance of counsel that have been designated as Grounds IV.A through IV.F. While the subdivision of the allegations in this manner reflects petitioner's position that trial counsel's acts and omissions were constitutionally ineffective in a range of ways, the effects of counsel's deficiencies on the reliability of the judgments rendered at trial must be assessed collectively.

### A. Procedural default – Respondent's position:

This claim is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule. All of Freeman's ineffective assistance of counsel claims were rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically

pleaded. *Freeman v. State*, CR-02-1971, mem. op. at 14-15 (ala. Crim. App. June 17, 2005).

### A.   Procedural default – Petitioner's position:

This ground for relief is not procedurally defaulted because Rules 32.3 and 32.6(b), as applied by the Court of Criminal Appeals in petitioner's case, were (a) not independent of federal law, (b) inadequate to bar federal review, (c) unclear in the level of specificity they required, and (d) inconsistently applied. Alternatively, if this ground for relief is determined to be procedurally defaulted for non-compliance with Rules 32.3 and/or 32.6(b), then petitioner can establish cause and prejudice to overcome the default. The bases for petitioner's showing of cause are as follows: (a) at all times during which petitioner could have cured the alleged defects in his submissions, the Circuit Court consistently led petitioner to believe that his pleadings were sufficient; (b) the Circuit Court order denying relief – which was written entirely by counsel for respondent and adopted wholesale by the Circuit Court judge – contains no findings that petitioner's claims were denied on this ground; (c) respondent did not raise, and therefore waived, any allegation of insufficient specificity in its briefing to the Court of Criminal Appeals; (d) the Court of Criminal Appeals' *ex mero motu* reliance upon purported defects in petitioner's submissions to the Circuit Court violated fundamental principles of due process; and (e) the additional specificity described by the Court of Criminal Appeals could not have been supplied without access to expert and investigative resources, which were properly requested by petitioner but summarily denied by the Circuit Court. The basis for petitioner's showing of prejudice is that the constitutional violation alleged in Ground IV has merit.

### B.   Other grounds for preclusion – Respondent's position:

Not applicable.

**B.    Other grounds for preclusion – Petitioner's position:**

Not applicable.

**C.    Evidentiary hearing – Respondent's position:**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

**C.    Evidentiary hearing – Petitioner's position:**

An evidentiary hearing on this ground for relief is not precluded by 28 U.S.C. §2254(e)(2) because petitioner was not at fault for the lack of fact development during the state court proceedings. However, petitioner's position with regard to whether an evidentiary hearing is necessary on particular portions of Ground IV cannot be formulated until additional investigation has been completed.

**D.    Discovery – Respondent's position:**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

**D.    Discovery – Petitioner's position:**

Petitioner believes discovery may be necessary as to this ground for relief..

**IV. A.  THE CLAIM THAT PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY TRIAL COUNSEL'S FAILURE TO CONDUCT JUROR VOIR DIRE IN A MANNER THAT WOULD HAVE REVEALED BIASES OR PREDISPOSITIONS HARBORED BY THE JURORS, AND COUNSEL'S FAILURE TO ARTICULATE MERITORIOUS CHALLENGES FOR CAUSE.**

This claim is set forth in Ground IV.A. on pages 22-26 of the Petition for Writ of Habeas Corpus.

Respondent's position is that, in his federal habeas corpus petition, Petitioner Freeman

divided this claim into six separate and distinct sub-claims.  Without prejudice to Petitioner's position, in the Joint Report, the allegations set forth in the Petition under this claim will be identified by respondent as follows: Claims IV(A)(1) - (A)(6) and addressed by respondent both collectively and separately.

Petitioner disagrees with respondent's assertion that Ground IV.A. involves six discrete "sub-claims."  Petitioner will therefore note his positions with respect to Ground IV.A. as it is has been pled in his Petition.

### A.       Procedural default – Respondent's position:

This claim is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule.  The claim that Freeman's trial counsel failed to conduct adequate *voir dire* was rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded.  *Freeman v. State,* CR-02-1971, mem. op. at 15-16 (Ala. Crim. App. June 17, 2005).

### 1.       The Sub-Claim That Trial Counsel Failed to Adequately Question Juror Shirley Clements.

The sub-claim that Freeman's trial counsel were ineffective for failing to adequately question Juror Shirley Clements with respect to pre-trial publicity is set forth on page 23 of Freeman's habeas corpus petition.

Respondent's position is that this claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted.  While Freeman raised a general *voir dire* claim in his Rule 32 petition, he never raised this specific claim.  In his Fourth Amended Rule 32 petition,

Freeman's entire *voir dire* argument was only one sentence, in which he alleged "trial counsel failed to conduct meaningful, constitutionally permissible *voir dire* of the prospective jurors at petitioner's trial, failed to pose questions necessary to discover bias and predisposition on the part of prospective jurors, and failed to articulate meritorious challenges for cause based on information revealed by prospective jurors during *voir dire.*"  4th Amended Rule 32 Petition, at p. 3. Freeman never raised the present claim that Juror Shirley Clements was not adequately questioned.  A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition.

Respondent's position is also that this claim is defaulted because Freeman did not raise it in his Rule 32 petition, but instead attempted to raise it for the first time in his Rule 32 appeal. Freeman's failure to raise this claim in his Rule 32 petition constitutes a procedural default under state law, which bars federal habeas review.  Freeman first raised the claim that his trial counsel failed to "follow up on juror's expression of uncertainty as to how exposure to pre-trial publicity would affect her," on appeal from the dismissal of his Rule 32 petition (Freeman never mentioned Juror Clements by name). This claim was not considered by the Alabama Court of Criminal Appeals because it was not properly before the court.   *Freeman v. State,* CR-02-1971, mem. op. at 15, n.8 (Ala. Crim. App. June 17, 2005) ("those facts that Freeman includes in his brief that were not included in his original petition or any of his amended petitions cannot be considered by this Court.").

### 2.    The Sub-claim That Trial Counsel Failed to Challenge Juror Shirley Clements for Cause.

The sub-claim that Freeman's trial counsel were ineffective for failing to challenge Juror

Shirley Clements for cause as a result of the answers she gave in *voir dire* is set forth on page 23 of

Freeman's habeas corpus petition.

Respondent's position is that this claim is barred because it was not fairly presented to the

state courts and has therefore not been exhausted. While Freeman raised a general *voir dire* claim

in his Rule 32 petition, he never raised this specific claim. In his Fourth Amended Rule 32 petition,

Freeman's entire *voir dire* argument was only one sentence, in which he alleged "trial counsel failed

to conduct meaningful, constitutionally permissible *voir dire* of the prospective jurors at petitioner's

trial, failed to pose questions necessary to discover bias and predisposition on the part of prospective

jurors, and failed to articulate meritorious challenges for cause based on information revealed by

prospective jurors during *voir dire.*" 4th Amended Rule 32 Petition, at p. 3. Freeman never raised

the present claim that Juror Shirley Clements should have been challenged for cause. A petitioner

must have afforded the state courts a full and fair opportunity to decide any federal constitutional

claims presented in his federal habeas petition. Moreover, if the petitioner presents in his federal

habeas petition a different legal theory or new factual claim with respect to an issue raised in state

court, the petitioner will not have satisfied the exhaustion requirement.

Respondent's position is also this claim is defaulted because it was not raised in Freeman's

Rule 32 petition or Rule 32 appeal. Freeman's failure to raise this claim in his Rule 32 proceedings

constitutes a procedural default under state law, which bars federal habeas review.

### 3.    The Sub-Claim That Trial Counsel Failed to Adequately Question Juror Denise Donald.

The sub-claim that Freeman's trial counsel were ineffective for failing to adequately question

juror Denise Donald with respect to her relatives or friends being victims of crime is set forth on

page 24 of Freeman's habeas corpus petition.

Respondent's position is that this claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted. While Freeman raised a general *voir dire* claim in his Rule 32 petition, he never raised this specific claim. In his Fourth Amended Rule 32 petition, Freeman's entire *voir dire* argument was only one sentence, in which he alleged "trial counsel failed to conduct meaningful, constitutionally permissible *voir dire* of the prospective jurors at petitioner's trial, failed to pose questions necessary to discover bias and predisposition on the part of prospective jurors, and failed to articulate meritorious challenges for cause based on information revealed by prospective jurors during *voir dire*." 4th Amended Rule 32 Petition, at p. 3. Freeman never raised the present claim that Juror Denise Donald was not adequately questioned.

Respondent's position is also that this claim is defaulted because Freeman did not raise it in his Rule 32 petition, but instead attempted to raise it for the first time in his Rule 32 appeal. Freeman's failure to raise this claim in his Rule 32 petition constitutes a procedural default under state law, which bars federal habeas review. Freeman first raised the claim that his trial counsel failed to "follow up on answers indicating juror's friends or relatives had been victims of crime," on appeal from the dismissal of his Rule 32 petition (Freeman never mentioned Juror Donald by name). This claim was not considered by the Alabama Court of Criminal Appeals because it was not properly before the court. *Freeman v. State,* CR-02-1971, mem. op. at 15, n.8 (Ala. Crim. App. June 17, 2005) ("those facts that Freeman includes in his brief that were not included in his original petition or any of his amended petitions cannot be considered by this Court.").

### 4. The Sub-claim That Trial Counsel Failed to Adequately Question Juror Walt Farmer.

The sub-claim that Freeman's trial counsel were ineffective for failing to adequately question Juror Walt Farmer with respect to any bias he had against the insanity defense is set forth on page 24 of Freeman's habeas corpus petition.

Respondent's position is that this claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted. While Freeman raised a general *voir dire* claim in his Rule 32 petition, he never raised this specific claim. In his Fourth Amended Rule 32 petition, Freeman's entire *voir dire* argument was only one sentence, in which he alleged "trial counsel failed to conduct meaningful, constitutionally permissible *voir dire* of the prospective jurors at petitioner's trial, failed to pose questions necessary to discover bias and predisposition on the part of prospective jurors, and failed to articulate meritorious challenges for cause based on information revealed by prospective jurors during *voir dire.*" 4th Amended Rule 32 Petition, at p. 3. Freeman never raised the present claim that Juror Walt Farmer was not adequately questioned. A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.

Respondent's position is also that this claim is defaulted because Freeman did not raise it in his Rule 32 petition, but instead attempted to raise it for the first time in his Rule 32 appeal. Freeman's failure to raise this claim in his Rule 32 petition constitutes a procedural default under state law, which bars federal habeas review. Freeman first raised the claim that his trial counsel failed to "follow up on answers suggesting bias against insanity defense" on appeal from the dismissal of his Rule 32 petition (Freeman never mentioned Juror Farmer by name). This claim was

15

not considered by the Alabama Court of Criminal Appeals because it was not properly before the court. *Freeman v. State,* CR-02-1971, mem. op. at 15, n.8 (Ala. Crim. App. June 17, 2005) ("those facts that Freeman includes in his brief that were not included in his original petition or any of his amended petitions cannot be considered by this Court.").

**5.    The Sub-claim That Trial Counsel Failed to Challenge Juror Walt Farmer for Cause.**

The sub-claim that Freeman's trial counsel were ineffective for failing to challenge juror Walt Farmer for cause as a result of the answers he gave in *voir dire* is set forth on page 24 of Freeman's habeas corpus petition.

Respondent's position is that this claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted.  While Freeman raised a general *voir dire* claim in his Rule 32 petition, he never raised this specific claim.  In his Fourth Amended Rule 32 petition, Freeman's entire voir dire argument was only one sentence, in which he alleged "trial counsel failed to conduct meaningful, constitutionally permissible *voir dire* of the prospective jurors at petitioner's trial, failed to pose questions necessary to discover bias and predisposition on the part of prospective jurors, and failed to articulate meritorious challenges for cause based on information revealed by prospective jurors during *voir dire.*"  4th Amended Rule 32 Petition, at p. 3. Freeman never raised the present claim that Juror Walt Farmer should have been challenged for cause.  A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition.  Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.

16

Respondent's position is also this claim is defaulted because it was not raised in Freeman's Rule 32 petition or Rule 32 appeal.   Freeman's failure to raise this claim in his Rule 32 proceedings constitutes a procedural default under state law, which bars federal habeas review.

> **6.    The Sub-claim That Freeman Was Denied Funds for a Jury Expert in His Rule 32 Proceedings.**

The sub-claim that Freeman was denied funds for a jury expert to present additional testimony and evidence in support of this claim is set forth on page 24 of Freeman's habeas corpus petition.

Respondent's position is that procedural default is not applicable to this claim.

**A.    Procedural default – Petitioner's position:**

Ground IV.A. is not procedurally defaulted.  Petitioner did fairly present this ground for relief to the state courts by alerting those courts to his belief that one or more irregularities of constitutional dimension existed with regard to the selection of the jury.  Vol. 49, Tab R-57, p. 3; Vol. 53, Tab R-60, p. 20-23; Vol. 54, Tab R-64, p. 33-36.  Alternatively, if this ground for relief is determined to be procedurally defaulted for lack of fair presentation, then petitioner can establish cause and prejudice to overcome the default. The basis for petitioner's showing of cause is that additional facts relating to his claim were not available without the investigative assistance that petitioner sought from, but was summarily denied by, the state courts.  The basis for petitioner's showing of prejudice is that the constitutional violation he has alleged has merit.

Additionally, to the extent respondent's position can be understood as an invocation of Rules 32.3 and 32.6(b), it is likewise not defaulted because those rules, as applied by the Court of Criminal Appeals in petitioner's case, were (a) not independent of federal law, (b) inadequate to bar federal

17

review, (c) unclear in the level of specificity they required, and (d) inconsistently applied. Alternatively, if this ground for relief is determined to be procedurally defaulted for non-compliance with Rules 32.3 and/or 32.6(b), then petitioner can establish cause and prejudice to overcome the default. The bases for petitioner's showing of cause are as follows: (a) at all times during which petitioner could have cured the alleged defects in his submissions, the Circuit Court consistently led petitioner to believe that his pleadings were sufficient; (b) the Circuit Court order denying relief – which was written entirely by counsel for respondent and adopted wholesale by the Circuit Court judge – contains no findings that petitioner's claims were denied on this ground; (c) respondent did not raise, and therefore waived, any allegation of insufficient specificity in its briefing to the Court of Criminal Appeals; (d) the Court of Criminal Appeals' *ex mero motu* reliance upon purported defects in petitioner's submissions to the Circuit Court violated fundamental principles of due process; and (e) the additional specificity described by the Court of Criminal Appeals could not have been supplied without access to investigative resources, which were properly requested by petitioner but summarily denied by the Circuit Court. The basis for petitioner's showing of prejudice is that the constitutional violation he has alleged has merit.

**B.     Other grounds for preclusion – Respondent's position:**

Not applicable.

**1.     The Sub-claim That Trial Counsel Failed to Adequately Question Juror Shirley Clements.**

Not applicable.

**2.     The Sub-claim That Trial Counsel Failed to Challenge Juror Shirley Clements for Cause.**

Not applicable.

18

3.    **The Sub-claim That Trial Counsel Failed to Adequately Question Juror Denise Donald.**

Not applicable.

4.    **The Sub-claim That Trial Counsel Failed to Adequately Question Juror Walt Farmer.**

Not applicable.

5.    **The Sub-claim That Trial Counsel Failed to Challenge Juror Walt Farmer for Cause.**

Not applicable.

6.    **The Sub-claim That Freeman Was Denied Funds for a Jury Expert in His Rule 32 Proceedings.**

This sub-claim does not state a claim for relief because there is no federal right to expert assistance in state post-conviction proceedings.  This claim raises only an issue of state law – whether the state courts correctly applied precedent from the Supreme Court of Alabama.  Federal courts may grant relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also* 28 U.S.C. § 2241(c)(3). Because this claim does not present this Court with an issue of constitutional or federal law, this Court is without jurisdiction to review that claim.

B.    **Other grounds for preclusion – Petitioner's position:**

No other grounds for preclusion are applicable to Ground IV.A. as a whole.  Petitioner did not raise the "sub-claim" IV.A.(6) formulated by respondent as an independent ground for federal habeas relief, and does not contest respondent's observation that a state court's denial of resources necessary to the development and presentation of evidence is not, by itself, an actionable claim for relief under §§2241 or 2254.

**C.     Evidentiary hearing – Respondent's position:**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

> **1.     The Sub-claim That Trial Counsel Failed to Adequately Question Juror Shirley Clements.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

> **2.     The Sub-claim That Trial Counsel Failed to Challenge Juror Shirley Clements for Cause.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

> **3.     The Sub-claim That Trial Counsel Failed to Adequately Question Juror Denise Donald.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

> **4.     The Sub-claim That Trial Counsel Failed to Adequately Question Juror Walt Farmer.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

> **5.     The Sub-claim That Trial Counsel Failed to Challenge Juror Walt Farmer for Cause.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

> **6.     The Sub-claim That Freeman Was Denied Funds for a Jury Expert in His Rule 32 Proceedings.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

### C.    Evidentiary hearing – Petitioner's position:

An evidentiary hearing on Ground IV.A. is not precluded by 28 U.S.C. §2254(e)(2) because petitioner was not at fault for the lack of fact development during the state court proceedings. However, petitioner's position with regard to whether an evidentiary hearing is necessary cannot be formulated until additional investigation has been completed. Additionally, as noted *supra*, petitioner did not raise the "sub-claim" IV.A.(6) formulated by respondent as an independent ground for federal habeas relief, and he is aware of no reason to seek an evidentiary hearing in connection therewith. Nevertheless, the state courts' refusal to provide any resources necessary for the development and presentation of evidence left petitioner with no means of developing the factual bases of his claims in the state court proceedings, such that 28 U.S.C. §2254(e)(2) does not bar an evidentiary hearing before this Court on Ground IV.A.

### D.    Discovery – Respondent's position:

Respondent's position is that the petitioner is not entitled to discovery on this claim.

#### 1.    The Sub-claim That Trial Counsel Failed to Adequately Question Juror Shirley Clements.

Respondent's position is that the petitioner is not entitled to discovery on this claim.

#### 2.    The Sub-claim That Trial Counsel Failed to Challenge Juror Shirley Clements for Cause.

Respondent's position is that the petitioner is not entitled to discovery on this claim.

#### 3.    The Sub-claim That Trial Counsel Failed to Adequately Question Juror Denise Donald.

Respondent's position is that the petitioner is not entitled to discovery on this claim.

### 4. The Sub-claim That Trial Counsel Failed to Adequately Question Juror Walt Farmer.

Respondent's position is that the petitioner is not entitled to discovery on this claim.

### 5. The Sub-claim That Trial Counsel Failed to Challenge Juror Walt Farmer for Cause.

Respondent's position is that the petitioner is not entitled to discovery on this claim.

### 6. The Sub-claim That Freeman Was Denied Funds for a Jury Expert in His Rule 32 Proceedings.

Respondent's position is that the petitioner is not entitled to discovery on this claim.

### D. Discovery – Petitioner's position:

Petitioner believes discovery may be necessary as to this ground for relief.

**IV.B.** THE CLAIM THAT PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY TRIAL COUNSEL'S FAILURE TO CHALLENGE THE PROSECUTION'S FORENSIC ODONTOLOGY EVIDENCE.

This claim is set forth in Ground IV.B. on pages 26-31 of the Petition for Writ of Habeas Corpus.

Respondent's position is that, in his federal habeas corpus petition, Petitioner Freeman divided this claim into four separate and distinct sub-claims. Without prejudice to Petitioner's position, in the Joint Report, the allegations set forth in the Petition under this claim will be identified by respondent as follows: Claims IV(B)(1) - (B)(4) and addressed both collectively and separately.

Petitioner disagrees with respondent's assertion that Ground IV.B. involves four discrete "sub-claims." Petitioner will therefore note his positions with respect to Ground IV.B. as it is has

22

been pled in his Petition.

A.    **Procedural default – Respondent's position:**

Respondent's position is that this claim is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule.  The claim that Freeman's trial counsel failed to challenge the State's forensic odontology evidence was rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded.  *Freeman v. State,* CR-02-1971, mem. op. at 16-21 (Ala. Crim. App. June 17, 2005).

1.    **The Sub-claim That Trial Counsel Failed to Object to David O'Brien's Testimony.**

The sub-claim that Freeman's trial counsel were ineffective for failing to object to David O'Brien's testimony is set forth on page 27 of Freeman's habeas corpus petition.

Respondent's position is that this claim is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule.  The claim that Freeman's trial counsel failed to object to David O'Brien's testimony was rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded.  *Freeman v. State,* CR-02-1971, mem. op. at 16-18 (Ala. Crim. App. June 17, 2005).

In the alternative, Respondent's position is that this claim was raised on Rule 32 and denied on the merits.  *Freeman v. State*, CC-88-1416.60-EWR, Order (Montgomery County Circuit Court June 25, 2003); aff'd *Freeman v. State,* CR-02-1971, mem. op. at 16-18 (Ala. Crim. App. June 17, 2005).  Pursuant to Title 28 U.S.C. §2254(d), habeas relief cannot be granted on this claim because

23

it was "adjudicated on the merits in state court proceedings." Freeman has not alleged, and cannot

show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary

to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State Court proceedings." 28

U.S.C. §2254(d). Therefore, this Court should deny relief on this claim and the application for writ

of habeas corpus, by statute, should not be granted. 28 U.S.C. §2254(d).

> **2.    The Sub-claim That Freeman Was Denied Funds to Hire a
> Forensic Odontologist During His Rule 32 Proceedings.**

The sub-claim that Freeman was denied funds for an odontological expert during his state

post-conviction proceedings is set forth on page 27 of Freeman's habeas corpus petition.

Respondent's position is that procedural default is not applicable to this claim.

> **3.    The Sub-claim That Freeman Was Denied Funds to Hire a
> Dermatologist During His Rule 32 Proceedings.**

The sub-claim that Freeman was denied funds for a dermatological expert during his state

post-conviction proceedings is set forth on page 28 of Freeman's habeas corpus petition.

Respondent's position is that procedural default is not applicable to this claim.

> **4.    The Sub-claim That Trial Counsel Failed to Investigate Alternate
> Sources of the Bite Mark on Freeman Prior to Trial.**

The sub-claim that trial counsel failed to investigate evidence of an alternate source for the

bite mark on Freeman's arm prior to trial is set forth on page 28 of Freeman's habeas corpus petition.

Respondent's position is that this claim is barred because it was not fairly presented to the

state courts and has therefore not been exhausted. While Freeman raised a general bite mark claim

24

in his Rule 32 petition, he never raised this specific claim.  In his Fourth Amended Rule 32 petition, Freeman's entire bite mark argument was only one sentence, in which he alleged "[d]espite having been informed of an alternative source of the bite marks which were allegedly visible on petitioner's arm following his arrest, trial counsel failed to investigate and present reliable evidence in light of this information." 4th Amended Rule 32 Petition, at p. 5-6. Freeman never raised the present claim that petitioner had informed trial counsel that a relative had bitten him during an incident unrelated and prior to the murder of the Gordons.  (Pet. at 28-29)  In fact, the Alabama Court of Criminal Appeals held that Freeman "did not even identify who or what the alternative source of the bite marks was . . ." *Freeman v. State*, CR-02-1971, mem. op. at 18 (Ala. Crim. App. June 17, 2005). A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.

Respondent's position is also that this claim is defaulted because Freeman's one-sentence claim was dismissed by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3, 32.6(b) and 32.7(d) of the Alabama Rules of Criminal Procedure and is therefore procedurally defaulted from this Court's review.  *Freeman v. State,* CR-02-1971, mem. op. at 14-15 (Ala. Crim. App. June 17, 2005).  This claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds.

A.     **Procedural default – Petitioner's position:**

Petitioner did fairly present Ground IV.B. to the state courts by alerting those courts to trial counsel's deficient failure to object to David O'Brien's testimony, and to his belief that trial counsel

were aware of the existence of an alternative source for the alleged bite marks on petitioner's arm, but failed to develop or present that information at trial. Vol. 49, Tab R-57, p. 4-6; Vol. 48, p. 171-173, 199-200; Vol. 49, p. 499 - Vol. 50, p. 401; Vol. 51, p. 44-49; Vol. 53, Tab R-60, p. 23-29; Vol. 54, Tab R-64, p. 36-42.

This ground for relief is not procedurally defaulted because Rules 32.3 and 32.6(b), as applied by the Court of Criminal Appeals in petitioner's case, were (a) not independent of federal law, (b) inadequate to bar federal review, (c) unclear in the level of specificity they required, and (d) inconsistently applied. Alternatively, if this ground for relief is determined to be procedurally defaulted for non-compliance with Rules 32.3 and/or 32.6(b), then petitioner can establish cause and prejudice to overcome the default. The bases for petitioner's showing of cause are as follows: (a) at all times during which petitioner could have cured the alleged defects in his submissions, the Circuit Court consistently led petitioner to believe that his pleadings were sufficient; (b) the Circuit Court order denying relief – which was written entirely by counsel for respondent and adopted wholesale by the Circuit Court judge – contains no findings that petitioner's claims were denied on this ground; (c) respondent did not raise, and therefore waived, any allegation of insufficient specificity in its briefing to the Court of Criminal Appeals; (d) the Court of Criminal Appeals' *ex mero motu* reliance upon purported defects in petitioner's submissions to the Circuit Court violated fundamental principles of due process; and (e) the additional specificity described by the Court of Criminal Appeals could not have been supplied without access to expert and investigative resources, which were properly requested by petitioner but summarily denied by the Circuit Court. The basis for petitioner's showing of prejudice is that the constitutional violation alleged in Ground IV.B. has merit.

Additionally, the limitation on habeas relief prescribed in 28 U.S.C. §2254(d) and referenced by respondent above is not a basis for a finding of procedural default in a federal habeas corpus proceeding, and is therefore irrelevant for purposes of this Joint Report.

**B.    Other grounds for preclusion – Respondent's position:**

Not applicable.

**1.    The Sub-claim That Trial Counsel Failed to Object to David O'brien's Testimony.**

Respondent's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

**2.    The Sub-claim That Freeman Was Denied Funds to Hire a Forensic Odontologist During His Rule 32 Proceedings.**

This sub-claim does not state a claim for relief because there is no federal right to expert assistance in state post-conviction proceedings. This claim raises only an issue of state law – whether the state courts correctly applied precedent from the Supreme Court of Alabama. Federal courts may grant relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also* 28 U.S.C. § 2241(c)(3). Because this claim does not present this Court with an issue of constitutional or federal law, this Court is without jurisdiction to review that claim.

**3.    The Sub-claim That Freeman Was Denied Funds to Hire a Dermatologist During His Rule 32 Proceedings.**

This sub-claim does not state a claim for relief because there is no federal right to expert assistance in state post-conviction proceedings.  This claim raises only an issue of state law – whether the state courts correctly applied precedent from the Supreme Court of Alabama. Federal

27

courts may grant relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also* 28 U.S.C. § 2241(c)(3). Because this claim does not present this Court with an issue of constitutional or federal law, this Court is without jurisdiction to review that claim.

> **4.    The Sub-claim That Trial Counsel Failed to Investigate Alternate Sources of the Bite Mark on Freeman Prior to Trial.**

Not applicable.

**B.    Other grounds for preclusion – Petitioner's position:**

No other grounds for preclusion are applicable to Ground IV.B. as a whole.

Petitioner did not raise the "sub-claims" IV.B.(2) or (3) formulated by respondent as independent grounds for federal habeas relief, and does not contest respondent's observation that a state court's denial of resources necessary to the development and presentation of evidence is not, by itself, an actionable claim for relief under §§2241 or 2254.

The statutory presumption of correctness set forth in 28 U.S.C. §2254(e)(1) and referenced by respondent above is not a basis for the preclusion of claims or issues in a federal habeas corpus proceeding, and is therefore irrelevant for purposes of this Joint Report.

**C.    Evidentiary hearing – Respondent's position:**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

> **1.    The Sub-claim That Trial Counsel Failed to Object to David O'Brien's Testimony.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

> **2.    The Sub-claim That Freeman Was Denied Funds to Hire a Forensic Odontologist During His Rule 32 Proceedings.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

> **3.    The Sub-claim That Freeman Was Denied Funds to Hire a Dermatologist During His Rule 32 Proceedings.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

> **4.    The Sub-claim That Trial Counsel Failed to Investigate Alternate Sources of the Bite Mark on Freeman Prior to Trial.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

**C.    Evidentiary hearing – Petitioner's position:**

An evidentiary hearing on this ground for relief is not precluded by 28 U.S.C. §2254(e)(2) because petitioner was not at fault for the lack of fact development during the state court proceedings. However, petitioner's position with regard to whether an evidentiary hearing is necessary cannot be formulated until additional investigation and expert consultation has been completed.

**D.    Discovery – Respondent's position:**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

> **1.    The Sub-claim That Trial Counsel Failed to Object to David O'Brien's Testimony.**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

> **2.    The Sub-claim That Freeman Was Denied Funds to Hire a**

**Forensic Odontologist During His Rule 32 Proceedings.**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

> **3.    The Sub-claim That Freeman Was Denied Funds to Hire a Dermatologist During His Rule 32 Proceedings.**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

> **4.    The Sub-claim That Trial Counsel Failed to Investigate Alternate Sources of the Bite Mark on Freeman Prior to Trial.**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

**D.    Discovery – Petitioner's position:**

Petitioner believes discovery may be necessary as to this ground for relief.

**IV.C.    THE CLAIM THAT PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS A RESULT OF TRIAL COUNSEL'S DECISION TO DEPOSE DR. GUY RENFRO.**

This claim is set forth in Ground IV.C. on pages 32-35 of the Petition for Writ of Habeas Corpus.

**A.    Procedural default – Respondent's position:**

Respondent's position is that this claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted. While Freeman raised a general Dr. Renfro claim in his Rule 32 petition, he never raised this specific claim. In his Fourth Amended Rule 32 petition, Freeman's entire argument was only two sentences, in which he alleged "[t]rial counsel deposed Dr. Guy Renfro despite knowledge that his conclusions were harmful to petitioner's defense. As a result of trial counsel's decision to take Dr. Renfro's deposition, the prosecution was supplied with useful evidence against petitioner, which it subsequently introduced at petitioner's trial." 4th Amended

Rule 32 Petition, at p. 6.  Freeman never raised the present arguments that "despite the fact that Renfro's report indicated findings inconsistent with the defense theory that petitioner was not guilty by mental disease or defect, defense counsel chose to depose Renfro prior to trial" and that this deposition "demonstrates how aimless and incoherent the defense case was" or that "[i]n addition to undermining the insanity defense, counsel's error also negatively affected their credibility before the jury."  (Pet. at 32-33)  In fact, the Alabama Court of Criminal Appeals held that Freeman "failed to even identify in his petition who Dr. Guy Renfro was …"  *Freeman v. State*, CR-02-1971, mem. op. at 24 (Ala. Crim. App. June 17, 2005).  A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition.  Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.

Respondent's position is also this claim is defaulted because Freeman's two-sentence claim was dismissed by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3, 32.6(b) and 32.7(d) of the Alabama Rules of Criminal Procedure and is therefore procedurally defaulted from this Court's review.  *Freeman v. State,* CR-02-1971, mem. op. at 15, 23-24 (Ala. Crim. App. June 17, 2005).  This claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds.

### A.    Procedural default – Petitioner's position:

Petitioner did fairly present this ground for relief to the state courts by alleging before those courts that counsel's performance in deposing Dr. Renfro despite their knowledge that his conclusions were harmful to petitioner's defense was constitutionally deficient and prejudicial.  Vol.

31

49, Tab R-57, p. 6-7; Vol. 53, Tab R-60, p. 37-39; Vol. 54, Tab R-64, p. 51-53.

This ground for relief is not procedurally defaulted because Rules 32.3 and 32.6(b), as applied by the Court of Criminal Appeals in petitioner's case, were (a) not independent of federal law, (b) inadequate to bar federal review, (c) unclear in the level of specificity they required, and (d) inconsistently applied. Alternatively, if this ground for relief is determined to be procedurally defaulted for non-compliance with Rules 32.3 and/or 32.6(b), then petitioner can establish cause and prejudice to overcome the default. The bases for petitioner's showing of cause are as follows: (a) at all times during which petitioner could have cured the alleged defects in his submissions, the Circuit Court consistently led petitioner to believe that his pleadings were sufficient; (b) the Circuit Court order denying relief – which was written entirely by counsel for respondent and adopted wholesale by the Circuit Court judge – contains no findings that petitioner's claims were denied on this ground; (c) respondent did not raise, and therefore waived, any allegation of insufficient specificity in its briefing to the Court of Criminal Appeals; and (d) the Court of Criminal Appeals' *ex mero motu* reliance upon purported defects in petitioner's submissions to the Circuit Court violated fundamental principles of due process. The basis for petitioner's showing of prejudice is that the constitutional violation alleged in Ground IV.C. has merit.

**B.    Other grounds for preclusion – Respondent's position:**

Not applicable.

**B.    Other grounds for preclusion – Petitioner's position:**

Not applicable.

**C.    Evidentiary hearing – Respondent's position:**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this

claim.

**C.      Evidentiary hearing – Petitioner's position:**

An evidentiary hearing on this ground for relief is not precluded by 28 U.S.C. §2254(e)(2) because petitioner was not at fault for the lack of fact development during the state court proceedings.  Petitioner believes an evidentiary hearing on this ground for relief will be necessary.

**D.      Discovery – Respondent's position:**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

**D.      Discovery – Petitioner's position:**

Petitioner does not believe discovery is necessary as to this ground for relief.

**IV.D.   THE CLAIM THAT PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY TRIAL COUNSEL'S FAILURE TO INVESTIGATE, DEVELOP AND PRESENT EVIDENCE THAT PETITIONER SUFFERS FROM NEUROLOGICAL IMPAIRMENTS.**

This claim is set forth in Ground IV.D. on pages 35-39 of the Petition for Writ of Habeas Corpus.

Respondent's position is that, in his federal habeas corpus petition, Petitioner Freeman divided this claim into two separate and distinct sub-claims.  Without prejudice to Petitioner's position, in the Joint Report, the allegations set forth in the Petition under this claim will be identified by respondent as follows: Claims IV(D)(1) - (D)(2) and addressed separately.

Petitioner disagrees with respondent's assertion that Ground IV.D. involves two discrete "sub-claims."  Petitioner will therefore note his positions with respect to Ground IV.D. as it is has been pled in his Petition.

**A.      Procedural default – Respondent's position:**

## 1.  The Sub-Claim That Trial Counsel Failed To Seek To Have Freeman's Neurological Functioning Examined.

The sub-claim that Freeman's trial counsel were ineffective for failing to have Freeman's neurological functioning examined is set forth on page 36 of Freeman's habeas corpus petition.

Respondent's position is that this claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted.  While Freeman raised a general failure to investigate claim in his Rule 32 petition, he never raised this specific claim.  In his Fourth Amended Rule 32 petition, Freeman's entire neurological impairments argument was only one sentence, in which he alleged "trial counsel failed to investigate, develop and present evidence that petitioner suffers from neurological impairments." 4th Amended Rule 32 Petition, at p. 6.  Freeman never raised the present claim that records were available to trial counsel that should have caused counsel to investigate the possibility that petitioner suffers from neurological impairments with the assistance of a qualified neuropsychologist.  Pet. at 35.  In fact, the Alabama Court of Criminal Appeals held that Freeman "failed to allege what type of neurological impairments he suffered from; the severity of his alleged impairments; or how the alleged impairments would have been relevant to his trial." *Freeman v. State*, CR-02-1971, mem. op. at 23 (Ala. Crim. App. June 17, 2005).  A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition.  Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.

Respondent's position is also this claim is defaulted because Freeman's one-sentence claim was dismissed by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3,

34

32.6(b) and 32.7(d) of the Alabama Rules of Criminal Procedure and is therefore procedurally defaulted from this Court's review. *Freeman v. State,* CR-02-1971, mem. op. at 15, 23 (Ala. Crim. App. June 17, 2005). This claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds.

### 2. The Sub-Claim That Freeman Was Denied Funds To Hire A Neuropsychologist In His Rule 32 Proceedings.

The sub-claim that Freeman was denied "the resources necessary to retain a qualified neuropsychologist in state post-conviction proceedings" is set forth on page 37 of Freeman's habeas corpus petition.

Respondent's position is that procedural default is not applicable to this claim.

### A. Procedural default – Petitioner's position:

Petitioner did fairly present this ground for relief to the state courts by alleging before those courts that counsel's performance in failing to investigate, develop and present evidence of his neurological impairments was constitutionally deficient and prejudicial, and by supplementing this allegation with his requests for funding, and through a proffer of facts that could have been presented had he been afforded necessary resources. Vol. 49, Tab R-57, p. 6; Vol. 48, p. 174-176; Vol. 50, p. 402-408; Vol. 51, p. 42-44, 49-54; Vol. 53, Tab R-60, p. 21-37; Vol. 54, Tab R-64, p. 45-51. Alternatively, if this ground for relief is determined to be procedurally defaulted for lack of fair presentation, then petitioner can establish cause and prejudice to overcome the default. The basis for petitioner's showing of cause is that additional facts relating to his claim were not available without the resources counsel sought from, but was summarily denied by, the state courts. The basis for petitioner's showing of prejudice is that the constitutional violation alleged in Ground IV.D. has

merit.

Additionally, this ground for relief is not procedurally defaulted because Rules 32.3 and 32.6(b), as applied by the Court of Criminal Appeals in petitioner's case, were (a) not independent of federal law, (b) inadequate to bar federal review, (c) unclear in the level of specificity they required, and (d) inconsistently applied. Alternatively, if this ground for relief is determined to be procedurally defaulted for non-compliance with Rules 32.3 and 32.6(b), then petitioner can establish cause and prejudice to overcome the default. The bases for petitioner's showing of cause are as follows: (a) at all times during which petitioner could have cured the alleged defects in his submissions, the Circuit Court consistently led petitioner to believe that his pleadings were sufficient; (b) the Circuit Court order denying relief – which was written entirely by counsel for respondent and adopted wholesale by the Circuit Court judge – contains no findings that petitioner's claims were denied on this ground; (c) respondent did not raise, and therefore waived, any allegation of insufficient specificity in its briefing to the Court of Criminal Appeals; (d) the Court of Criminal Appeals' *ex mero motu* reliance upon purported defects in petitioner's submissions to the Circuit Court violated fundamental principles of due process; and (e) the additional specificity described by the Court of Criminal Appeals could not have been supplied without access to expert and investigative resources, which were properly requested by petitioner but summarily denied by the Circuit Court. The basis for petitioner's showing of prejudice is that the constitutional violation alleged in Ground IV.D. has merit.

**B.      Other grounds for preclusion – Respondent's position:**

**1.      The Sub-Claim That Trial Counsel Failed To Seek To Have Freeman's Neurological Functioning Examined.**

Not applicable.

> **2.    The Sub-Claim That Freeman Was Denied Funds To Hire A Neuropsychologist In His Rule 32 Proceedings.**

This sub-claim does not state a claim for relief because there is no federal right to expert assistance in state post-conviction proceedings. This claim raises only an issue of state law – whether the state courts correctly applied precedent from the Supreme Court of Alabama. Federal courts may grant relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also* 28 U.S.C. § 2241(c)(3). Because this claim does not present this Court with an issue of constitutional or federal law, this Court is without jurisdiction to review that claim.

> **B.    Other grounds for preclusion – Petitioner's position:**

No other grounds for preclusion are applicable to Ground IV.D. as a whole.

Petitioner did not raise the "sub-claim" IV.D.(2) formulated by respondent as an independent ground for federal habeas relief, and does not contest respondent's observation that a state court's denial of resources necessary to the development and presentation of evidence is not, by itself, an actionable claim for relief under §§2241 or 2254.

> **C.    Evidentiary hearing – Respondent's position:**

> **1.    The Sub-Claim That Trial Counsel Failed To Seek To Have Freeman's Neurological Functioning Examined.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

> **2.    The Sub-Claim That Freeman Was Denied Funds To Hire A Neuropsychologist In His Rule 32 Proceedings.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

### C.    Evidentiary hearing – Petitioner's position:

An evidentiary hearing on Ground IV.D. is not precluded by 28 U.S.C. §2254(e)(2) because petitioner was not at fault for the lack of fact development during the state court proceedings. Petitioner believes an evidentiary hearing on this ground for relief will be necessary.

### D.    Discovery – Respondent's position:

#### 1.    The Sub-Claim That Trial Counsel Failed To Seek To Have Freeman's Neurological Functioning Examined.

Respondent's position is that the petitioner is not entitled to discovery on this claim.

#### 2.    The Sub-Claim That Freeman Was Denied Funds To Hire A Neuropsychologist In His Rule 32 Proceedings.

Respondent's position is that the petitioner is not entitled to discovery on this claim.

### D.    Discovery – Petitioner's position:

Petitioner believes discovery may be necessary as to this ground for relief.

**IV.E.  THE CLAIM THAT PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY TRIAL COUNSEL'S FAILURE TO INVESTIGATE, DEVELOP, AND PRESENT EVIDENCE OF PETITIONER'S BACKGROUND AND MENTAL HEALTH PROBLEMS IN A MANNER THAT WOULD HAVE ALLOWED THE JURY TO GIVE IT MITIGATING EFFECT.**

This claim is set forth in Ground IV.E. on pages 39-43 of the Petition for Writ of Habeas Corpus.

Respondent's position is that, in his federal habeas corpus petition, Petitioner Freeman divided this claim into two separate and distinct sub-claims.  Without prejudice to Petitioner's

position, in the Joint Report, the allegations set forth in the Petition under this claim will be identified by respondent as follows: Claims IV(E)(1) - (E)(2) and addressed separately.

Petitioner disagrees with respondent's assertion that Ground IV.E. involves two discrete "sub-claims," the second of which is comprised of three "sub-claims" of its own. Petitioner will therefore note his positions with respect to Ground IV.E. as it is has been pled in his Petition.

**A.      Procedural default – Respondent's position:**

**1.      The Sub-Claim That Trial Counsel Failed To Use Evidence Of Freeman's Background As Mitigation Evidence.**

The sub-claim that Freeman's trial counsel were ineffective for focusing on the insanity defense instead of using evidence of Freeman's background as mitigating evidence is set forth on pages 39-40 of Freeman's habeas corpus petition.

Respondent's position is that this claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted. While Freeman raised a general mitigation claim in his Rule 32 petition, he never raised this specific claim. In his Fourth Amended Rule 32 petition, Freeman's entire mental health argument was only one sentence, in which he alleged "trial counsel failed to present available evidence regarding petitioner's background and his mental health history to the jury in a manner which would have allowed the jury to give this evidence mitigating effect during the sentencing phase." 4th Amended Rule 32 Petition, at p. 7. Freeman never raised the present claim that "[f]ocusing exclusively on an ill-conceived effort to establish that petitioner was not guilty by reason of mental disease or defect, counsel squandered the mitigating value of the information about petitioner's background." Pet. at 40 (citations omitted). In fact, the Alabama Court of Criminal Appeals held that Freeman did not "allege in his petition what 'available evidence'

39

there was about his background or mental health history that his counsel did not present or what 'manner' he believes his counsel should have presented the unidentified evidence." *Freeman v. State*, CR-02-1971, mem. op. at 25 (Ala. Crim. App. June 17, 2005). A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.

Respondent's position is also this claim is defaulted because Freeman's one-sentence claim was dismissed by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3, 32.6(b) and 32.7(d) of the Alabama Rules of Criminal Procedure and is therefore procedurally defaulted from this Court's review. *Freeman v. State,* CR-02-1971, mem. op. at 15, 24-25 (Ala. Crim. App. June 17, 2005).

### 2. The Sub-Claim That Trial Counsel Failed To Hire Experts To Present Mitigating Evidence To The Jury.

The sub-claim that Freeman's trial counsel were ineffective for failing to present a mitigation investigator, social work, and a neuropsychologist at trial is set forth on pages 41-42 of Freeman's habeas corpus petition.

Respondent's position is that, in his federal habeas corpus petition, Petitioner Freeman divided this claim into three separate and distinct sub-claims. Without prejudice to Petitioner's position, in the Joint Report, the allegations set forth in the Petition under this claim will be identified by respondent as follows: Claims IV(E)(2)(a) - IV(E)(2)(c) and addressed separately.

### a. The Sub-Claim That Trial Counsel Failed To Present Mitigation Evidence From A Mitigation Investigator.

The sub-claim that Freeman's trial counsel were ineffective for failing to present mitigation evidence from a mitigation investigator at trial is set forth on pages 41-42 of Freeman's habeas corpus petition.

Respondent's position is that this claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted. While Freeman raised a general mitigation claim in his Rule 32 petition, he never raised this specific claim. In his Fourth Amended Rule 32 petition, Freeman's entire mental health argument was only one sentence, in which he alleged "trial counsel failed to present available evidence regarding petitioner's background and his mental health history to the jury in a manner which would have allowed the jury to give this evidence mitigating effect during the sentencing phase." 4th Amended Rule 32 Petition, at p. 7. Freeman never raised the present claim that "with the assistance of a mitigation investigator…trial counsel could have provided the jury with substantial evidence militating against a death sentence." Pet. at 41. In fact, Freeman never mentioned experts of any kind in his Rule 32 petition. A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.

Respondent's position is also that this claim is defaulted because Freeman did not raise it in his Rule 32 petition, but instead attempted to raise it for the first time in his Rule 32 appeal. Freeman's failure to raise this claim in his Rule 32 petition constitutes a procedural default under state law, which bars federal habeas review. Freeman first attempted to raise this claim on appeal from the dismissal of his Rule 32 petition. This claim was not considered by the Alabama Court of

Criminal Appeals because it was not properly before the court. *Freeman v. State,* CR-02-1971, mem. op. at 15, n.8 (Ala. Crim. App. June 17, 2005) ("those facts that Freeman includes in his brief that were not included in his original petition or any of his amended petitions cannot be considered by this Court.").

> **b.** **The Sub-Claim That Trial Counsel Failed To Present Mitigation Evidence From A Social Worker.**

The sub-claim that Freeman's trial counsel were ineffective for failing to present mitigation evidence from a social worker at trial is set forth on pages 41-42 of Freeman's habeas corpus petition.

Respondent's position is that this claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted. While Freeman raised a general mitigation claim in his Rule 32 petition, he never raised this specific claim. In his Fourth Amended Rule 32 petition, Freeman's entire mental health argument was only one sentence, in which he alleged "trial counsel failed to present available evidence regarding petitioner's background and his mental health history to the jury in a manner which would have allowed the jury to give this evidence mitigating effect during the sentencing phase." 4th Amended Rule 32 Petition, at p. 7. Freeman never raised the present claim that "with the assistance of a…social worker…trial counsel could have provided the jury with substantial evidence militating against a death sentence." Pet. at 41. In fact, Freeman never mentioned experts of any kind in his Rule 32 petition. A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not

have satisfied the exhaustion requirement.

Respondent's position is also that this claim is defaulted because Freeman did not raise it in his Rule 32 petition, but instead attempted to raise it for the first time in his Rule 32 appeal. Freeman's failure to raise this claim in his Rule 32 petition constitutes a procedural default under state law, which bars federal habeas review. Freeman first attempted to raise this claim on appeal from the dismissal of his Rule 32 petition. This claim was not considered by the Alabama Court of Criminal Appeals because it was not properly before the court. *Freeman v. State,* CR-02-1971, mem. op. at 15, n.8 (Ala. Crim. App. June 17, 2005) ("those facts that Freeman includes in his brief that were not included in his original petition or any of his amended petitions cannot be considered by this Court.").

### c. The Sub-Claim That Trial Counsel Failed To Present Mitigation Evidence From A Neuropsychologist.

The sub-claim that Freeman's trial counsel were ineffective for failing to present mitigation evidence from a neuropsychologist at trial is set forth on pages 41-42 of Freeman's habeas corpus petition.

Respondent's position is that this claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted. While Freeman raised a general mitigation claim in his Rule 32 petition, he never raised this specific claim. In his Fourth Amended Rule 32 petition, Freeman's entire mental health argument was only one sentence, in which he alleged "trial counsel failed to present available evidence regarding petitioner's background and his mental health history to the jury in a manner which would have allowed the jury to give this evidence mitigating effect during the sentencing phase." 4th Amended Rule 32 Petition, at p. 7. Freeman never raised the

43

present claim that "with the assistance of a…neuropsychologist…trial counsel could have provided the jury with substantial evidence militating against a death sentence." Pet. at 41. In fact, Freeman never mentioned experts of any kind in his Rule 32 petition. A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.

Respondent's position is also that this claim is defaulted because Freeman did not raise it in his Rule 32 petition, but instead attempted to raise it for the first time in his Rule 32 appeal. Freeman's failure to raise this claim in his Rule 32 petition constitutes a procedural default under state law, which bars federal habeas review. Freeman first attempted to raise this claim on appeal from the dismissal of his Rule 32 petition. This claim was not considered by the Alabama Court of Criminal Appeals because it was not properly before the court. *Freeman v. State,* CR-02-1971, mem. op. at 15, n.8 (Ala. Crim. App. June 17, 2005) ("those facts that Freeman includes in his brief that were not included in his original petition or any of his amended petitions cannot be considered by this Court.").

### A.    Procedural default – Petitioner's position:

Petitioner did fairly present this ground for relief to the state courts by alleging before those courts that counsel's performance in failing to investigate, develop and present mitigating evidence in a manner that would allow the jury to give it mitigating effect was constitutionally deficient and prejudicial, and by supplementing this allegation with his requests for funding, and through a proffer of facts that could have been presented had he been afforded necessary resources. Vol. 49, Tab R-57,

p. 7; Vol. 48, p. 174-176; Vol. 50, p. 402-408; Vol. 51, p. 42-44, 49-54; Vol. 53, Tab R-60, p. 39-45; Vol. 54, Tab R-64, p. 53-60. Alternatively, if this ground for relief is determined to be procedurally defaulted for lack of fair presentation, then petitioner can establish cause and prejudice to overcome the default. The basis for petitioner's showing of cause is that additional facts relating to his claim were not available without the resources counsel sought from, but was summarily denied by, the state courts. The basis for petitioner's showing of prejudice is that the constitutional violation alleged in Ground IV.E. has merit.

Additionally, this ground for relief is not procedurally defaulted because Rules 32.3 and 32.6(b), as applied by the Court of Criminal Appeals in petitioner's case, were (a) not independent of federal law, (b) inadequate to bar federal review, (c) unclear in the level of specificity they required, and (d) inconsistently applied. Alternatively, if this ground for relief is determined to be procedurally defaulted for non-compliance with Rules 32.3 and/or 32.6(b), then petitioner can establish cause and prejudice to overcome the default. The bases for petitioner's showing of cause are as follows: (a) at all times during which petitioner could have cured the alleged defects in his submissions, the Circuit Court consistently led petitioner to believe that his pleadings were sufficient; (b) the Circuit Court order denying relief – which was written entirely by counsel for respondent and adopted wholesale by the Circuit Court judge – contains no findings that petitioner's claims were denied on this ground; (c) respondent did not raise, and therefore waived, any allegation of insufficient specificity in its briefing to the Court of Criminal Appeals; (d) the Court of Criminal Appeals' *ex mero motu* reliance upon purported defects in petitioner's submissions to the Circuit Court violated fundamental principles of due process; and (e) the additional specificity described by the Court of Criminal Appeals could not have been supplied without access to expert and

investigative resources, which were properly requested by petitioner but summarily denied by the Circuit Court. The basis for petitioner's showing of prejudice is that the constitutional violation alleged in Ground IV.E. has merit.

**B.**    **Other grounds for preclusion – Respondent's position:**

    **1.**    **The Sub-Claim That Trial Counsel Failed To Use Evidence Of Freeman's Background As Mitigation Evidence.**

Not applicable.

    **2.**    **The Sub-Claim That Trial Counsel Failed To Hire Experts To Present Mitigating Evidence To The Jury.**

        **a.**    **The Sub-Claim That Trial Counsel Failed To Present Mitigation Evidence From A Mitigation Investigator.**

Not applicable.

        **b.**    **The Sub-Claim That Trial Counsel Failed To Present Mitigation Evidence From A Social Worker.**

Not applicable.

        **c.**    **The Sub-Claim That Trial Counsel Failed To Present Mitigation Evidence From A Neuropsychologist.**

Not applicable.

**B.**    **Other grounds for preclusion – Petitioner's position:**

Not applicable.

**C.**    **Evidentiary hearing – Respondent's position:**

    **1.**    **The Sub-Claim That Trial Counsel Failed To Use Evidence Of Freeman's Background As Mitigation Evidence.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

2. **The Sub-Claim That Trial Counsel Failed To Hire Experts To Present Mitigating Evidence To The Jury.**

    a. **The Sub-Claim That Trial Counsel Failed To Present Mitigation Evidence From A Mitigation Investigator.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

    b. **The Sub-Claim That Trial Counsel Failed To Present Mitigation Evidence From A Social Worker.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

    c. **The Sub-Claim That Trial Counsel Failed To Present Mitigation Evidence From A Neuropsychologist.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

C. **Evidentiary hearing – Petitioner's position:**

An evidentiary hearing on this ground for relief is not precluded by 28 U.S.C. §2254(e)(2) because petitioner was not at fault for the lack of fact development during the state court proceedings. Petitioner believes an evidentiary hearing on this ground for relief will be necessary.

D. **Discovery – Respondent's position:**

1. **The Sub-Claim That Trial Counsel Failed To Use Evidence Of Freeman's Background As Mitigation Evidence.**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

2. **The Sub-Claim That Trial Counsel Failed To Hire Experts To Present Mitigating Evidence To The Jury.**

    a. **The Sub-Claim That Trial Counsel Failed To Present**

**Mitigation Evidence From A Mitigation Investigator.**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

      **b.**      **The Sub-Claim That Trial Counsel Failed To Present Mitigation Evidence From A Social Worker.**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

      **c.**      **The Sub-Claim That Trial Counsel Failed To Present Mitigation Evidence From A Neuropsychologist.**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

**D.**      **Discovery – Petitioner's position:**

Petitioner believes discovery may be necessary as to this ground for relief.

**IV.F.**    **THE CLAIM THAT PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY TRIAL COUNSEL'S FAILURE TO INTRODUCE EVIDENCE OF PETITIONER'S ADAPTABILITY TO PRISON.**

This claim is set forth in Ground IV.F. on pages 44-46 of the Petition for Writ of Habeas Corpus.

Respondent's position is that, in his federal habeas corpus petition, Petitioner Freeman divided this claim into three separate and distinct sub-claims. Without prejudice to Petitioner's position, in the Joint Report, the allegations set forth in the Petition under this claim will be identified by respondent as follows: Claims IV(F)(1) - (F)(3) and addressed separately.

Petitioner disagrees with respondent's assertion that Ground IV.F. involves three discrete "sub-claims." Petitioner will therefore note his positions with respect to Ground IV.F. as it is has been pled in his Petition.

**A.**      **Procedural default – Respondent's position:**

### 1.    The Sub-Claim That Trial Counsel Failed To Submit Freeman's Prison Records To An Expert On Institutional Adaptability.

The sub-claim that Freeman's trial counsel were ineffective for failing to submit Freeman's institutional records to a "competent expert on institutional adaptability" is set forth on page 44 of Freeman's habeas corpus petition.

Respondent's position is that this claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted.  In his Fourth Amended Rule 32 petition, Freeman's entire adaptability argument was only one sentence, in which he alleged "trial counsel failed to investigate and introduce readily-available evidence of petitioner's good behavior in and adaptability to prison." 4th Amended Rule 32 Petition, at p. 7-8.  Freeman never raised the present claim that "trial counsel had in their possession petitioner's institutional records, but failed to submit them for review by a competent expert on institutional adaptability who could have utilized them in reaching a determination as to petitioner's adaptability to confinement, and testified on that issue before the jury."   Pet. at 44.  In fact, the Alabama Court of Criminal Appeals held that "[a]gain Freeman failed to allege what evidence he believes his counsel should have presented in this regard. He made no factual allegations whatsoever regarding what his behavior was in prison or how he adapted to prison life." *Freeman v. State*, CR-02-1971, mem. op. at 25 (Ala. Crim. App. June 17, 2005).  Additionally, Freeman made no mention of presenting evidence of his adaptability to an expert.  A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition.  Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.

Respondent's position is also this claim is defaulted because it was not raised in Freeman's Rule 32 petition or Rule 32 appeal.   Freeman's failure to raise this claim in his Rule 32 proceedings constitutes a procedural default under state law, which bars federal habeas review.

**2.      The Sub-Claim That Freeman Was Denied Funds To Hire A Risk Assessment Expert During His Rule 32 Proceedings.**

The sub-claim that Freeman was denied funds to hire a "qualified risk assessment expert" during his Rule 32 proceedings is set forth on page 44 of Freeman's habeas corpus petition.

Respondent's position is that procedural default is not applicable to this claim.

**3.      The Sub-Claim That Trial Counsel Failed To Submit Freeman's Prison Records To The Jury.**

The sub-claim that Freeman's trial counsel were ineffective for failing to "present any evidence from which the jury could infer that petitioner's positive behavior in prison indicated that he would not pose a safety risk if sentenced to life rather than death" is set forth on pages 44-45 of Freeman's habeas corpus petition.

Respondent's position is that this claim is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule.  The claim that Freeman's trial counsel failed to introduce evidence of petitioner's good behavior in and adaptability to prison was rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded.  *Freeman v. State,* CR-02-1971, mem. op. at 15, 25 (Ala. Crim. App. June 17, 2005).  This claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds.

**A.      Procedural default – Petitioner's position:**

50

Petitioner did fairly present this ground for relief to the state courts by alleging before those courts that counsel's performance in failing to present evidence of petitioner's adaptability to confinement was constitutionally deficient and prejudicial, and by supplementing this allegation with his requests for funding, and through a proffer of facts that could have been presented had he been afforded necessary resources. Vol. 49, Tab R-57, p. 7-8; Vol. 48, p. 176-177; Vol. 50, p. 408-409; Vol. 51, p. 54; Vol. 53, Tab R-60, p. 45-47; Vol. 54, Tab R-64, p. 60-63. Alternatively, if this ground for relief is determined to be procedurally defaulted for lack of fair presentation, then petitioner can establish cause and prejudice to overcome the default. The basis for petitioner's showing of cause is that additional facts relating to his claim were not available without the resources counsel sought from, but was summarily denied by, the state courts. The basis for petitioner's showing of prejudice is that the constitutional violation alleged in Ground IV.F. has merit.

Additionally, this ground for relief is not procedurally defaulted because Rules 32.3 and 32.6(b), as applied by the Court of Criminal Appeals in petitioner's case, were (a) not independent of federal law, (b) inadequate to bar federal review, (c) unclear in the level of specificity they required, and (d) inconsistently applied. Alternatively, if this ground for relief is determined to be procedurally defaulted for non-compliance with Rules 32.3 and 32.6(b), then petitioner can establish cause and prejudice to overcome the default. The bases for petitioner's showing of cause are as follows: (a) at all times during which petitioner could have cured the alleged defects in his submissions, the Circuit Court consistently led petitioner to believe that his pleadings were sufficient; (b) the Circuit Court order denying relief – which was written entirely by counsel for respondent and adopted wholesale by the Circuit Court judge – contains no findings that petitioner's

51

claims were denied on this ground; (c) respondent did not raise, and therefore waived, any allegation of insufficient specificity in its briefing to the Court of Criminal Appeals; (d) the Court of Criminal Appeals' *ex mero motu* reliance upon purported defects in petitioner's submissions to the Circuit Court violated fundamental principles of due process; and (e) the additional specificity described by the Court of Criminal Appeals could not have been supplied without access to expert assistance, which was properly requested by petitioner but summarily denied by the Circuit Court. The basis for petitioner's showing of prejudice is that the constitutional violation alleged in Ground IV.F. has merit.

> ### B.    Other grounds for preclusion – Respondent's position:
>
> #### 1.    The Sub-Claim That Trial Counsel Failed To Submit Freeman's Prison Records To An Expert On Institutional Adaptability.

Not applicable.

> #### 2.    The Sub-Claim That Freeman Was Denied Funds To Hire A Risk Assessment Expert During His Rule 32 Proceedings.

This sub-claim does not state a claim for relief because there is no federal right to expert assistance in state post-conviction proceedings. This claim raises only an issue of state law – whether the state courts correctly applied precedent from the Supreme Court of Alabama. Federal courts may grant relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also* 28 U.S.C. § 2241(c)(3). Because this claim does not present this Court with an issue of constitutional or federal law, this Court is without jurisdiction to review that claim.

> #### 3.    The Sub-Claim That Trial Counsel Failed To Submit Freeman's Prison Records To The Jury.

Not applicable.

**B.    Other grounds for preclusion – Petitioner's position:**

No other grounds for preclusion are applicable to Ground IV.F. as a whole.  Petitioner did not raise the "sub-claim" IV.F.(2) formulated by respondent as an independent ground for federal habeas relief, and does not contest respondent's observation that a state court's denial of resources necessary to the development and presentation of evidence is not, by itself, an actionable claim for relief under §§2241 or 2254.

**C.    Evidentiary hearing – Respondent's position:**

> **1.    The Sub-Claim That Trial Counsel Failed To Submit Freeman's Prison Records To An Expert On Institutional Adaptability.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

> **2.    The Sub-Claim That Freeman Was Denied Funds To Hire A Risk Assessment Expert During His Rule 32 Proceedings.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

> **3.    The Sub-Claim That Trial Counsel Failed To Submit Freeman's Prison Records To The Jury.**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

**C.    Evidentiary hearing – Petitioner's position:**

An evidentiary hearing on this ground for relief is not precluded by 28 U.S.C. §2254(e)(2) because petitioner was not at fault for the lack of fact development during the state court

proceedings.  Petitioner believes an evidentiary hearing on this ground for relief will be necessary.

**D.    Discovery – Respondent's position:**

**1.    The Sub-Claim That Trial Counsel Failed To Submit Freeman's Prison Records To An Expert On Institutional Adaptability.**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

**2.    The Sub-Claim That Freeman Was Denied Funds To Hire A Risk Assessment Expert During His Rule 32 Proceedings.**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

**3.    The Sub-Claim That Trial Counsel Failed To Submit Freeman's Prison Records To The Jury.**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

**D.    Discovery – Petitioner's position:**

Petitioner believes discovery will be necessary as to this ground for relief.

**V.    THE CLAIM THAT PETITIONER'S RIGHT TO A FAIR SENTENCING PROCEEDING AS GUARANTEED BY THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WAS VIOLATED BY THE ADMISSION OF UNRELIABLE AND MATERIALLY INACCURATE EVIDENCE.**

This claim is set forth in Ground V on pages 46-48 of the Petition for Writ of Habeas Corpus.

**A.    Procedural default – Respondent's position:**

Respondent's position is that this claim is procedurally defaulted from this Court's review because Freeman did not raise this claim at trial.  Freeman's failure to raise this claim at trial was a procedural default under state law, which bars consideration of this claim on federal habeas corpus review.  Alabama law precludes collateral review of issues that could have been but were not raised at trial.  Ala. R. Crim. P. 32.2(a)(3).

Respondent's position is also that this claim is defaulted because it was not raised on direct

54

appeal.  Freeman's failure to raise this claim on direct appeal was a procedural default under state law, which bars federal habeas corpus review of this claim.  Alabama law precludes collateral review of issues that could have been but were not raised on direct appeal.  Ala. R. Crim. P. 32.2(a)(5).

Respondent's position is also that this claim is defaulted because it was procedurally defaulted under state law.  Petitioner Freeman raised this claim in his Rule 32 petition and the Rule 32 Court found that this claim was procedurally defaulted from its review because Freeman could have but did not raise it during his trial or direct appeal, pursuant to Rules 32.2(a)(3) and (5) of the Alabama Rules of Criminal Procedure.  *Freeman v. State*, CC 88-1416.60-EWR, Order at 8 (Montgomery County Circuit Court June 25, 2003).  Freeman's failure to raise this claim at trial or on direct appeal was a procedural default under state law, which bars consideration of this claim on federal habeas corpus review.

Finally, respondent's position is that this claim is defaulted because it was not fairly presented to the state courts and has therefore not been exhausted.  In his Fourth Amended Rule 32 petition, Freeman argued that the admission of the odontology testimony violation "petitioner's right to a fair trial as guaranteed by the *Fifth* and Fourteenth Amendments," whereas in his present petition, Freeman claims that the admission of the odontology testimony violates "petitioner's right to a fair sentencing proceeding as guaranteed by the *Eighth* and Fourteenth Amendments."  4th Amended Rule 32 Petition, at p. 10; Pet. at p. 49-50 (emphasis added).  A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition.  Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.

**A.       Procedural default – Petitioner's position:**

This ground for relief is not procedurally defaulted because it depends upon evidence outside the trial record, such that it could not have been raised at trial on or direct appeal, and therefore falls outside the purview of Rule 32.2(a)(3) and (5).

Additionally, this ground for relief was fairly presented to the state courts. While respondent is correct that petitioner's Fourth Amended Rule 32 Petition does contain a Fifth Amendment challenge to the admission of the forensic odontology testimony, *see* Vol. 49, Tab R-57, p. 10, the petition also contains an additional challenge to the same testimony which expressly references the Eighth Amendment, and cites *Johnson v. Mississippi*, 486 U.S. 578, 590 (1988), as the source of the governing rule, Vol. 49, Tab R-57, p. 11-12.

**B.       Other grounds for preclusion – Respondent's position:**

Not applicable.

**B.       Other grounds for preclusion – Petitioner's position:**

Not applicable.

**C.       Evidentiary hearing – Respondent's position:**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

**C.       Evidentiary hearing – Petitioner's position:**

An evidentiary hearing on this ground for relief is not precluded by 28 U.S.C. §2254(e)(2) because petitioner was not at fault for the lack of fact development during the state court proceedings. However, petitioner's position with regard to whether an evidentiary hearing is necessary cannot be formulated until additional investigation has been completed.

**D.    Discovery – Respondent's position:**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

**D.    Discovery – Petitioner's position:**

Petitioner believes discovery may be necessary as to this ground for relief.

**VI.    THE CLAIM THAT PETITIONER'S RIGHT TO THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WAS VIOLATED AS A RESULT OF APPELLATE COUNSEL'S FAILURE TO CHALLENGE THE ADMISSION INTO EVIDENCE OF THE PRIOR TRIAL TESTIMONY OF WITNESS FRANCIS BOOZER.**

This claim is set forth in Ground VI on pages 48-53 of the Petition for Writ of Habeas Corpus.

**A.    Procedural default – Respondent's position:**

Respondent's position is that this claim is barred because it was not fairly presented to the state courts and has therefore not been exhausted.  While Freeman raised a general ineffective assistance of appellate counsel claim in his Rule 32 petition, he never raised this specific claim.  In his Fourth Amended Rule 32 petition, Freeman's entire argument was only two sentences, in which he alleged "[t]he record on appeal reveals that the State was permitted to introduce the prior testimony of an allegedly unavailable witness, Francis Boozer, over the objection of defense counsel.  Had appellate counsel raised and argued this error, there is a reasonable probability that the result of petitioner's direct appeal would have been different."  4th Amended Rule 32 Petition, at p. 16.  Freeman never raised the present claim that the State was not diligent in its effort to locate Ms. Boozer or that the prosecution's argument that an out-of-state witness is per se unavailable was wrong.  Pet. at p. 49-50.  Nor did Freeman raise the claim that Boozer's testimony "probably injuriously affected [his] substantial rights."  Pet. at p. 51.  A petitioner must have afforded the state

57

courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition.  Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.

Respondent's position is also that this claim is defaulted because Freeman did not raise it in his Rule 32 petition, but instead attempted to raise it for the first time in his Rule 32 appeal. Freeman's failure to raise this claim in his Rule 32 petition constitutes a procedural default under state law, which bars federal habeas review.  Freeman first raised the claim that his appellate trial counsel failed to raise the claim that the state did not meet its burden of demonstrating due diligence with respect to locating Boozer on appeal from the dismissal of his Rule 32 petition. This claim was not considered by the Alabama Court of Criminal Appeals because it was not properly before the court.  *Freeman v. State,* CR-02-1971, mem. op. at 15, n.8 (Ala. Crim. App. June 17, 2005) ("those facts that Freeman includes in his brief that were not included in his original petition or any of his amended petitions cannot be considered by this Court.").

A.    **Procedural default – Petitioner's position:**

Petitioner did fairly present this ground for relief to the state courts by alleging before those courts that appellate counsel's failure to challenge the trial court's finding that Boozer was unavailable was constitutionally deficient and prejudicial.  Vol. 49, Tab R-57, p. 16; Vol. 53, Tab R-60, p. 62-65; Vol. 54, Tab R-64, p. 77-81.

Additionally, this ground for relief is not procedurally defaulted because Rules 32.3 and 32.6(b), as applied by the Court of Criminal Appeals in petitioner's case, were (a) not independent of federal law, (b) inadequate to bar federal review, (c) unclear in the level of specificity they

58

required, and (d) inconsistently applied. Alternatively, if this ground for relief is determined to be procedurally defaulted for non-compliance with Rules 32.3 and/or 32.6(b), then petitioner can establish cause and prejudice to overcome the default. The bases for petitioner's showing of cause are as follows: (a) at all times during which petitioner could have cured the alleged defects in his submissions, the Circuit Court consistently led petitioner to believe that his pleadings were sufficient; (b) the Circuit Court order denying relief – which was written entirely by counsel for respondent and adopted wholesale by the Circuit Court judge – contains no findings that petitioner's claims were denied on this ground; (c) respondent did not raise, and therefore waived, any allegation of insufficient specificity in its briefing to the Court of Criminal Appeals; and (d) the Court of Criminal Appeals' *ex mero motu* reliance upon purported defects in petitioner's submissions to the Circuit Court violated fundamental principles of due process. The basis for petitioner's showing of prejudice is that the constitutional violation alleged in Ground VI has merit.

**B.      Other grounds for preclusion – Respondent's position:**

Not applicable.

**B.      Other grounds for preclusion – Petitioner's position:**

Not applicable.

**C.      Evidentiary hearing – Respondent's position:**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

**C.      Evidentiary hearing – Petitioner's position:**

Petitioner does not believe an evidentiary hearing is necessary as to this ground for relief.

**D.      Discovery – Respondent's position:**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

**D.     Discovery – Petitioner's position:**

Petitioner does not believe discovery is necessary as to this ground for relief.

**VII.   THE CLAIM THAT THE PROSECUTION'S MISUSE OF VICTIM IMPACT EVIDENCE DURING ARGUMENTS AT BOTH PHASES OF THE TRIAL VIOLATED PETITIONER'S RIGHTS AS GUARANTEED BY THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

This claim is set forth in Ground VII on pages 53-57 of the Petition for Writ of Habeas Corpus.

**A.     Procedural default – Respondent's position:**

Respondent's position is that this claim was raised on direct appeal in the Alabama Court of Criminal Appeals and denied on the merits.  Because this claim was adjudicated on the merits in state court and because Petitioner Freeman has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, federal habeas relief cannot be granted on this claim.

**A.     Procedural default – Petitioner's position:**

This ground for relief is not procedurally defaulted.   The limitation on habeas relief prescribed in 28 U.S.C. §2254(d) and referenced by respondent above is not a basis for a finding of procedural default in a federal habeas corpus proceeding, and is therefore irrelevant for purposes of this Joint Report.

**B.     Other grounds for preclusion – Respondent's position:**

Respondent's position is that under 28 U.S.C. §2254(e)(1), the state court factfindings must

be presumed correct.

**B.  Other grounds for preclusion – Petitioner's position:**

The statutory presumption of correctness set forth in 28 U.S.C. §2254(e)(1) and referenced by respondent above is not a basis for the preclusion of claims or issues in a federal habeas corpus proceeding, and is therefore irrelevant for purposes of this Joint Report.

**C.  Evidentiary hearing – Respondent's position:**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

**C.  Evidentiary hearing – Petitioner's position:**

Petitioner does not believe an evidentiary hearing is necessary as to this ground for relief.

**D.  Discovery – Respondent's position:**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

**D.  Discovery – Petitioner's position:**

Petitioner does not believe discovery is necessary as to this ground for relief.

**VIII.  THE CLAIM THAT PETITIONER'S RIGHT TO TRIAL BY JURY, AND TO HAVE A JURY DETERMINE ALL FACTS ESSENTIAL TO THE IMPOSITION OF THE PUNISHMENT HE RECEIVED, AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, WAS VIOLATED WHEN THE TRIAL JUDGE, RATHER THAN THE JURY, DETERMINED THE FACTS NECESSARY TO INCREASE HIS SENTENCE FROM LIFE WITHOUT PAROLE TO DEATH.**

This claim is set forth in Ground VIII on pages 58-61 of the Petition for Writ of Habeas Corpus.

**A.  Procedural default – Respondent's position:**

Respondent's position is that this claim is procedurally defaulted from this Court's review

because Freeman did not raise this claim at trial. Freeman's failure to raise this claim at trial was a procedural default under state law, which bars consideration of this claim on federal habeas corpus review. Alabama law precludes collateral review of issues that could have been but were not raised at trial. Ala. R. Crim. P. 32.2(a)(3).

Respondent's position is also that this claim is defaulted because it was not raised on direct appeal. Freeman's failure to raise this claim on direct appeal was a procedural default under state law, which bars federal habeas corpus review of this claim. Alabama law precludes collateral review of issues that could have been but were not raised on direct appeal. Ala. R. Crim. P. 32.2(a)(5).

Respondent's position is also that this claim is defaulted because the Rule 32 Court denied any *Ring* claim on the merits. *Freeman v. State*, CC 88-1416.60-EWR, Order (Montgomery County Circuit Court June 25, 2003), aff'd *Freeman v. State,* CR-02-1971, mem. op. at 29-30 (Ala. Crim. App. June 17, 2005). Because this claim was adjudicated on the merits in state court and because Petitioner Hammonds has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, federal habeas relief cannot be granted on this claim.

### A.    Procedural default – Petitioner's position:

This ground for relief is not procedurally defaulted. The Alabama Court of Criminal Appeals rejected the Circuit Court's denial of this claim on procedural grounds, reached the merits itself, and gave no indication that its denial of relief rested on an adequate or independent state ground. Vol. 55, Tab R-73, p. 28-29.

### B.    Other grounds for preclusion – Respondent's position:

Respondent's position is that this claim is precluded because it fails to state a claim for relief.

To the extent that Freeman is attempting to benefit from the rule announced in *Ring v. Arizona*, 536 U.S. 584, 602 (2002), it is well settled law that *Ring* does not apply retroactively to cases which were finalized prior to its release. As Freeman points out, his conviction was finalized when the United States Supreme Court denied his petition certiorari review on direct appeal on October 29, 2000, nearly two years before *Ring* was decided. To the extent that Freeman is relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court in *Apprendi* specifically stated that its holding did not invalidate capital sentencing schemes involving in which judges decided aggravating factors, leaving its holding in *Walton v. Arizona*, 497 U.S. 639, 647-649 (1990) (rejecting the argument that the jury, as opposed to the judge, is constitutionally required to determine the existence of aggravating and mitigating circumstances). *Walton*, which was not overturned until the Court's *Ring* decision, was still the law when Freeman's conviction was finalized in 2000. Therefore, because *Ring* is not retroactive and *Walton* was the controlling law at the time of Freeman's conviction and death sentence, this claim fails to state a claim under federal law. Federal habeas corpus relief is available only to person held in custody "in violation of the Constitution or law or treaties of the United States." 28 U.S.C. §2254(a).

Furthermore, Respondent's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

### B.    Other grounds for preclusion – Petitioner's position:

Ground VIII does state a claim for relief by alleging that petitioner's Sixth Amendment rights were violated. Petitioner does not seek the benefit of a retroactive new rule. Rather, he relies upon the Supreme Court's Sixth Amendment jurisprudence as it stood at the time his conviction and sentence became final on direct appeal. Contrary to respondent's assertions, the Supreme Court has

yet to determine whether *Ring v. Arizona*, *supra*, announced a new rule relative to *Apprendi v. New Jersey*, *supra*.  Petitioner's position is that it did not, such that he is permitted to rely upon *Apprendi* to support his claim for relief.

The statutory presumption of correctness set forth in 28 U.S.C. §2254(e)(1) and referenced by respondent above is not a basis for the preclusion of claims or issues in a federal habeas corpus proceeding, and is therefore irrelevant for purposes of this Joint Report.

**C.     Evidentiary hearing – Respondent's position:**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

**C.     Evidentiary hearing – Petitioner's position:**

Petitioner does not believe an evidentiary hearing is necessary as to this ground for relief.

**D.     Discovery – Respondent's position:**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

**D.     Discovery – Petitioner's position:**

Petitioner does not believe discovery is necessary as to this ground for relief.

**IX.     THE CLAIM THAT PETITIONER IS CATEGORICALLY INELIGIBLE FOR EXECUTION PURSUANT TO THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BECAUSE HE IS MENTALLY RETARDED.**

This claim is set forth in Ground IX on pages 61-63 of the Petition for Writ of Habeas Corpus.

Respondent's position is that, in his federal habeas corpus petition, Petitioner Freeman divided this claim into two separate and distinct sub-claims.  Without prejudice to Petitioner's position, in the Joint Report, the allegations set forth in the Petition under this claim will be

identified by respondent as follows: Claims IX(A) - (B) and addressed separately.

Petitioner disagrees with respondent's assertion that Ground IX. involves two discrete "sub-claims." Petitioner will therefore note his positions with respect to Ground IX as it is has been pled in his Petition.

### A.    Procedural default – Respondent's position:

### A.    The Sub-Claim That Freeman Is Mentally Retarded.

The claim that Freeman is mentally retarded is set forth in section IX(A) on pages 61-62 of Freeman's habeas corpus petition.

Respondent's position is that this claim was raised in Freeman's Rule 32 proceedings and denied on the merits. *Freeman v. State*, CC 88-1416.60-EWR, Order at 10-11 (Montgomery County Circuit Court June 25, 2003); *Freeman v. State,* CR-02-1971, mem. op. at 29-30 (Ala. Crim. App. June 17, 2005). Because this claim was adjudicated on the merits in state court and because Petitioner Hammonds has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, federal habeas relief cannot be granted on this claim.

### B.    The Sub-Claim That Freeman Was Denied Funds For A "Qualified Expert" In His Rule 32 Proceedings.

The sub-claim that Freeman was denied funds "to hire a qualified expert to conduct the analyses and testing necessary to determine whether petitioner is mentally retarded" (Pet. at 62), is set forth on page 62-63 of Freeman's habeas corpus petition.

Respondent's position is that procedural default is not applicable to this claim.

### A.    Procedural default – Petitioner's position:

Ground IX is not procedurally defaulted. The limitation on habeas relief prescribed in 28 U.S.C. §2254(d) and referenced by respondent above is not a basis for a finding of procedural default in a federal habeas corpus proceeding, and is therefore irrelevant for purposes of this Joint Report.

**B.      Other grounds for preclusion – Respondent's position:**

**A.      The Sub-Claim That Freeman Is Mentally Retarded.**

Respondent's position is that under 28 U.S.C. §2254(e)(1), the state court factfindings must be presumed correct.

**B.      The Sub-Claim That Freeman Was Denied Funds For A "Qualified Expert" In His Rule 32 Proceedings.**

This sub-claim does not state a claim for relief because there is no federal right to expert assistance in state post-conviction proceedings. This claim raises only an issue of state law -- whether the state courts correctly applied precedent from the Supreme Court of Alabama. Federal courts may grant relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also* 28 U.S.C. § 2241(c)(3). Because this claim does not present this Court with an issue of constitutional or federal law, this Court is without jurisdiction to review that claim.

**B.      Other grounds for preclusion – Petitioner's position:**

The statutory presumption of correctness set forth in 28 U.S.C. §2254(e)(1) and referenced by respondent above is not a basis for the preclusion of claims or issues in a federal habeas corpus proceeding, and is therefore irrelevant for purposes of this Joint Report. Petitioner did not raise the "sub-claim" IX.B. formulated by respondent as an independent ground for federal habeas relief, and does not contest respondent's observation that a state court's denial of resources necessary to the

development and presentation of evidence is not, by itself, an actionable claim for relief under §§2241 or 2254.

**C.      Evidentiary hearing – Respondent's position:**

Respondent's position is that the petitioner is not entitled to an evidentiary hearing on this claim.

**C.      Evidentiary hearing – Petitioner's position:**

An evidentiary hearing on this ground for relief is not precluded by 28 U.S.C. §2254(e)(2) because petitioner was not at fault for the lack of fact development during the state court proceedings.  Petitioner believes an evidentiary hearing on this ground for relief will be necessary.

**D.      Discovery – Respondent's position:**

Respondent's position is that the petitioner is not entitled to discovery on this claim.

**D.      Discovery – Petitioner's position:**

Petitioner believes discovery may be necessary as to this ground for relief.

Respectfully submitted,

/s/ Keir M. Weyble                                    /s/ Cheryl Ann Schuetze
  Blume Weyble & Norris, LLC                            Assistant Attorney General
  P.O. Box 11744                                        Office of the Attorney General
  Columbia, SC  29211                                   11 South Union Street
  Tel: 803-765-1044                                     Montgomery, AL  36104
  Fax: 803-765-1143                                     Tel: 334-242-2021
                                                        Fax: 334-353-3637
/s/ Christopher Seeds
  P.O. Box 6725                                       *Counsel for Respondent.*
  FDR Station
  New York, NY  10150
  (917) 837-6760

/s/ Robin Konrad
  Assistant Federal Defender
  Federal Defenders, Middle District of Alabama                          .
  201 Monroe Street
  407 The RSA Tower
  Montgomery, AL  36104
  Tel: 334-834-2099
  Fax: 334-834-0353


  *Counsel for Petitioner.*



June 23, 2006

68