IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DAVID FREEMAN ) | |
|         *Petitioner*, ) | |
| ) | |
| v. ) | Civil Action No. 2:06CV122-MHT-VPM |
| ) | |
| RICHARD F. ALLEN, Commissioner, ) | |
| Alabama Department of Corrections, ) | |
|         *Respondent*. ) | |

**MOTION FOR DISCOVERY**

Petitioner, David Freeman, by and through undersigned counsel, and pursuant to Rule 6 of the Rules Governing Section 2254 Cases and other applicable law, hereby respectfully requests that this Court grant him discovery to the extent and for the reasons set forth below.

    I.     **Relevant legal principles.**

Pursuant to Rule 6 of the Rules Governing Section 2254 Cases (hereinafter "Habeas Rules"), "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . ." Rule 6(a), Rules Governing Section 2254 Cases. "Good cause" exists where the petitioner (1) makes credible allegations of a constitutional violation, and (2) the requested discovery will enable the petitioner to investigate and prove his claims. *See Bracy v. Gramley*, 520 U.S. 899, 904, 908-909 (1997); *see also McDaniel v. U.S. Dist. Court for the Dist. of Nevada (Jones)*, 127 F.3d 886, 888 (9th Cir. 1997) (citing *Harris v. Nelson*, 394 U.S. 286, 299 (1969)) ("[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry"). Additionally, the

1

Supreme Court has suggested that district courts consider authorizing discovery before deciding whether an evidentiary hearing is appropriate whenever the claim on which discovery is sought is not so "palpably incredible' [or] 'patently frivolous or false' as to warrant summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 76, 82-83 (1977) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). In fact, Rule 6 warrants discovery "when[ever] it would help the court make a reliable determination with respect to the prisoner's claim." *Herrera v. Collins*, 506 U.S. 390, 444 (1993) (Blackmun, J., dissenting on other grounds).

In addition to Rule 6, the Eleventh Circuit has indicated that the limitation on a federal court's authority to grant an evidentiary hearing set forth un 28 U.S.C. §2254(e)(2) also applies when a habeas petitioner requests discovery. *See Isaacs v. Head*, 300 F.3d 1232, 1248-1249 (11th Cir. 2002). That provision states, in pertinent part, that "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant" meets one of two exceptions not implicated by this case. In (*Michael*) *Williams v. Taylor*, 529 U.S. 420 (2000), the Supreme Court held that "[u]nder the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams*, 529 U.S. at 432; *see also id.* at 435 ("Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend . . . upon whether those efforts could have been successful"); *id.* at 443 ("We do not suggest that the State has an obligation to pay for investigation of as yet undeveloped claims; but if the prisoner has made a reasonable effort to discover the claims to commence or continue state proceedings, §2254(e)(2) will not bar him from

2

developing them in federal court"). As will be described further below, petitioner's discovery requests in this proceeding are not foreclosed by §2254(e)(2).

A district court may authorize discovery "at any time in the proceedings, when the court considers that it is necessary to do so in order that a fair and meaningful evidentiary hearing may be held . . . before or in conjunction with the hearing . . ." *Harris*, 394 U.S. at 300[1] (setting forth standards for discovery under All Writs Act, 28 U.S.C. §1651).[2] "Because habeas corpus discovery is designed to aid courts in determining the validity of the petitioner's claims, it often can add – and may in fact be indispensable – to the reliability of habeas corpus proceedings in capital cases. For this reason, liberal use of discovery is appropriate in such cases." RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE 526 (4th ed. 2001).

Because this is a death penalty case, discovery is necessary to insure that extra measure of process which is demanded in capital cases. *See, e.g., See Beck v. Alabama*, 447 U.S. 625, 637 (1980); *Lockett v. Ohio*, 438 U.S. 586, 604 (1978) (plurality opinion) ("'[T]he penalty of death is qualitatively different' from any other sentence . . . We are satisfied that this qualitative difference

---

[1]*Harris v. Nelson* disclaimed the notion that "district judges are without power to enter necessary orders in the absence of rules," while noting that "the rulemaking machinery should be invoked to formulate rules of practice with respect to federal habeas corpus . . . proceedings." 394 U.S. at 300 n.7. Habeas Rule 6 was thus subsequently adopted. In stating that Habeas Rule 6(a) is "consistent with *Harris v. Nelson*," however, the Advisory Committee Note indicates that Habeas Rule 6 was not designed to supplant the district courts' inherent powers under *Harris* and §1651, but rather to provide practical, enforceable guidelines for discovery in habeas. *See Gilday v. Callahan*, 99 F.R.D. 308, 309 (D. Mass. 1983) ("[T]he Advisory Committee Note of Rule 6 renders [the] Rule consistent with the strict and well reasoned interpretation supplied by *Harris*.") The All Writs Act thus remains viable to the extent it permits potentially broader discovery procedures than those of Habeas Rule 6.

[2]Under the All Writs Act, 28 U.S.C. §1651(a), "The Supreme Court and all courts established by Act of Congress may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

between death and other penalties calls for a greater degree of reliability when the death sentence is imposed.") (quoting *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976)); *Wilson v. Butler*, 825 F.2d 879, 883 (5th Cir. 1987) ("[I]f death is involved, the petitioner should be presented every opportunity possible . . . to present facts relevant to his constitutional claims"). Congress's recognition of this important interest is reflected in the Anti-Drug Abuse Act of 1988, which provides for the appointment of counsel and the use of investigative and experts services in capital habeas corpus cases. *See* 21 U.S.C. §848(q).

The availability of discovery and/or an evidentiary hearing extends to claims that may be procedurally barred, if only to evaluate whether the procedural bar can be overcome. *See Cristin v. Brennan*, 281 F.3d 404, 416-17 (3d Cir. 2002) ("[W]e are aware of no case in which either the *Keeney* standard or its successor, §2254(e)(2), has been employed to limit whether an evidentiary hearing was available to evaluate whether a petitioner's procedural default may be excused"); *Williams, IV v. Turpin*, 87 F.3d 1204, 1211 (11th Cir. 1996) ("[B]efore denying him an evidentiary hearing on the new evidence, the district court should have determined whether [petitioner's] newly proffered evidence was sufficient to support a finding of cause and prejudice"). Otherwise, evidence of cause and prejudice or miscarriage of justice would never be discovered. *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (petitioner is entitled to a hearing on cause and prejudice); *see also Amrine v. Bowersox*, 128 F.3d 1222, 1228-29 (8th Cir. 1997) (petitioner is entitled to a hearing on miscarriage of justice).

Where a respondent invokes a procedural bar, the federal court should permit factual development in order to facilitate "an independent determination" of the "federal questions" inherent in an assessment of the existence of cause and prejudice sufficient to warrant merits review. *Johnson*

*v. Mississippi*, 486 U.S. 578, 587 (1988). Because an evidentiary hearing for the limited purpose of determining the existence of cause and prejudice to overcome a default does not implicate §2254(e)(2), that provision would likewise have no effect on a petitioner's entitlement to discovery necessary to the development of a showing of cause and prejudice. *See, e.g., Cristin, supra.*

Thus, because this Court has yet to receive any briefing or make any findings with regard to procedural default, the defenses invoked by respondent do not bar discovery. On the contrary, if anything, respondent's invocations of procedural default only serve to expand the scope of discovery to include not only the underlying issues, but also evidence supporting "cause" excusing possible failures to properly raise substantive issue in state court. In this case, petitioner has made credible allegations of constitutional violations for which discovery is necessary in order to further investigate and prove his claims. Petitioner's specific requests for discovery are set forth below.

**II.     Specific requests for discovery.**

**A.     Records pertaining to petitioner.**

In Grounds IV.D. and IV.F. of his Petition, petitioner has alleged that trial counsel were constitutionally ineffective for failing to develop and present evidence of his neurological impairments (Ground IV.D.) and his adaptability to confinement (Ground IV.F.). In order to fully investigate the facts relating to petitioner's neurological condition and adaptability to confinement and prepare the evidence to be presented in support of these allegations, petitioner must have access to records pertaining to him generated and/or maintained by the state agencies responsible for his housing, medical and mental health care. Petitioner sought and received authorization to obtain such records during the state post-conviction proceedings, and has therefore been diligent for purposes of §2254(e)(2). *See* Vol. 48, Tab R-52, p. 165. Additionally, because petitioner did obtain the

5

records in these categories as they existed through approximately May 2002, his request for discovery before this Court seeks only to update those records from that time through the present. Specifically, petitioner requests authorization to seek the following:

> All records pertaining to David Freeman generated or maintained on or after May 1, 2002 by the Alabama Department of Corrections, including but not limited to, disciplinary records, medical records, psychological, psychiatric, and mental health records, and any other records generated or maintained by any prison, medical facility or any other entity associated with the Alabama Department of Corrections, including but not limited to, Holman State Prison, Taylor Hardin Secure Medical Facility, and Bryce Medical Facility.

Current records in these categories are essential to petitioner's ability to properly inform and consult with experts in the fields of neuropsychology and adaptability to confinement, and to prepare such witnesses for possible testimony at an evidentiary hearing on the allegations set forth in the Petition. For these reasons, petitioner submits that he has demonstrated "good cause" for discovery of the materials described above, and is therefore entitled to an order authorizing him to seek such materials from the appropriate state agencies.

> **B.   Items in the custody of the Alabama Department of Forensic Sciences.**

In Ground IV.B. of his Petition, petitioner has alleged that trial counsel were constitutionally ineffective for failing to challenge certain claims made by the prosecution's forensic odontologist, Dr. Michael O'Brien. In order to fully and properly develop the facts establishing counsel's deficiencies in this regard, and the prejudice caused by those deficiencies, petitioner must have access to the documents and tangible items created and/or used by Dr. O'Brien. While petitioner received authorization to inspect these items during the state post-conviction proceedings, his request for the expert assistance necessary for an informed inspection was summarily denied. *See* Vol. 48,

Tab R-51, pp.131, 135; Vol. 48, Tab R-52, pp. 165, 171-172; Vol. 52, p. 31. Thus, while petitioner was unable to perform the inspection and analysis necessary to the development of this portion of the factual basis of Ground IV.B. during the state post-conviction proceedings, he cannot be said to have been dilatory on this issue in state court. As a result, §2254(e)(2) poses no barrier to this request for discovery.

Petitioner specifically requests authorization to inspect and copy the following items which he believes to be within the custody of the Alabama Department of Forensic Sciences:

> All physical or documentary evidence, including tangible objects, relating to the investigation or analysis performed and/or the testimony given by dentist Michael O'Brien.

Because Dr. O'Brien's testimony was purportedly based upon his analysis of the physical characteristics of the victims' dentition in relation to marks allegedly found on petitioner after his arrest, petitioner's ability to identify errors, omissions, overstatements or understatements by Dr. O'Brien requires consultation with an independent expert with access to the items relied upon by Dr. O'Brien. Petitioner therefore submits that he has demonstrated "good cause" for discovery of these items, and is entitled to an order authorizing him to inspect them.

### III.   Conclusion.

WHEREFORE, for all of the foregoing reasons, this Court should enter an order authorizing petitioner to engage in discovery as requested herein.

                        Respectfully submitted,

                        KEIR M. WEYBLE
                         Blume Weyble & Norris, LLC
                         P.O. Box 11744
                         Columbia, SC  29211
                         Tel: 803-765-1044
                         Fax: 803-765-1143

                        CHRISTOPHER SEEDS
                         P.O. Box 6725
                         FDR Station
                         New York, NY  10150
                         (917) 837-6760

                        ROBIN KONRAD
                         Assistant Federal Defender
                         Federal Defenders, Middle District of Alabama
                         201 Monroe Street
                         407 The RSA Tower
                         Montgomery, AL  36104
                         Tel: 334-834-2099
                         Fax: 334-834-0353


                    By: /s/ Keir M. Weyble
                          *Counsel for Petitioner.*


August 4, 2006.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Discovery was electronically filed with the Clerk of the Court using CM/CEF system this 4th day of August, 2006, which will send notification to Cheryl Ann Schuetze, Assistant Attorney General and counsel for respondent.

                                        KEIR M. WEYBLE
                                         Blume Weyble & Norris, LLC
                                         P.O. Box 11744
                                         Columbia, SC  29211
                                         Tel: 803-765-1044
                                         Fax: 803-765-1143

                             By: /s/ Keir M. Weyble
                                *Counsel for Petitioner.*