# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID FREEMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:06-cv-122-MHT-VPM |
| | ) |
| RICHARD F. ALLEN, | ) |
| Commissioner of the Alabama | ) |
| Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

## RESPONDENT'S OBJECTIONS TO
## PETITIONER'S MOTION FOR DISCOVERY

Comes now Respondent, by and through the Attorney General of the State of Alabama, and files the following objections to Petitioner's Motion For Discovery:

The Supreme Court has recognized that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). In order to obtain discovery, a petitioner must meet the requirements of Rule 6 of the Rules Governing Section 2254 Cases In The United States District Courts, which provides as follows:

> (a) Leave of Court Required. A judge may, <u>for good cause</u>, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. (Emphasis added)

A petitioner must also meet the requirements of Title 28 U.S.C. Section 2254(e)(2) for an evidentiary hearing before he can seek discovery. 28 U.S.C. § 2254(e)(2) provides as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> (A) the claim relies on-
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Thus, a petitioner cannot obtain discovery unless he can (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; (2) show "good cause" for the discovery; and, (3) he exercised due diligence in obtaining the requested discovery in state court. *See Isaacs v. Head,* 300 F.3d 1232, 1248-49 (11th Cir. 2002); *Henderson v. Walls*, 296 F.3d 541, 553 (7th Cir. 2002), *rev'd on other grounds,* 537 U.S. 1230 (2003); *Harris v. Pulley,* 885 F.2d 1354, 1373 (9th Cir. 1988).

Freeman is not entitled to discovery because he has not demonstrated a

colorable claim, has not shown good cause for the discovery, and, as for his second request, did not exercise due diligence in obtaining the requested discovery in state court.

I.  **FREEMAN IS NOT ENTITLED TO DISCOVERY IN THIS COURT BECAUSE HE HAS NOT DEMONSTRATED A COLORABLE CLAIM.**

Freeman is not entitled to discovery because he has not presented a colorable claim in this court.  Freeman bases his two discovery requests on Grounds IV.B, IV.D, and IV.F of his petition.  (Motion for Discovery at 5, 6).  None of these claims are colorable.

As detailed in Respondent's answer, each claim in Freeman's petition is either procedurally defaulted or was denied in state court.  Ground IV.B is procedurally defaulted because the same claim was dismissed under an independent and adequate state rule by the Alabama Court of Criminal Appeals. *See* Answer at 26-28.  It has also not been exhausted. *Id.*, at 32.[1]  Grounds IV.D

---

[1] As per this Court's instructions, Respondent is following Petitioner's denomination of claims.  However, Ground IV.B contains two separate and distinct claims:  1) that Freeman's trial counsel provided ineffective assistance of counsel for failing to object to Dr. O'Brien testifying on the grounds that there was no showing that forensic odontology was sufficiently reliable as a science or that Dr. O'Brien was sufficiently qualified to testify as he did (Pet. at 27-28); and 2) that Freeman's trial counsel failed to adequately investigate the bite mark on Freeman's arm for possible other sources, including from one of Freeman's relatives (Pet. at 28-29).  While both sub-claims are procedurally barred because they were dismissed under an independent and adequate state procedural rule, the second sub-claim is barred because it was not exhausted in State court.  *See* Answer at 32.

3

and IV.F are also procedurally barred as they have not been exhausted and were dismissed under an adequate and independent state procedural rule. *Id.*, at 38, 53-54. A court may not grant habeas relief to any procedurally defaulted claim. *See* 28 U.S.C. §2254(b)(1).

Further, under Title 28 U.S.C. Section 2254(d), habeas relief also cannot be granted on the claims in the habeas petition because the claims were "adjudicated on the merits in State court proceedings." Freeman has not alleged, and cannot show, that the denial of relief on the claims in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." Where a petitioner has "failed to rebut the statutory presumption of correctness that the federal habeas court must award to the factual findings of the state courts," discovery is not warranted. *Byrd v. Collins*, 209 F.3d 486, 516 (6th Cir. 2000). Thus, the grounds for relief in his habeas petition do not provide "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief." *Bracy*, 520 U.S. at 909; *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

Finally, contrary to Freeman's assertions, discovery is not permitted for

claims that are procedurally defaulted absent a showing of cause and prejudice or fundamental miscarriage of justice. *See, e.g., Williams v. Bagley*, 380 F.3d 932 (6th Cir. 2004) ("The district court properly denied Williams's first request for production. As previously discussed, Williams has procedurally defaulted his ineffective assistance of counsel claims."); *Royal v. Taylor*, 188 F.3d 239 (4th Cir. 1999) ("Royal procedurally defaulted his *Brady* claims and has not shown cause and prejudice or fundamental miscarriage of justice permitting its consideration on federal habeas….The district court therefore did not abuse its discretion in denying the discovery request."). Freeman has made no showing of either cause and prejudice or a fundamental miscarriage of justice which would entitle him to the discovery requested. He has therefore not put forth a colorable claim and is not entitled to any discovery.

II.     **FREEMAN IS NOT ENTITLED TO DISCOVERY IN THIS COURT BECAUSE HE HAS NOT SHOWN GOOD CAUSE**

Freeman has not shown any cause, much less good cause, which entitles him to discovery in this case. Freeman relies on the grounds set forth in his petition to argue that he is entitled to discovery in this case. A federal habeas petitioner's conclusory allegation that requested materials would demonstrate proof of the grounds set forth in his petitioner is not sufficient to demonstrate good cause for purposes of permitting petitioner to engage in discovery. *See Wallace v. Ward*, 191 F.3d 1235, 1245 (10th Cir. 1999); *West v. Johnson*, 92 F.3d 1385 (5th Cir. 1996).

Furthermore, a habeas petitioner's assertion that "trial counsel conducted inadequate discovery and independent investigation prior to the trial and sentencing" was not sufficiently specific to satisfy the good cause requirement for permitting discovery in support of habeas petition. *Sherman v. McDaniel*, 333 F.Supp.2d 960 (D.Nev. 2004). Instead, as the Fifth Circuit held in *Murphy v. Johnson,* 205 F.3d 809 (5th Cir. 2000), good cause can only be demonstrated when a petitioner comes forward with specific factual allegations to support his claims:

> Good cause may be found when a petition for habeas corpus relief "establishes a prima facie claim for relief." *Harris* [*v. Nelson*, 394 U.S. 286, 290 (1969)]. Additionally, a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6. *See West v. Johnson*, 92 F.3d 1385, 1399-1400 (5th Cir.1996) (*citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir.1994)). Simply put, Rule 6 does not authorize fishing expeditions.

*Murphy,* 205 F.3d at 814. Finally, "Good cause is demonstrated " 'where specific allegations … show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he … is entitled to relief.' " *Arthur v. Allen*, 452 F.3d 1234, 1248 (11th Cir. 2006), *quoting Bracy*, 520 U.S. at 908-09. Thus, Freeman is not entitled to either of his two discovery requests.

    A.    **Request For Records Pertaining To Petitioner.**

Freeman does not assert good cause in his motion for discovery of records pertaining to himself, alleging only that "current records in these categories are essential to petitioner's ability to properly inform and consult with experts" and "to

6

prepare such witnesses for possible testimony at an evidentiary hearing". Disc. Mot. at 6. He does not include any specific factual allegations in his motion. Instead, Freeman refers only to the claims in his petition for cause. As noted above, that does not state good cause and Freeman is not entitled to discovery. Additionally, Freeman has neither disclosed the retention of any experts in accordance with Federal Rules of Evidence Rule 26 nor is he entitled to an evidentiary hearing.

Furthermore, Freeman's motion for discovery is obviously an impermissible fishing expedition. Freeman is requesting all materials relating to himself from multiple facilities. He does not limit his request to materials relating to the claims in the petition, but includes "all records pertaining to David Freeman generated or maintained on or after May 1, 2002" from any prison, medical facility or any entity associated with the Alabama Department of Corrections. Disc. Mot. at 6. The breadth of this request demonstrates that it is merely a fishing expedition.

Additionally, these records are irrelevant to the ineffective assistance of counsel claims listed in his motion as the basis of discovery because trial counsel would not have had access to these post-trial psychiatric or prison records. Thus, the claim that trial counsel should have presented evidence of Freeman's pre-trial adaptation to prison as mitigation cannot be proven by documents generated after 2002 -- six or more years after his trial. Similarly, the claim that trial counsel

7

should have retained a neuropsychologist to testify to Freeman's neurological condition at the time of the crime, or even at the time of his trial, cannot be proven with documents generated years after his trial.

### B. Items In The Custody Of The Alabama Department Of Forensic Sciences.

Freeman also does not assert good cause for his request of evidence relating to the investigation, analysis or testimony of Dr. O'Brien, stating only that "petitioner's ability to identify errors, omissions, overstatements or understatements by Dr. O'Brien requires consultation with an independent expert with access to the items relied upon by Dr. O'Brien." Disc. Mo. at 7. As noted above, Freeman does not include any specific factual allegations in his motion, but instead refers only to the claims in his petition for cause. That does not state good cause and Freeman is not entitled to discovery. Additionally, Freeman has neither disclosed any experts in accordance with Federal Rules of Evidence Rule 26 nor is he entitled to an evidentiary hearing and has therefore not stated good cause.

### III. FREEMAN IS NOT ENTITLED TO DISCOVERY OF EVIDENCE RELATING TO DR. O'BRIEN'S TESTIMONY IN THIS COURT BECAUSE HE DID NOT EXERCISE DUE DILIGENCE IN OBTAINING DISCOVERY IN STATE COURT.

"Since the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the first question a court must ask before allowing discovery is if the requesting party was reasonably diligent in his pursuit of the discovery at the state

level." *Gary v. Terry*, 2005 WL 3534761, *3 (M.D.Ga. Dec 23, 2005). The Supreme Court has explained that "[d]iligence for purposes of the opening clause [of §2254(e)(2)] depends upon whether the prisoner made a reasonable attempt, in light of information available at the time, to investigate and pursue claims in state court." *Williams v. Taylor*, 529 U.S. 420, 435 (2000). The applicability of this provision is not dependent on "whether those efforts could have been successful." *Id*. See also *Arthur*, 452 F.3d at 1248 ("The question is not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts…. Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend … upon whether those efforts could have been successful.") (ellipses in original); *Breedlove v. Moore*, 279 F.3d 952, 959-60 (11th Cir. 2002) (discussing *Williams* and the application of § 2254(e)(2)).

In *Isaacs v. Head*, the Eleventh Circuit explained that if a habeas petitioner has not been reasonably diligent in developing the factual basis for a claim while in state court through discovery, he will not be allowed to do so in federal court unless he can meet the narrow exceptions provided in 28 U.S.C. 2254(e)(2). 300 F.3d 1232, 1248-49 (11th Cir. 2002). In *Isaacs*, the Eleventh Circuit affirmed the denial of discovery because the petitioner had not exercised due diligence in

9

obtaining discovery in state court. The *Isaacs* Court explained that in the context of discovery, "reasonably diligent" means that " 'the prisoner made a reasonable attempt, in light of information available at the time, to investigate and pursue claims in state court.' " *Issacs,* 300 F.3d. at 1248-49 (*quoting Williams v. Taylor,* 529 U.S. 420, 435 (2000)). The Eleventh Circuit went on to affirm the district court's denial of Issac's discovery request, finding that "[Issac] does not explain why the discovery that he seeks now is any different from the discovery that was available to him in state courts. Under these circumstances, we conclude that the district court properly denied Isaacs' request to conduct additional discovery concerning the prayer because he neither exercised sufficient diligence to satisfy the requirements of § 2254(e)(2) nor showed "good cause" as required by Rule 6(a)." *Id.* at 1250.

    Freeman is not entitled to discovery from the Department of Forensic Sciences of evidence relating to Dr. O'Brien's testimony, his second discovery request, because he did not exercise due diligence in pursuing discovery in state court. Freeman was granted discovery in the Rule 32 proceedings which included the material now sought.[2] Freeman had the opportunity to obtain this evidence at that time. If he did not obtain the evidence in state court, he did not exercise due

---

[2] *See* Freeman's Discovery Request and the Rule 32 Court's Order granting discovery, State Court Record, Vol. 48, p.125, 165.

diligence in procuring the evidence in state court and is therefore not entitled to discovery in this case. Like the petitioner in *Issacs,* Freeman is not entitled to these items because he has not explained why the discovery that he seeks now is any different from the discovery that was available to him in state courts. *Issacs,* 300 F.3d. at 1250.

## IV.   CONCLUSION

As demonstrated above, Freeman is not entitled to any discovery in this case. While Respondent is cognizant of this Court's request that it specifically respond to individual discovery requests with the location of requested documents, it cannot and will not respond to the specific requests set forth in Petitioner's Motion for Discovery because Freeman is not entitled to discovery.

WHEREFORE, Respondent respectfully requests that this Honorable Court deny Petitioner's Motion for Discovery.

Respectfully Submitted,

Troy King
*Attorney General*

/s/ *Cheryl Ann Schuetze*
Cheryl Ann Schuetze
*Assistant Attorney General*
Counsel for Respondent

Address of Counsel:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-2021
Fax: (334) 353-3637

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/CEF system this 18th day of August, 2006, which will send notification to: **Keir M. Weyble, Christopher Seeds, and Robin Konrad.**

/s/ *Cheryl Ann Schuetze*
Assistant Attorney General