IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID FREEMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:06CV122-MHT-VPM |
| | ) |
| RICHARD F. ALLEN, Commissioner | ) |
| Alabama Department of Corrections, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**O R D E R**

Upon consideration and review of the Revised Proposed Litigation Budget filed ex parte with the court on 11 July 2006, the Court is generally concerned about the size of the Budget, and is specifically concerned about the amount of projected attorney time identified in the Budget.

Counsel are reminded that the court agreed in this case to depart from its newly adopted policy of appointing a single private counsel and counsel from the Federal Defender's office as co-counsel for a petitioner in death penalty cases filed in this court because of affirmative representations made by both Mr. Weyble and Mr. Seeds during a conference call with the court on 14 March 2006. During that call, Counsel represented that their joint appointment would best serve the interests of the petitioner and would not duplicate services; rather, their services would provide for efficient management in this case,

because of each counsels' general experience in federal death penalty cases, counsels' close personal working relationship, and the specific involvement of Mr. Weyble in this case at the state level and the specific involvement of Mr. Seeds in preparation of the federal habeas petition.

Based on these representations, the court approved the co-appointment of Mr. Weyble and Mr. Seeds and appointed the Federal Defenders' office for the "limited purpose of providing basic litigation support" in this action. The Court concludes, however, that the size of the Budget, generally, and the amount of attorney time estimated to be spent in this case, specifically, do not buttress counsel's representations concerning efficiency and experience.[1] Accordingly, it is

ORDERED that on or before 5 September 2006, petitioner's counsel shall prepare

---

[1] As aforestated, Mr. Weyble represented the petitioner in this case at the state level. He is thus presumptively aware of and knowledgeable about the state court proceedings, and he has, or should have, not only a recollection of, but as well an insightfulness about, those proceedings, including the implications for treatment of issues in this court. He has, for example, already authored briefs and other submissions that include some of the same arguments asserted in this court; concomitantly, as petitioner's state counsel, he has faced and defended against some of the same arguments asserted by respondents in this court. Moreover, as a result of his representation, he has developed, or should have developed, a quite useful rapport with the petitioner, a mutual trust with his client, and the ability to assess the issues and propose arguments and remedies that his client would not find objectionable. If anything, all of these factors enhance  - rather than compromise -   counsel's ability to represent the petitioner expeditiously in this court. These factors, in summary, are time-savers, and their existence is incongruous with an estimated time expenditure of almost 400 hours, especially when the Federal Public Defender is expected to provide "basic litigation support".

and deliver by e-mail a Second Revised Preliminary Litigation Budget to Cindy_Torbert@ALMD.uscourts.gov which does the following:

1. Reflects the factors discussed in Note 1 of this order;

2. Reduces the overall size of the Budget by eliminating any potential duplication of services performed by jointly appointed private counsel;

2. Maximizes the use of the resources in the Federal Defender's office to reduce the cost of this action;

3. Provides an estimate of the amount of time Mr. Weyble spent working on the petitioner's case in state court and describes the tasks performed.

DONE this 25th day of August, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE