UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID FREEMAN | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: 2:06cv122-MHT |
| | ) | |
| RICHARD F. ALLEN, Commissioner, | ) | **DEATH PENALTY CASE** |
| Alabama Department of Corrections, | ) | |
| | ) | |
|     Respondent. | ) | |

## PETITIONER'S RESPONSE TO RESPONDENT'S OBJECTION TO PETITIONER'S MOTION FOR DISCOVERY

Comes now Petitioner, David Freeman, by and through undersigned counsel, and responds to the Respondent's Objections to Petitioner's Motion for Discovery. Mr. Freeman is under a sentence of death and therefore exacting standards must be met when reviewing the reliability of his conviction and sentence. *See Johnson v. Mississippi*, 486 U.S. 578, 584 (1988); *Beck v. Alabama*, 447 U.S. 625, 637 (1980); *Gardner v. Florida*, 430 U.S. 349, 363-64 (1977); *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976).

On August 4, 2006, Mr. Freeman filed a motion with this Honorable Court requesting discovery of certain material that is necessary to investigating and proving several grounds alleged in his claim of ineffective assistance of counsel. The Respondent filed its opposition to Mr. Freeman's request on August 16, 2006. The Respondent argues that Mr. Freeman is not entitled to discovery "because he has not demonstrated a colorable claim, has not shown good cause for the discovery, and, as for his second request, did not exercise due diligence in obtaining the requested discovery in state court." Obj. to Disc. Mot. at 2-3. Mr. Freeman respectfully requests that this

1

Court exercise its discretion and grant the requested discovery as he has met the requirements under the Rules Governing discovery in federal habeas proceedings.

I.  **MR. FREEMAN HAS PRESENTED COLORABLE CLAIMS IN HIS PETITION FOR WRIT OF HABEAS CORPUS**

The Respondent argues that Mr. Freeman is not entitled to discovery because his claims are not colorable. Specifically, the Respondent argues that Ground IV.B (the assertion that trial counsel were ineffective for failing to challenge the prosecution's forensic odontology evidence) is procedurally defaulted because it was "dismissed under an independent and adequate state rule by the Alabama Court of Criminal Appeals," Obj. to Disc. Mot. at 3, and that one factual assertion contained in that Ground was not raised in State court, *id.* at 3 n.1. Respondent also argues that Ground IV.D (the assertion that trial counsel failed to investigate, develop, and present evidence that Mr. Freeman suffers from neurological impairments) and Ground IV.F (the assertion that trial counsel failed to introduce evidence of Mr. Freeman's adaptability to prison) are both procedurally barred because they are unexhausted and were dismissed under an adequate and independent state procedural rule. *Id.* at 4. In addition to stating that the claims are simultaneously procedurally barred and unexhausted, the Respondent also argues that the claims were decided on the merits and, thus, Mr. Freeman is not entitled to discovery because he has not demonstrated that the decision of the state court resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in State court proceedings." *Id.* (citing 28 U.S.C. § 2254(d)). For the reasons that follow, the Respondent's arguments are erroneous and Mr. Freeman should not be precluded from obtaining discovery based on such arguments.

At this point in the litigation, Mr. Freeman merely has the burden of pleading. Under the Rules Governing § 2254 Cases, a Petition for Writ of Habeas Corpus must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2(c)(1) & (2). Indeed, Mr. Freeman has complied with the Rules. Moreover, as set forth in detail in his Petition for Writ of Habeas Corpus, Mr. Freeman has presented "specific allegations" to support each of his claims. *See Bracy v. Gramley*, 520 U.S. 899, 904, 908-09 (1997) ("[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.") (citing *Harris v. Nelson*, 394 U.S. 286, 299 (1969)). In particular, he has alleged facts in his ineffective assistance of counsel claim that, if fully developed, will entitle him to relief. In order to fully develop and prove these allegations, however, Mr. Freeman seeks limited discovery.

Additionally, the Respondent's argument with regard to procedural default or failure to exhaust is inappropriate at this stage of litigation as neither side has briefed the Court regarding these issues. However, as outlined in the Joint Report, Mr. Freeman respectfully disagrees with the Respondent's position that any of the grounds for relief are defaulted or unexhausted.[1] Nevertheless, if this Court agrees with Respondent's position, this Court may still permit Mr. Freeman to obtain discovery. The advisory notes to Rules 6 of the Rules Governing Section 2254 Cases indicate that "[d]iscovery may, in appropriate cases, aid in developing facts necessary to decide whether to order an evidentiary hearing or to grant the writ following an evidentiary hearing." Rule 6(a), Advisory Committee Notes. Additionally, the United States Supreme Court has suggested that district courts

---

[1] *See* Joint Report at 22-30; 33-38; 48-54.

should consider ordering discovery before deciding whether an evidentiary hearing is appropriate whenever the claim on which discovery is sought is not so "palpably incredible' [or] 'patently frivolous or false' as to warrant summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 76, 82-83 (1977) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

Mr. Freeman is entitled to discovery because he has presented colorable claims in his Petition, and the merits of those claims have not yet been decided. Thus, he should be permitted discovery to, at the very minimum, rebut the Respondent's assertion that summary dismissal is warranted.

**II.    MR. FREEMAN HAS DEMONSTRATED GOOD CAUSE TO ALLOW DISCOVERY**

Respondent argues that Mr. Freeman has not shown good cause because he has failed to include specific factual allegations in his request for discovery that would demonstrate good cause. "Good cause" is shown where the petitioner (1) makes credible allegations of a constitutional violation and (2) the requested discovery will enable the petitioner to investigate and prove his claims. *See Bracy*, 520 U.S. at 908-09. Respondent acknowledges that Mr. Freeman references the specific claims to which the request relates, Obj. to Disc. Mot. at 7-8, but asserts that such reference is insufficient for establishing good cause. Respondent's argument mischaracterizes Supreme Court precedent, which clearly states that the petition itself is the document in which the allegations are to be asserted. *See Harris*, 394 U.S. at 290 (holding that "a district court, *confronted by a petition for habeas corpus which establishes a prima facie case for relief,* may use or authorize the use of suitable discovery procedures, including interrogatories, reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require'" (citing 28 U.S.C. § 2243) (emphasis added)). Indeed, in his Petition for Writ of Habeas Corpus, Mr. Freeman has

made a credible assertion of ineffective assistance of counsel that, if true, would likely entitle him to relief. *See e.g., Pecoraro v. Page*, 1998 WL 708856, at *2 (N.D. Ill. Sept. 30, 1998) (emphasizing that in a "discovery motion, petitioner is not required to prove these elements, something he will be required to do when we adjudicate his petition" and noting that "Habeas Rule 6(a) and *Harris* only require petitioner to demonstrate that he *may* be entitled to relief if the facts are fully developed"). As such, Mr. Freeman has demonstrated good cause to permit discovery.[2]

### III.  MR. FREEMAN EXERCISED DUE DILIGENCE IN OBTAINING DISCOVERY IN STATE COURT

Respondent argues that Mr. Freeman is not entitled to discovery from the Department of Forensic Sciences of evidence related to Dr. O'Brien's testimony because he failed to exercise due diligence in obtaining the evidence in state post-conviction proceedings. Obj. to Disc. Mot. at 10. Although Mr. Freeman was granted permission to inspect these items during his state post-conviction proceedings, his request for expert assistance was denied. *See* Vol. 48, Tab R-51, pp.131, 135; Vol. 48, Tab R-52, pp.165, 171-72; Vol. 52, p. 31.

Due diligence "depends on whether the prisoner made a reasonable attempt, in light of information available at the time, to investigate and pursue claims in state court." *Williams v. Taylor*, 529 U.S. 420, 435 (2000); *see also Isaacs v. Head*, 300 F.3d 1232, 1249 (11th Cir. 2002) (finding that petitioner was not diligent in seeking discovery because he was aware of evidence for at least ten years). Neither of his state post-conviction counsel were experienced in forensic odontology and would not have been able to analyze accurately the evidence. Knowing full well that

---

[2] Additionally, Respondent asserts that post-trial documents are irrelevant in assisting Mr. Freeman to prove his claim of ineffective assistance of counsel. It is impossible to know what information is contained in Mr. Freeman's institutional records to determine whether such records will or will not assist in proving the claim. Thus, Respondent's argument is without merit.

they could not review the evidence themselves, Mr. Freeman's counsel filed several motions with the Court seeking funds for an expert to review this information, *see* Vol. 48, Tab R-52, pp. 171-77; Vol. 48, Tab R-52, pp. 199-200, and even sought funds in his Rule 32 petition and amendments, *see* Vol. 48, Tab R-48, p. 17; Vol. 48, Tab R-51, p. 87; Vol. 48, Tab R-52, p. 163; Vol. 49, Tab R-54, p. 238; Vol. 49, Tab R-57, p. 344. The State objected to Mr. Freeman's requests for funds, *see* Vol. 48, Tab R-53, pp. 188- 89, which the Court subsequently denied, *see* Vol. 52, p. 31. Thus, Mr. Freeman did make a diligent effort to obtain expert assistance to analyze the available evidence in state post-conviction proceedings. He is therefore entitled to discovery.

### IV.    CONCLUSION

Mr. Freeman notes that his limited discovery requests are not "fishing expeditions," but rather are specific requests that relate to three particular grounds asserted in his Petition for Writ of Habeas Corpus. While the Respondent refused to answer the Court's order regarding the location of the requested discovery, to the best of Mr. Freeman's knowledge, all requested information is contained either with the Department of Corrections at Holman Prison or with the Department of Forensic Sciences.

WHEREFORE, Mr. Freeman respectfully requests that this Court exercise its discretion and grant his request for discovery so that he may investigate and prove the claims set forth in his Petition for Writ of Habeas Corpus.

Dated this 30th day of August, 2006.

Respectfully Submitted,

**s/Keir M. Weyble**

**KEIR M. WEYBLE**
Attorney for Petitioner
Blume Weyble & Norris, LLC
P.O. Box 11744
Columbia, SC 29211
TEL:   (803) 765-1044
FAX:   (803) 765-1143
E-Mail: keir@blumelaw.com

s/Christopher Seeds
**CHRISTOPHER SEEDS**
Attorney for Petitioner
P.O. Box 6725
FDR Station
New York, NY 10150
TEL:   (917) 837-6760
E-Mail: chrisseeds@gmail.com

s/Robin C. Konrad
**ROBIN C. KONRAD**
**AL BAR NO.:ASB-2194N76K**
Attorney for Petitioner
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353
E-Mail: robin_konrad@fd.org

Counsel for David Freeman

## CERTIFICATE OF SERVICE

       I hereby certify that on August 30, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

       Cheryl Ann Schuetze, Esq.
       Attn: Capital Litigation Division
       Office of the Attorney General
       Alabama State House
       11 South Union Street
       Montgomery, Alabama 36130

       s/Robin C. Konrad
       **ROBIN C. KONRAD**
       **AL BAR NO.:ASB-2194N76K**
       Attorney for Petitioner
       Federal Defenders
       Middle District of Alabama
       201 Monroe Street , Suite 407
       Montgomery, AL 36104
       TEL:   (334) 834-2099
       FAX:   (334) 834-0353
       E-Mail: robin_konrad@fd.org