IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |
|---|---|
| DAVID FREEMAN, | ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) CIVIL ACTION NO.2:06cv122-MHT-VPM ) |
| RICHARD ALLEN,<br>Commissioner Alabama Department<br>of Corrections, | ) ) ) ) |
| Respondent. | ) ) |

**<u>O R D E R</u>**

This habeas corpus case is before the court on Petitioner's Motion for Discovery (Doc. # 31) filed August 4, 2006 and Respondents' Objections to this Motion (Doc. # 34) filed August 15, 2006 and Petitioner's Reply to those Objections (Doc. # 36) filed August 30, 2006.

In considering the Petitioner's requests for discovery the court is mindful of the United States Supreme Court's directive that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rather, pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, a petitioner must demonstrate "good cause" before a judge may authorize discovery. "Good cause" is shown where petitioner (1) makes credible

allegations of a constitutional violation and (2) the requested discovery will enable the petitioner to investigate and prove his claims. See, id. at 908-909. Furthermore, a petitioner must demonstrate that he used "due diligence" in state courts to obtain the discovery that he is seeking in a federal habeas corpus proceeding. See, Isaacs v. Head, 300 F.3d 1232, 1248-49 (11th Cir. 2002) where the court recognized that the 28 U.S.C. § 2254 (e)(2) due diligence requirement necessary for holding an evidentiary hearing applies equally to claim for discovery. Due diligence means that "the prisoner made a reasonable attempt, in light of information available at the time, to investigate and pursue claims in state court." Id. Finally, to obtain discovery a petitioner must demonstrate that he can make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation. Id.

The court has carefully reviewed petitioner's requests for discovery and the respondent's objections thereto. The court, at the outset, notes that Petitioner makes only two fairly narrow and specific requests for discovery. The court will address each of these in turn.

First, the petitioner requests all records pertaining to David Freeman generated or maintained on or after May 1, 2002 by the Alabama Department of Corrections and other entities associated with the DOC (named specifically in the request) including but not limited to "disciplinary records, medical records, psychological, psychiatric and mental health records". Petitioner argues that this information is necessary to aid him in proving his claims

found at IV. B, IV. D, and IV. F in the petition that trial counsel were constitutionally ineffective for failing to develop and present evidence of his neurological impairments and his adaptability to confinement.

The Respondent argues cursorily that these specific claims in Freeman's petition upon which he premises this request are not colorable because each claim is procedurally defaulted since it was dismissed in state court. The court is not persuaded by this cursory argument because the basis of the default alleged by the Respondent does not, without more, prevent this court from reviewing these claims. Additionally, the Respondent argues that these claims are not colorable because relief cannot be granted since these claims were "adjudicated on the merits in State court proceedings." The court notes that this argument reinforces the court's prior conclusion that the default alleged by the Respondent is insufficient to prove that the claims are not colorable. Indeed, Respondent now argues that the state court reached the merits of these claims. Accordingly, the court concludes that these arguments do not provide a basis for this court to deny the discovery requested.

The Respondent also argues that Freeman has not shown good cause to entitle him to discovery because he has failed come forward with specific allegations to support his ineffectiveness claims. However, in the Petition at para. IV.D and IV. F Freeman alleges that trial counsel were constitutionally ineffective for failing to develop and present evidence of his neurological impairments and adaptability to confinement. The court concludes that

these claims are "specific allegations" which demonstrate to the court that petitioner "may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. 899, 908-09 (1997).

Finally, the Respondent argues that this request is an "impermissible fishing expedition" and seeks records irrelevant to the ineffective assistance of counsel claims. The court views this request as limited in scope by time frame and subject matter and concludes that the records sought, even though they document post-trial events, are relevant to the question of Freeman's condition. Accordingly, the court concludes that because petitioner has presented good cause to justify his first request for production, the respondent shall make available those documents to his counsel.

Second, the Petitioner seeks to inspect and copy "all physical or documentary evidence, including tangible objects, relating to the investigation or analysis performed and/or the testimony given by dentist Michael O'Brien", which the petitioner believes are in the custody of the Alabama Department of Forensic Sciences. The petitioner argues that he presents "good cause" for this production because the prosecution's forensic odontologist, Dr. O'Brien, presented testimony at trial which was "based upon his analysis of the physical characteristics of the victim's dentition in relation to marks allegedly found on petitioner after his arrest." Petitioner argues that he needs to make this evidence available for an expert to review in order to develop his claim found at IV.B in his petition that trial counsel were

constitutionally ineffective for failing to challenge certain claims made by O'Brien.

Respondent again argues that petitioner fails to present a colorable claim because the ground in the petition upon which petitioner bases this discovery request is procedurally defaulted. For the reasons explained more fully above, this cursory claim of procedural default, which is then immediately contradicted by respondent's alternative basis for default, that is – the claims were "adjudicated on the merits in State court proceedings" – fails to demonstrate that the claims upon which this discovery request is premised are not colorable.

Respondent further argues that petitioner fails to present good cause for this discovery because he has failed come forward with specific allegations to support his ineffectiveness claims. However, in the Petition at para. IV.B. Freeman alleges that trial counsel were constitutionally ineffective for failing to challenge certain claims made by O'Brien. The court concludes that these claims are "specific allegations" which demonstrate to the court that petitioner "may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. 899, 908-09 (1997).

Finally, respondent argues that petitioner is not entitled to discovery because he was not reasonably diligent in pursuing this discovery in state court. Indeed, petitioner sought and was granted the same discovery he seeks now in state court. See Freeman's Discovery Request and Rule 32 Court's Order granting discovery. (TR. Vol. 48, p 125, 165). Freeman argues that these requests evidence his diligence in pursuing claims in state court. But he

argues that because his requests for expert assistance were denied (TR. Vol. 48, Tab R –51 pp. 131, 135; Vol 48, Tab R -52, pp. 165, 171-72; Vol. 52, p. 31), he was prevented from developing this claim in state court.  Under these circumstances, the court concludes that petitioner used due diligence to obtain the discovery in state court and that he is not barred from seeking this discovery at this time.  See, Isaacs, 300 F.3d at 1248-49.

    Accordingly, it is

    ORDERED that petitioner's August 4, 2006 Motion for Discovery (Doc. # 31) be and hereby is GRANTED and that on or before November 3, 2006 the respondent shall make the requested physical and documentary evidence available to the petitioner for inspection and copying.

    DONE this 19th day of October, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED   STATES   MAGISTRATE   JUDGE