IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DAVID FREEMAN           ) | |
| *Petitioner*,           ) | |
|                         ) | |
| v.                      ) | |
|                         ) | Civil Action No. 2:06CV122-MHT-WC |
| DONAL CAMPBELL, Commissioner, ) | |
| Alabama Department of Corrections, ) | |
| *Respondent*.           ) | |
|                         ) | |

### MR. FREEMAN'S UPDATE REGARDING STATUS OF DISCOVERY, SUPPLEMENTAL REQUEST FOR DISCOVERY, AND MOTION TO REVISE BRIEFING SCHEDULE

COMES NOW Petitioner David Freeman, by and through undersigned counsel, and respectfully requests that this Honorable Court grant his Supplemental Request for Discovery and Motion to Revise Briefing Schedule. In support of this request, Mr. Freeman states the following:

1. On February 16, 2006, Mr. Freeman by and through counsel filed a Petition For Writ Of Habeas Corpus with this Court.

2. On March 16, 2006, this Court entered an Order appointing Christopher Seeds and the Federal Defender's Office for the Middle District of Alabama to represent Mr. Freeman in conjunction with already-appointed attorney Keir Weyble.

3. On May 8, 2006, the Respondent filed its answer to Mr. Freeman's Petition.

4. On June 23, 2006, Mr. Freeman and the Respondent filed the Joint Report.

5. On June 28, 2006, this Court held a scheduling conference. During the conference, the Court asked counsel for Mr. Freeman how much time would be needed to determine what discovery he would request. Mr. Weyble informed the Court that he would need at least six months. He provided justification for that request, including the necessity of fact

        development that did not occur in state post-conviction proceedings due to lack of funds.

6.     The Court ordered Mr. Freeman to file his discovery request by August 4, 2006, which was approximately thirty-seven calendar days from the date of the scheduling conference.

7.     As ordered, Mr. Freeman filed a discovery request on August 4, 2006, which sought updated records from the Department of Corrections and access to physical evidence that Mr. Freeman believed to be in the custody of the Alabama Department of Forensic Sciences.

8.     On August 9, 2006, the Court issued an order instructing the Respondent to file a response to Mr. Freeman's discovery request by August 16, 2006. In addition, the Court ordered the Respondent to indicate the existence and availability of the materials requested.

9.     On August 15, 2006, the Respondent filed its objections to Mr. Freeman's motion for discovery. In addition to contesting Mr. Freeman's right to discovery, the Respondent noted that while it "is cognizant of this Court's request that it specifically respond to individual discovery requests with the location of requested documents, it cannot and will not respond to the specific requests set forth in Petitioner's Motion for Discovery because Freeman is not entitled to discovery."

10.    On August 30, 2006, Mr. Freeman filed a response to the Respondent's objections to his motion for discovery.

11.    On Thursday, October 19, 2006, this Court granted Mr. Freeman's Motion For Discovery and ordered the Respondent to make the requested physical and documentary evidence available to Mr. Freeman for inspection and copying by November 3, 2006.

12.    On Monday, October 23, 2006, counsel for Mr. Freeman sent via facsimile a written request for the discovery items to the Alabama Department of Forensic Science (ADFS). Counsel

was told that the evidence would be located.

13. On November 1, 2006, counsel for Mr. Freeman had not heard from ADFS so counsel made a telephone call to ADFS to determine the status of the evidence. Counsel for Mr. Freeman discovered that the files had been located, but nothing had been copied. Counsel for Mr. Freeman also learned that the previous director of ADFS, F. Taylor Noggle, had recently left and there was an interim director, Michael Sparks, who would be temporarily filling the position.

14. On November 3, 2006, counsel for Mr. Freeman spoke with Mr. Sparks and arranged to inspect the evidence on November 6, 2006. When counsel for Mr. Freeman inspected the evidence on November 6, she determined that ADFS did not have a copy of the dental impressions that Dr. Michael O'Brien used at trial to reach his opinion that the bitemarks on Mr. Freeman's arm were from one of the victims. Counsel for Mr. Freeman asked Mr. Sparks to attempt to locate those impressions, as that was a necessary piece of the discovery request.

15. Over the next few weeks, counsel for Mr. Freeman was in contact with ADFS, the Montgomery County Circuit Court clerk, and Dr. Michael O'Brien in a diligent attempt to locate the dental impressions. Each of these agencies or individuals informed counsel for Mr. Freeman that they did not have in their possession of copy of the dental impressions that were made for Mr. Freeman's trial. Counsel verbally requested letters from ADFS and the Montgomery County Circuit Court clerk stating that no agency has possession of the dental impressions.

16. On December 5, 2006, counsel for Mr. Freeman sent a letter to Dr. O'Brien requesting that

        he send a letter to the Federal Defenders within ten (10) days stating that he does not have the dental impressions in his possession.

17. On December 13, 2006, counsel for Mr. Freeman received a telephone call from Dr. O'Brien stating that he located the impressions in the storage area at ADFS.

18. Since finding out that information, counsel for Mr. Freeman has been arranging to have the impressions copied off-site. On December 27, 2006, the impressions were sent from ADFS to an off-site laboratory for duplication.

19. Counsel for Mr. Freeman have been diligent in their attempt to obtain the discovery ordered by the Court on October 19, 2006; however, it has taken well past the two-week time frame that the Court ordered to obtain the discovery material. At this time, counsel for Mr. Freeman believe that the discovery from ADFS was provided in sufficient time for Mr. Freeman to permit briefing on the related issue. Nevertheless, counsel felt compelled to update the Court with this information.

20. Mr. Freeman's legal team has also been diligent in reviewing the multiple volumes of social history records in this case. As a ward of the State of Alabama since he was eight-months old, Mr. Freeman has an enormous amount of recorded history for the legal team to review and comprehend. Indeed, the record on appeal includes over 1,900 pages of documentation from state agencies relating to Mr. Freeman's childhood. *See* Tab #R-1 (C. 1256-3195, Vol. 24-33). Moreover, many of these copies are of such low quality that reviewing and understanding them is often a painstaking enterprise.

21. A Federal Defender investigator, who is a trained social worker, has been reviewing and cross-referencing Mr. Freeman's records. Her efforts have revealed that crucial documents

are missing from the previously collected file currently in counsel's possession. For example, Mr. Freeman was a foster child in at least two homes during his life: the home of Patricia and Benjamin Elliott in Alabama and the home of Edna Smith in Missouri. While the current records make reference to these homes, they do not contain case files for either of these foster families.

22. Mr. Freeman's legal team has also discovered information, through independent investigation, that would have been documented in the case files of other foster parents, which is lacking from Mr. Freeman's current record.

23. Additionally, counsel have recently been educated by an employee with the Federal Defenders who was previously employed as a social worker with Alabama Department of Human Resources that any time a child is placed into a foster home a separate file is created under the name of the foster parent. Therefore, anyone requesting records for Mr. Freeman would need to reference specifically the names of the foster parents in order to obtain such documentation.

24. Based upon these recent revelations, counsel now believe that the record of Mr. Freeman's childhood history presently in their possession is incomplete. Without filling the recently discovered gaps in the record, Mr. Freeman will be unable to facilitate fully informed and accurate consultations with his experts, and will be equally unable to present full factual support for his claims in his merits brief.

25. Because of the confidentiality rules by which the state custodians of Mr. Freeman's records must abide, counsel cannot secure the additional records without the assistance of the Court. He therefore has no option but to request that this Court permit him to supplement his

        request for discovery by authorizing the disclosure of any and all records in the possession of any agencies of the State of Alabama or those affiliated with the State of Alabama, including but not limited to the Alabama Department of Human Resources, that relate to Mr. Freeman and his care while he was a child. This discovery request includes, but is not limited to, any information related to Mr. Freeman's foster parent Patricia Elliott, who upon information and belief lived in Talladega County, Alabama, at the time of Mr. Freeman's placement, and Edna Smith, who upon information and belief lived in the State of Missouri at Ft. Leonard Wood in Pulaski County at the time of Mr. Freeman's placement.

26. Under Rule 6(a) of the Rules Governing Habeas Proceedings in the District Courts ("Habeas Rule"), "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Habeas Rule 6 provides that "[g]ranting discovery is left to the discretion of the court, discretion to be exercised where there is a showing of good cause why discovery should be allowed." Habeas Rule 6, Advisory Committee Note.

27. "Good cause" is shown where the petitioner (1) makes credible allegations of a constitutional violation and (2) the requested discovery will enable the petitioner to investigate and prove his claims. *See Bracy v. Gramley*, 520 U.S. 899, 904, 908-09 (1997); *see also McDaniel v. U.S. Dist. Court for the Dist. of Nevada (Jones)*, 127 F.3d 886, 888 (9th Cir. 1997) (citing *Harris v. Nelson*, 394 U.S. 286, 299 (1969)) ("[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary

facilities and procedures for an adequate inquiry.").

28. In the instant case, Mr. Freeman has shown good cause to obtain the supplemental requested discovery. Mr. Freeman has alleged in his Petition for Writ of Habeas Corpus that his trial counsel was ineffective by failing to investigate, develop, and present evidence of Mr. Freeman's background and mental health in a mitigating way. Pet. at 39-41. This is a credible allegation of a constitutional violation. Mr. Freeman also alleges that trial counsel had a duty to collect a "comprehensive 'family and social history.'" Pet. at 40 (citation omitted). The requested discovery would allow Mr. Freeman to investigate and prove that trial counsel failed in these duties. Mr. Freeman has, therefore, shown good cause for seeking supplemental discovery.

29. Additionally, Mr. Freeman was diligent in his attempt to obtain discovery in State post-conviction proceedings. The requisite diligence "depends on whether the prisoner made a reasonable attempt, in light of information available at the time, to investigate and pursue claims in state court." *Williams v. Taylor*, 529 U.S. 420, 435 (2000). Mr. Freeman's state post-conviction counsel represented him *pro bono*. While the state court granted Mr. Freeman's request for discovery, it denied each of his requests for the funds necessary to secure the expert assistance of a mitigation investigator and a social worker. *See* Tab #R-52 (Rule 32, C.174-75); Tab #R-59 (Rule 32, R. 49-53). Without the expertise and local knowledge of a social worker familiar with Alabama's foster care procedures, it was impossible for out-of-state *pro bono* counsel to know that the record on appeal was incomplete as to all documentation related to Mr. Freeman's foster homes. It was equally impossible for Mr. Freeman, who suffers from memory and cognitive impairments and has

been incarcerated at Holman Prison throughout the collateral litigation of his case, to know that the documentation in the record was incomplete.

30. For these reasons, Mr. Freeman respectfully requests that this Court facilitate the collection of the essential additional materials identified above by authorizing supplemental discovery.

31. Finally, the need for supplemental discovery gives rise to a corresponding need for additional time in which to review the materials collected and assimilate them into the arguments to be set forth in the merits brief. Because it is presently impossible for counsel to know how long it may take for the state agencies to which they propose to direct records requests to actually produce the necessary documents, Mr. Freeman proposes that the Court revise the current briefing schedule to afford him sixty (60) days to complete and file his merits brief beginning on the date that discovery is complete.

WHEREFORE, based on the foregoing information, Mr. Freeman respectfully requests that this Court grant his motion for supplemental discovery and motion to revise the briefing schedule.

    Respectfully Submitted,

    **s/Keir M. Weyble**
    **KEIR M. WEYBLE**
    Blume Weyble & Norris, LLC
    P.O. Box 11744
    Columbia, SC 29211
    TEL:  (803) 765-1044
    FAX:  (803) 765-1143
    E-Mail: keir@blumelaw.com

    **s/Christopher Seeds**
    **CHRISTOPHER SEEDS**
    P.O. Box 6725
    FDR Station
    New York, NY 10150
    TEL:  (917) 837-6760
    E-Mail: chrisseeds@gmail.com

    **s/Robin C. Konrad**
    **ROBIN C. KONRAD**
    **AL BAR NO.:ASB-2194N76K**
    Federal Defenders
    Middle District of Alabama
    201 Monroe Street , Suite 407
    Montgomery, AL 36104
    TEL:  (334) 834-2099
    FAX:  (334) 834-0353
    E-Mail: robin_konrad@fd.org

    Counsel for David Freeman

December 29, 2006.

## CERTIFICATE OF SERVICE

      I hereby certify that on December 29, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Cheryl Ann Schuetze, Esq.
    Attn: Capital Litigation Division
    Office of the Attorney General
    Alabama State House
    11 South Union Street
    Montgomery, Alabama 36130

    s/Robin C. Konrad
    **ROBIN C. KONRAD**
    **AL BAR NO.:ASB-2194N76K**
    Attorney for Petitioner
    Federal Defenders
    Middle District of Alabama
    201 Monroe Street , Suite 407
    Montgomery, AL 36104
    TEL:   (334) 834-2099
    FAX:   (334) 834-0353
    E-Mail: robin_konrad@fd.org