UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID FREEMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 2:06-cv-122-MHT-WC |
| | ) |
| RICHARD F. ALLEN, | ) |
| Commissioner of the Alabama | ) |
| Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

**RESPONDENT'S OBJECTIONS TO PETITIONER'S
SUPPLEMENTAL REQUEST FOR DISCOVERY AND
MOTION TO REVISE BRIEFING SCHEDULE**

Respondent, by and through the Attorney General of the State of Alabama, files the following objections to Petitioner's Supplemental Request For Discovery and Motion to Revise Briefing Schedule:

The Supreme Court has recognized that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). In order to obtain discovery, a petitioner must meet the requirements of Rule 6 of the Rules Governing Section 2254 Cases In The United States District Courts, which provides as follows:

> (a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules

>   of Civil Procedure and may limit the extent of discovery.
>   (Emphasis added)

A petitioner must also meet the requirements of Title 28 U.S.C. Section 2254(e)(2) for an evidentiary hearing before he can seek discovery. 28 U.S.C. § 2254(e)(2) provides as follows:

>   If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
>   (A) the claim relies on-
>
>   (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>   (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

 Thus, a petitioner cannot obtain discovery unless he can (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; (2) show "good cause" for the discovery; and, (3) he exercised due diligence in obtaining the requested discovery in state court. *See Isaacs v. Head,* 300 F.3d 1232, 1248-49 (11th Cir. 2002); *Henderson v. Walls*, 296 F.3d 541, 553 (7th Cir. 2002), *rev'd on other grounds,* 537 U.S. 1230 (2003); *Harris v. Pulley,*

885 F.2d 1354, 1373 (9th Cir. 1988).

Freeman is not entitled to discovery because he has failed to demonstrate that Rule 32 counsel acted with reasonable diligence, he has not demonstrated a colorable claim, and he has not shown good cause for the discovery.

**I.     FREEMAN IS NOT ENTITLED TO DISCOVERY IN THIS COURT BECAUSE HE FAILED TO COMPLY WITH THIS COURT'S SCHEDULING ORDER**

Freeman's requests for additional discovery should be denied because they come long after this Court ordered him to file his discovery motion, and he has not provided adequate explanation for the delay. Freeman attempts to characterize his new requests as "supplemental" to those already granted. However, the new requests are actually wholly unrelated to the claims that underlie his initial discovery. Though he discusses at some length various delays in attaining the discovery that he has already been granted, the documents now requested are unrelated to that discovery, and cannot explain his delay in making his new requests.

On June 28, 2006, this Court held a scheduling conference. According to the minutes of the hearing, this Court initially set the deadline for filing all discovery requests for July 14, 2006. (Doc 29) Petitioner argued that he needed more time, and this Court listened to Freeman's arguments both in the presence of Respondent and with Respondents out of the room and the record sealed. *Id*.

When Respondent was allowed to return, this court extended its deadline; as reflected in the subsequent order, this Court directed Petitioner to "*file all motions for discovery on or before August 4, 2006*[.]"  (Doc 30 (emphasis added))

On August 4, 2006, Freeman filed his discovery request, asserting that he was entitled to two categories of documents: (1) documents from the Alabama Department of Corrections that could relate to his claims trial counsel were constitutionally ineffective for failing to develop and present evidence of his neurological impairments (Ground IV.D.) and his adaptability to confinement (Ground IV.F.) and (2) documents and forensic evidence that could relate to his claim that trial counsel were constitutionally ineffective for failing to challenge certain assertions made by the prosecution's forensic odontologist, Dr. Michael O'Brien (Ground IV.B.).  (Doc 31)  Respondent filed his objections on August 15, 2006 (Doc 34) and Freeman filed a response on August 30, 2006. (Doc 36)  This Court granted the discovery requests on October 19, 2006.[1]

Freeman now requests all records related to two foster parents that allegedly cared for Freeman as a child.  These records are not even arguably related to the claims discussed *supra*.  Freeman does not even attempt to explain why he delayed for nearly five months after the discovery deadline before bringing these requests.

---

[1] All of these events occurred before the retirement of Judge Vanzetta P. McPherson and the subsequent reassignment of the case to Judge Wallace Capel, Jr. on October 29, 2006.

Though he states that he had to review a large number of documents, this argument was presented at the status conference and considered by this Court in setting the discovery deadline. Yet in the more than five months between the status conference and the motion under consideration, Freeman never once moved that the discovery schedule be revised, or even hinted that more requests might be forthcoming.

Because of Freeman's gross disregard for this Court's scheduling order, this request should be denied.

## II. FREEMAN IS NOT ENTITLED TO DISCOVERY IN THIS COURT BECAUSE HE FAILED TO EXERCISE REASONABLE DILIGENCE IN THE PURSUIT OF THE DISCOVERY IN STATE COURT

Freeman also did not exercise due diligence in obtaining the requested discovery in state court. Though Freeman states flatly that it was "impossible" for Rule 32 counsel to know that these documents might exist, this assertion belies common sense.

"Since the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the first question a court must ask before allowing discovery is if the requesting party was reasonably diligent in his pursuit of the discovery at the state level." *Gary v. Terry*, 2006 WL 3534761, *3 (M.D.Ga. Dec. 23, 2005). The Supreme Court has explained that "[d]iligence for purposes of the opening clause [of §2254(e)(2)] depends upon whether the prisoner made a reasonable attempt, in

5

light of information available at the time, to investigate and pursue claims in state court." *Williams v. Taylor*, 529 U.S. 420, 435 (2000). The applicability of this provision is not dependent on "whether those efforts could have been successful." *Id*.

In *Issacs v. Head*, 300 F. 3d 1232, 1248-49 (11th Cir. 2002), and *Crawford v. Head*, 311 F. 3d 1288 (11th Cir. 2002), the Eleventh Circuit considered whether district courts properly denied discovery requests made by habeas petitioners. In *Issacs*, the Eleventh Circuit affirmed the denial of discovery because the petitioner had not exercised due diligence in obtaining discovery in state court. The Eleventh Circuit explained that in the context of discovery, "reasonably diligent" means that "'the prisoner made a reasonable attempt, in light of information available at the time, to investigate and pursue claims in state court.'" *Issacs*, 300 F. 3d at 1248-49 (*quoting Williams v. Taylor*, 529 U.S. 420, 435 (2000)). The Eleventh Circuit affirmed the district court's denial of Issac's discovery request, finding that,

> [Issacs] does not explain why the discovery that he seeks now is any different from the discovery that was available to him in state courts. Under these circumstances, we conclude that the district court properly denied Issacs' request to conduct additional discovery concerning the prayer because he neither exercised sufficient diligence to satisfy the requirements of §2254(e)(2) nor showed "good cause" as required by Rule 6(a).

*Id*. at 1250.

In *Crawford*, the Eleventh Circuit also affirmed the denial of discovery in a habeas proceeding because the petitioner had not exercised due diligence in pursuing the requested discovery in state court. The Eleventh Circuit held in *Crawford* that the petitioner's request for discovery in state court days before an evidentiary hearing was scheduled in his state habeas proceedings did not constitute the exercise of due diligence in attempting to obtain discovery in state court. *Crawford*, 311 F. 3d at 1329. The Eleventh Circuit held that, in those circumstances, the district court did not err in denying Crawford's discovery request. *Id*.

Freeman is not entitled to discovery because he did not exercise reasonable diligence in pursuing the discovery he now requests in the state court proceedings. Rule 32 counsel must have known from the record that Freeman was kept in foster homes, and must have known that extensive documents are maintained in such situations. Rule 32 Counsel also had access to his client, who could have disclosed to counsel whether any relevant mitigation could have been derived from his years in foster care. With reasonable diligence, any relevance of such documents could have been discovered and they could have been procured in state court. Instead, Rule 32 counsel made no such request, and did not even mention Freeman's foster parents in the petition. Freeman did not exercise due diligence or "a reasonable attempt, in light of information available at the time, to investigate and pursue

claims in state court." *Issacs*, 300 F. 3d at 1248-49.  This Court should, therefore, deny his discovery request.[2]

### III. FREEMAN IS NOT ENTITLED TO DISCOVERY IN THIS COURT BECAUSE HE HAS NOT DEMONSTRATED A COLORABLE CLAIM

Freeman is not entitled to discovery because he has not presented a colorable claim in this court.  In his new motion for discovery, Freeman states that his requests relate to Claim IV.E. of the petition, which asserts that trial counsel failed to investigate, develop, and present evidence of Petitioner's background and mental health problems.  (Doc 47 at 7)  This Claim was properly dismissed, and in any event does not provide support for the discovery requested.

This claim does not provide support for granting the requested discovery. The petition refers only generally to trial counsel's failure to present a "comprehensive 'family and social history.' " (Doc 5 at 40)  The petition does not allege that Freeman's foster parents were abusive or that his time with them was otherwise mitigating.  *Indeed, the petition does not even mention that he was ever in foster care.*  This claim provides no basis for an open-ended search into the

---

[2] In any event, even if Rule 32 counsel were diligent in pursuit of this discovery, his failure to procure these documents weighs heavily against the possibility that these documents could support a colorable claim, as he must show under 28 U.S.C. § 2254(e)(2).  Facts surrounding Harrison's time in foster care were equally available to trial counsel, Rule 32 counsel, and habeas counsel.  If Rule 32 counsel was *unable* to procure or even seek related documents despite reasonable diligence, it is difficult to imagine how trial counsel could have been ineffective

8

backgrounds of Freeman's foster parents.

This claim is also procedurally defaulted. Freeman's entire argument in state court was only one sentence, in which he alleged "trial counsel failed to present available evidence regarding petitioner's background and his mental health history to the jury in a manner which would have allowed the jury to give this evidence mitigating effect during the sentencing phase." 4th Amended Rule 32 Petition, at p. 7. Because Freeman's one-sentence claim provided only conclusory allegations without any facts, it was dismissed by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3, 32.6(b) and 32.7(d) of the Alabama Rules of Criminal Procedure. It is therefore procedurally defaulted from this Court's review. *Freeman v. State,* CR-02-1971, mem. op. at 15, 24-25 (Ala. Crim. App. June 17, 2005). Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds. *See also Harris*, 489 U.S. at 262-63; *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991) (en banc).

Discovery is not permitted for claims that are procedurally defaulted absent a showing of cause and prejudice or fundamental miscarriage of justice. *See, e.g., Williams v. Bagley*, 380 F.3d 932 (6th Cir. 2004) ("The district court properly denied Williams's first request for production. As previously discussed, Williams

---

for failing to discover those same documents.

has procedurally defaulted his ineffective assistance of counsel claims."); *Royal v. Taylor*, 188 F.3d 239 (4th Cir. 1999) ("Royal procedurally defaulted his *Brady* claims and has not shown cause and prejudice or fundamental miscarriage of justice permitting its consideration on federal habeas….The district court therefore did not abuse its discretion in denying the discovery request."). Freeman has made no showing of either cause and prejudice or a fundamental miscarriage of justice that would entitle him to the discovery requested. He has therefore not put forth a colorable claim and is not entitled to any discovery.

IV. **FREEMAN IS NOT ENTITLED TO DISCOVERY IN THIS COURT BECAUSE HE HAS NOT SHOWN GOOD CAUSE**

Freeman has not shown any cause, much less good cause, which entitles him to discovery in this case. Freeman relies on the grounds set forth in his petition to argue that he is entitled to discovery in this case. A federal habeas petitioner's conclusory allegation that requested materials would demonstrate proof of the grounds set forth in his petitioner is not sufficient to demonstrate good cause for purposes of permitting petitioner to engage in discovery. *See Wallace v. Ward*, 191 F. 3d 1235, 1245 (10th Cir. 1999); *West v. Johnson*, 92 F. 3d 1385 (5th Cir. 1996). Furthermore, a habeas petitioner's assertion that "trial counsel conducted inadequate discovery and independent investigation prior to the trial and sentencing" was not sufficiently specific to satisfy the good cause requirement for permitting discovery in support of a habeas petition. *Sherman v. McDaniel*, 333

F. Supp. 2d 960 (D. Nev. 2004). Instead, as the Fifth Circuit held in *Murphy v. Johnson*, good cause can only be demonstrated when a petitioner comes forward with specific factual allegations to support his claims:

> Good cause may be found when a petition for habeas corpus relief "establishes a prima facie claim for relief." *Harris* [*v. Nelson*, 394 U.S. 286, 290 (1969)]. Additionally, **a petitioner's factual allegations must be specific**, as opposed to merely speculative or conclusory, to justify discovery under Rule 6. *See West v. Johnson*, 92 F.3d 1385, 1399-1400 (5th Cir.1996) (*citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir.1994)). Simply put, Rule 6 does not authorize fishing expeditions.

205 F.3d 809, 814 (5th Cir. 2000) (emphasis added). Finally, "Good cause is demonstrated " 'where specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he . . . is entitled to relief.' " *Arthur v. Allen*, 452 F.3d 1234, 1248 (11th Cir. 2006), *quoting Bracy*, 520 U.S. at 908-09.

Freeman is not entitled to his discovery requests. Freeman refers to Claim IV.E. of in his petition for cause, but it is not apparent how the records requested might be relevant to that claim. The allegations therein hardly qualify as speculative or conclusory and certainly are not factually specific as required under *Murphy* and *Arthur*. As stated above, the petition does not even mention that Freeman ever had foster parents, much less make any allegations demonstrating that their files might be mitigating. Even in his motion, he still fails to provide

11

specific factual allegations.

Freeman's motion for discovery is obviously an impermissible fishing expedition. Freeman is requesting all documents "in the possession of any agencies of the State of Alabama or those affiliated with the State of Alabama" that provide "any information" on Patricia Elliott and Edna Smith.[3] The breadth of this request demonstrates that he has no specific allegation, but merely hopes to find some sort of damaging information on these two women, regardless of relevance.

Freeman has fallen fall short of his burden to show good cause.

## V. BECAUSE NO NEW DISCOVERY SHOULD BE GRANTED, FREEMAN IS NOT ENTITLED TO ADDITIONAL TIME FOR BRIEFING

Freeman also requests 60 additional days to file its merits brief so that it may have time to review the new discovery. As set forth *supra*, Freeman is not entitled to any new discovery, and therefore this request is unnecessary. However, as this court is aware, undersigned counsel was only recently assigned the case subsequent to previous counsel's medical problems, and consequently requested an extension of 60 days to file Respondent's initial brief. (Doc 51, Doc 52) In its January 18 order, this Court granted this motion, though it has not yet specified a new briefing schedule. (Doc 53) Therefore, assuming this request is granted in

---

[3] Respondent notes that, according to Freeman's motion, Ms. Smith lived in the State of Missouri when she cared for Freeman. (Doc 47 at 6) Therefore even were

full, Freeman will gain 60 additional days to file his brief regardless of the merits of his new discovery request.

## VI. CONCLUSION

As demonstrated above, Freeman is not entitled to the discovery requested.

WHEREFORE, Respondent respectfully requests that this Honorable Court deny Petitioner's Supplemental Motion for Discovery.

Respectfully Submitted,

Troy King
*Attorney General*

/s/ *Michael A. Nunnelley*
Michael A. Nunnelley
*Assistant Attorney General*
Counsel for Respondent

Address of Counsel:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-9242
Fax: (334) 353-3637

---

Freeman entitled to discovery, it is doubtful that any records on Ms. Smith would be within the control of the State of Alabama.

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/CEF system this 24th day of January, 2007, which will send notification to: **Keir M. Weyble, Christopher Seeds, and Robin Konrad.**

/s/ *Michael A. Nunnelley*
Assistant Attorney General