IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID FREEMAN        ) | |
|     *Petitioner*,   ) | |
| ) | |
| v.                   ) | |
| ) | Civil Action No. 2:06CV122-MHT-WC |
| RICHARD F. ALLEN, Commissioner,   ) | |
| Alabama Department of Corrections, ) | |
|     *Respondent*.  ) | |
| ) | |

**PETITIONER'S REPLY TO RESPONDENT'S OBJECTIONS TO PETITIONER'S SUPPLEMENTAL REQUEST FOR DISCOVERY AND MOTION TO REVISE BRIEFING SCHEDULE**

Petitioner, David Freeman, by and through undersigned counsel, submits this Reply to Respondent's Objections to Petitioner's Supplemental Request for Discovery and Motion to Revise Briefing Schedule (hereinafter "Objections"). As discussed below, none of the contentions set forth in respondent's Objections justify denying petitioner the supplemental discovery he seeks.

    **I.    The nature and timing of petitioner's request.**

At the outset, it is important to recognize that the request for supplemental discovery petitioner has made is extremely modest. Petitioner seeks only this Court's assistance in requesting records relating to a finite and small number of foster care placements which are necessary to fill gaps in the documentary record already in counsel's possession. In many jurisdictions, such record collection would not even require the involvement of a court. Petitioner moved for this supplemental discovery only because the Alabama rules governing disclosure of the materials he seeks, unlike the rules in at least some other places, require a court order. In any event, his request is simple and straightforwardly circumscribed.

Petitioner cannot, and makes no attempt to, deny that his request for supplemental discovery

was submitted after the original August 4, 2006 deadline for filing his discovery motion. As noted in the Supplemental Request for Discovery, however, the fact that petitioner's request comes after the original deadline is a function of both the relative shortness of that deadline, and the nature of the revelation that gave rise to the supplemental request. Simply put, counsel made clear in late June, 2006 that this case required substantial, time-consuming fact development work because petitioner had been denied every resource he sought during the state post-conviction proceedings, and, as discussed more fully *infra*, counsel's ignorance of the existence of the records petitioner now seeks was entirely reasonable. In short, far from exhibiting a "gross disregard for this Court's scheduling order," Objections at 5, petitioner's supplemental discovery request is merely a good faith effort to gain access to necessary information, made as soon as the existence of that information became known to counsel.

## II. Reasonable diligence.

Respondent contends that petitioner cannot be afforded the discovery he seeks because he "did not exercise due diligence in obtaining the requested discovery in state court." Objections at 5. In support of this contention, respondent begins with a discussion of *Isaacs v. Head*, 300 F.3d 1232 (11th Cir. 2002), and *Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002). Neither decision addressed circumstances resembling those presently before this Court. In *Isaacs*, the habeas petitioner sought discovery in federal court as part of an effort to reconstruct the record of an unrecorded prayer delivered at his state court trial. In upholding the district court's refusal of this request, the Eleventh Circuit explained that the petitioner was aware of the prayer at least by the time of his direct appeal, and had been given no fewer than three opportunities to develop the relevant record while his case was in state court. *See Isaacs*, 300 F.3d at 1249-50. In *Crawford*, the petitioner had waited until

days before his state post-conviction relief hearing before requesting discovery, and the Eleventh Circuit held that the state court's refusal to grant that request because of its timing relative to the evidentiary hearing was sufficient to constitute a "failure to develop" for purposes of 28 U.S.C. §2254(e)(2). In this case, by contrast, petitioner did not know of the existence of the records he now seeks, and had no reason to know of them until a local person experienced in Alabama's idiosyncratic system for foster care record keeping brought the possibility of their existence to counsel's attention.[1] That is a far cry from the circumstances in *Isaacs* or *Crawford*.

Respondent also asserts that "Rule 32 counsel must have known from the record that Freeman was kept in foster homes, and must have known that extensive documents are maintained in such situations." Objections at 7. This both overlooks the contents of the state court record and fundamentally mischaracterizes the request for supplemental discovery petitioner has made. Rule 32 counsel certainly knew from the approximately 1,900 pages of social history documentation in the state court record that petitioner had spent time in foster homes. What they did not know – because they were not, and had no means of becoming, familiar with the idiosyncracies of the state's foster care record-keeping practices – was that some of the records concerning petitioner's time in foster care would have been generated and/or catalogued under names other than petitioner's. On the contrary, Rule 32 counsel – who are not experts in social work or the record-keeping practices of state agencies in Alabama – believed, based on the information reasonably available to them, that they had a complete copy of the records maintained by the state concerning petitioner's foster placements. The fact that this reasonable belief has now been revealed to have been wrong is no

---

[1] It bears repeating that petitioner sought the funds necessary to retain such a person to assist with the investigation during the state court Rule 32 proceedings. That request was opposed by respondent and summarily denied by the state court.

basis for denying the modest request for supplemental discovery petitioner has submitted. (*Michael*) *Williams v. Taylor*, 529 U.S. 420, 435 (2000) ("Diligence for purposes of the opening clause [of §2254(e)(2)] depends upon whether the prisoner made a reasonable attempt, *in light of the information available at the time*, to investigate and pursue claims in state court; it does not depend, as the Commonwealth would have it, upon whether those efforts could have been successful") (emphasis added).

Respondent further declares that "Rule 32 Counsel also had access to his client, who could have disclosed to counsel whether any relevant mitigation could have been derived from his years in foster care." Objections at 7. This suggestion that counsel should simply have gone to their client for a comprehensive catalogue of the available mitigating evidence is fanciful and far out of touch with the realities of mitigation investigation in capital cases, particularly this one. As counsel have made clear throughout the state and federal litigation of this case, petitioner has significant cognitive impairments – impairments which render him a decidedly poor candidate to direct his own mitigation investigation. Furthermore, as has been made clear above and in the request for supplemental discovery itself, the question is not whether counsel or petitioner knew or should have known whether petitioner spent time in foster homes. They did. Rather, the question is whether, having now been apprised of an idiosyncracy in the system which generated and housed his records, petitioner should be given the modest benefit of access to the additional documents whose existence was previously unknown to him or his counsel.[2]

**III.     Colorable claim and procedural default.**

---

[2] In footnote 2 of its Objections, respondent makes a series of assertions about one "Harrison" and his or her counsel. Petitioner does not know who Harrison is, and, in any event, the assertions made by respondent against him or her have no application to petitioner or his counsel.

Respondent argues that Ground IV.E. of the Petition for Writ of Habeas Corpus does not provide a basis for petitioner's supplemental discovery request because it "does not allege that Freeman's foster parents were abusive or that his time with them was otherwise mitigating. *Indeed, the petition does not even mention that he was ever in foster care*." Objections at 8 (emphasis by respondent). This implies that a habeas petitioner cannot obtain discovery without predicting and alleging in advance precisely the information that he could not know without discovery. Respondent does not cite, nor is petitioner aware of, any authority establishing such a tautological requirement.

Respondent also reiterates its position that Ground IV.E. "is also procedurally defaulted," Objections at 9, and asserts that its invocation of this procedural defense forecloses discovery. However, whether or not Ground IV.E. or any other ground in the petition is actually procedurally defaulted has yet to be briefed or decided by this Court. Petitioner does not concede that any of his claims – particularly those rejected by the Alabama Court of Criminal Appeals under Rules 32.3, 32.6(b) and 32.7(d) – are defaulted, or that he could not, if necessary, make a showing of cause and prejudice sufficient to overcome a default. Until the procedural default issues have been fully briefed and resolved, they cannot serve as a proper basis for denying petitioner's supplemental discovery request.

**IV.   Good cause.**

Finally, respondent argues that Ground IV.E. cannot provide good cause for discovery because the allegations it contains "do[] not even mention that Freeman ever had foster parents, much less make any allegations demonstrating that their files might be mitigating." Objections at 11; *see also* Objections at 12 ("The breadth of this request demonstrates that he has no specific allegation, but merely hopes to find some sort of damaging information on these two women,

regardless of relevance"). As noted above, however, petitioner is aware of no requirement that his Petition make specific reference to the fact that he "had foster parents" in order to preserve his ability to later seek discovery of previously unknown documents about his background. As Ground IV.E. (and Ground IV.D to which Ground IV.E. makes specific reference), quite plainly indicates, one of petitioner's central allegations is that trial counsel did not identify and utilize the particularly mitigating aspects of petitioner's uniquely troubled background, including a "complete lack of nurturing and supportive family contact," the "adverse neurological and developmental effects wrought by the absence of nurturing petitioner experienced," and "the ways in which these effects manifested themselves in petitioner's behavior, particularly in times of stress." Pet. at 39; 41. The documents petitioner seeks are likely to contain information relevant to these allegations, perhaps by showing that petitioner was mistreated while in certain foster placements, or perhaps simply by supplying additional detail about the instability petitioner experienced in his formative years and the ways in which that instability contributed to his psychological status at the time of the offense.[3] The relevance of such information to the allegations in Ground IV.E. is obvious and easily sufficient to satisfy the good cause requirement of Rule 6. *See Bracy v. Gramley*, 520 U.S. 899, 904, 908-909

---

[3]Respondent's assertion that petitioner "merely hopes to find some sort of damaging information on these two women, regardless of relevance," Objections at 12, is simply wrong. As the Supreme Court has made clear, capital defense counsel have an "'obligation to conduct a thorough investigation of the defendant's background.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (internal citations omitted); *see also Rompilla v. Beard*, 545 U.S. 374, 387 n.7 (2005) ("Our decision in *Wiggins* made precisely the same point in citing the earlier 1989 ABA Guidelines. 539 U.S. at 524 ("The ABA Guidelines provide that investigations into mitigating evidence 'should comprise efforts to discover *all reasonably available* mitigating evidence and evidence to rebut any aggravating evidence that may be introduced by the prosecutor'" (quoting 1989 ABA Guideline 11.4.1.C (emphasis in original))"). Such an investigation necessarily includes an examination of the places and people with which the defendant came into contact as a child, whether or not that examination yields information that could be characterized as inherently "damaging."

(1997); *see also McDaniel v. U.S. Dist. Court for the Dist. of Nevada (Jones)*, 127 F.3d 886, 888 (9th Cir. 1997) (citing *Harris v. Nelson*, 394 U.S. 286, 299 (1969)) ("[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry").

WHEREFORE, for these additional reasons, Mr. Freeman respectfully requests that this Court grant his motion for supplemental discovery and motion to revise the briefing schedule.

Respectfully Submitted,
s/Keir M. Weyble
**KEIR M. WEYBLE**
Blume Weyble & Norris, LLC
P.O. Box 11744
Columbia, SC 29211
TEL:   (803) 765-1044
FAX:   (803) 765-1143
E-Mail: keir@blumelaw.com

**s/Christopher Seeds**
**CHRISTOPHER SEEDS**
P.O. Box 6725
FDR Station
New York, NY 10150
TEL:   (917) 837-6760
E-Mail: chrisseeds@gmail.com

**s/Robin C. Konrad**
**ROBIN C. KONRAD**
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353
E-Mail: robin_konrad@fd.org

January 25, 2007.                                                    Counsel for David Freeman

## CERTIFICATE OF SERVICE

  I hereby certify that on January 25, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

  Michael Nunnelley, Assistant Attorney General
  Office of the Attorney General
  Alabama State House
  11 South Union Street
  Montgomery, Alabama 36130

            s/Robin C. Konrad
            **ROBIN C. KONRAD**
            **AL BAR NO.:ASB-2194N76K**
            Attorney for Petitioner
            Federal Defenders
            Middle District of Alabama
            201 Monroe Street , Suite 407
            Montgomery, AL 36104
            TEL:   (334) 834-2099
            FAX:  (334) 834-0353
            E-Mail: robin_konrad@fd.org