IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID FREEMAN, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO.2:06cv122-MHT-WC
)
RICHARD ALLEN, )
Commissioner Alabama Department )
of Corrections, )
)
Respondent. )

**<u>O R D E R</u>**

This habeas corpus case is before the court on Petitioner's Supplemental Request for Discovery and Motion to Revise Briefing Schedule (Doc. # 47) filed December 29, 2006 and Respondents' Objections to this Motion (Doc. # 58) filed January 24, 2007.

In his motion the Petitioner seeks to supplement discovery which was previously allowed by this court by Order of October 29, 2006, to include

> "the disclosure of any and all records in the possession of any agencies of the State of Alabama or those affiliated with the State of Alabama, including but not limited to the Alabama Department of Human Resources, that relate to Mr. Freeman and his care while he was a child. This discovery request includes, but is not limited to, any information related to Mr. Freeman's foster parent Patricia Elliott, who upon information and belief lived in Talladega County, Alabama, at the time of Mr. Freeman's placement, and Edna Smith, who upon information and belief lived in the State of Missouri at Ft. Leonard Wood in

Pulaski County at the time of Mr. Freeman's placement." Petitioner argues that good cause is demonstrated for this request because this information will enable him to investigate and prove his claim that the Constitution was violated by his trial counsel's ineffectiveness in failing to investigate, develop and present evidence of Petitioner's background and mental health in a mitigating way. See Bracy v. Gramley, 520 U.S. 899, 904, 908-09 (1997); Petition Claim IV. E. at pps. 39-41. He further argues that he was diligent in his attempt to obtain discovery in State post conviction proceedings. The Respondent argues that this discovery is not supplemental to the discovery previously allowed by this court, but rather is wholly unrelated to the claims that underlie his initial discovery, and that petitioner has not demonstrated good cause or due diligence for this discovery.

In his original request the Petitioner sought all records pertaining to David Freeman generated or maintained on or after May 1, 2002 by the Alabama Department of Corrections and other entities associated with the DOC (named specifically in the request) including but not limited to "disciplinary records, medical records, psychological, psychiatric and mental health records". Petitioner argued that this information was necessary to aid him in proving his claims found at IV. B, IV. D, and IV. F in the petition that trial counsel were constitutionally ineffective for failing to develop and present evidence of his neurological impairments and his adaptability to confinement. The court allowed this discovery, which

updated records that Petitioner had previously sought and received in state court with information from May 1, 2002 until the present. The current discovery request is not a request to update records, but rather is a request to fill in gaps in information previously gathered.

The Eleventh Circuit has held that before a court may grant a motion for discovery in a federal habeas corpus proceeding, a petitioner must demonstrate that he used "due diligence" in state courts to obtain the discovery that he is seeking now in federal court. See, Isaacs v. Head, 300 F.3d 1232, 1248-49 (11th Cir. 2002) where the court recognized that the 28 U.S.C. § 2254 (e)(2) due diligence requirement necessary for holding an evidentiary hearing applies equally to claim for discovery. Due diligence means that "the prisoner made a reasonable attempt, in light of information available at the time, to investigate and pursue claims in state court." Id.

The Petitioner argues that we was diligent in attempting to gather this information in state court, because he sought and was granted by the state court discovery of this information, but was denied funds to secure a mitigation investigator and a social worker. See Tab #R-52 (Rule 32, c. 174); Tab #59 (Rule 32, R. 49-53). He further argues that "without the expertise and local knowledge of a social worker familiar with Alabama's foster care procedures, it was impossible for out-of-state *pro bono* counsel to know that the record on appeal was incomplete as to all documentation related to Mr. Freeman's foster homes."

The court is not persuaded that counsel, who admittedly had access to voluminous records from state agencies about Petitioner's childhood, see Petitioner's Supplemental Request for Discovery, p 4; Tab #R-1 ( C. 1256-3195, Vol 24-33), acted diligently to investigate and pursue this claim in state court. Indeed, Petitioner has failed to demonstrate to the court why this information could not have been discovered during the state court proceedings given that counsel had access to the volumes of information which have led counsel to the conclusion now in federal court that certain foster records are incomplete and given that the state court had granted Petitioner's motion authorizing this discovery. Counsel represent to the court that a Federal Defender investigator, who is a trained social worker, determined during the federal court proceeding that the records sought in this motion were missing from the previously collected file currently in counsel's possession. However, the court is not persuaded that the expertise of a social worker familiar with Alabama's foster care procedures was necessary to determine that the records were incomplete. Rather, the court concludes that had counsel acted diligently in reviewing the records which he admittedly had access to during the state court proceeding this discovery motion would not be necessary now in federal court. Accordingly, the court concludes that this motion for supplement discovery is due to be denied.

In his motion, Petitioner also asks the court to revise its briefing schedule. Because

the court has determined that Petitioner failed to carry his burden on his discovery motion, no extension of time should be granted on that basis. However, on January 16, 2007, the Respondent filed Motion for Enlargement of Time (Doc. #52) requesting 60 days from January 15, 2007 to file its brief on procedural default because lead counsel for the Respondent in this matter is on indefinite medical leave and counsel was only recently assigned to this case and could not prepare an adequate brief by the existing deadline. Thus, the Respondent requested an extension of 60 days to file its procedural default brief. Accordingly, the court concludes that the briefing schedule shall be altered to accommodate the Respondent's requested extension.

Accordingly, it is

ORDERED that Petitioner's December 29, 2006 Supplemental Motion for Discovery (Doc. # 47) be and hereby is DENIED. It is further

ORDERED that Petitioner's Motion to Revise Briefing Schedule (Doc. # 47) shall be GRANTED to the extent that the briefing schedule more fully set out in this court's October 19, 2006 Order shall be extended as follows: the Respondent shall file its procedural default brief on or before March 19, 2007; the Petitioner shall file his response to the procedural default brief and his merits brief on or before April 16, 2007; the Respondent shall file its response brief to the procedural default issues and the merits on or before May 14, 2007; and the Petitioner shall file his reply brief addressing the merits on or before May 29, 2007.

The parties are CAUTIONED that this court, having already granted two extensions of this briefing schedule, will grant no further extensions without a showing of exceptional circumstances.

DONE this 26th day of January, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE