IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID FREEMAN )<br>          *Petitioner*, )<br>)<br>v. )<br>)<br>RICHARD F. ALLEN, Commissioner, )<br>Alabama Department of Corrections, )<br>          *Respondent*. )<br>————————————————— ) | Civil Action No. 2:06CV122-MHT-WC |

**PETITIONER'S OBJECTION TO THIS COURT'S JANUARY 26, 2007 ORDER
DENYING SUPPLEMENTAL REQUEST FOR DISCOVERY**

Petitioner, David Freeman, by and through undersigned counsel, submits his Objection To This Court's January 26, 2007 Order Denying Supplemental Request For Discovery. In support of this pleading, Petitioner submits the following:

A magistrate judge's decision regarding any pretrial matter may be reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Thomas v. Whitworth*, 136 F.3d 756, 759 (11th Cir. 1998) (noting §636 allows magistrate to decide issues of pretrial discovery without consent of parties). By denying Mr. Freeman's request for limited supplemental discovery, the magistrate judge reached a decision that is clearly erroneous.

On October 19, 2006, Magistrate Judge Vanzetta McPherson issued an order granting Mr. Freeman's limited request for discovery. *See Freeman v. Allen*, Case No. 2:06CV122, Order (Oct. 19, 2006) [Doc. 38]. Mr. Freeman sought discovery of records maintained at Holman Correctional Facility dated from May 2002 until present, and he sought discovery of physical and documentary evidence related to the investigation and testimony of Dr. Michael O'Brien, which he believed was

in the possession of the Alabama Department of Forensic Sciences ("ADFS"). In the order, Judge McPherson noted that Mr. Freeman had moved the Alabama state courts for discovery of evidence related to Dr. O'Brien's testimony—which the state courts had granted. *Id.* at 5. Judge McPherson nevertheless accepted Mr. Freeman's argument that he was prevented from developing the claim in state court because he was denied funds for expert assistance; the judge found that "petitioner used due diligence to obtain the discovery in state court . . . ." *Id.* at 6.

Subsequent to Judge McPherson's order granting Mr. Freeman's initial discovery request, Mr. Freeman sought additional discovery related to records of his foster care placement. *See Freeman v. Allen*, Case No. 2:06CV122, Mr. Freeman's Update Regarding Status of Disc., Supplemental Req. for Disc., and Mot. to Revise Briefing Schedule (Dec. 29, 2006) [Doc. 47] (hereafter "Supplemental Discovery Request"). In his Supplemental Discovery Request, Mr. Freeman asked this Court to issue an order to allow him access to documentary evidence of at least two foster homes, that of Patricia Elliott and Edna Smith, which were not included in the previously-obtained discovery. Mr. Freeman argued that this request related directly to his claim that trial counsel was ineffective for "failing to investigate, develop, and present evidence of Mr. Freeman's background and mental health in a mitigating way." *Id.* at 7. Indeed, Mr. Freeman informed the Court that his current legal team "discovered information, *through independent investigation*, that would have been documented in the case files of other foster parents" and that counsel has only recently discovered, through the expertise of a social worker employed with the Federal Defenders, that in seeking foster care records of a child placed through the Alabama Department of Human Resources, one must request records under the name of the foster parent, not simply the child. *Id.* at 5 (emphasis added). Mr. Freeman also asserted that he was denied funds for the assistance of a

2

mitigation investigator or a social worker in state court which effectively nullified the utility of the state court's grant of discovery. *Id.* at 7. Without funds for assistance to interview witnesses and to navigate the record-keeping procedures in Alabama, neither out-of-state *pro bono* counsel nor Mr. Freeman could develop or present the factual basis for his claim.

This Court, Magistrate Judge Wallace Capel, Jr. presiding, ordered the Respondent to show cause why Mr. Freeman's Supplemental Discovery Request should not be granted. *See Freeman v. Allen*, Case No. 2:06CV122, Order (Jan. 3, 2007) [Doc. 48]. The Respondent filed its objections to Mr. Freeman's Supplemental Discovery Request on January 24, *see Freeman v. Allen*, Case No. 2:06CV122, Resp't's Objections To Pet'r's Supplemental Req. For Disc. And Mot. To Revise Briefing Schedule (Jan. 24, 2007) [Doc. 58], and Mr. Freeman filed his reply to Respondent's objections on January 25, *see Freeman v. Allen*, Case No. 2:06CV122, Pet'r's Reply To Resp't's Objections To Pet'r's Supplemental Req. For Disc. And Mot. To Revise Briefing Schedule (Jan. 25, 2007) [Doc. 59]. Judge Capel issued an order on January 26, which denied Mr. Freeman's Supplemental Discovery Request. *See Freeman v. Allen*, Case No. 2:06CV122, Order (Jan. 26, 2007) [Doc. 60].

In the order denying Mr. Freeman's Supplemental Discovery Request, Judge Capel was "not persuaded that the expertise of a social worker familiar with Alabama's foster case procedures was necessary to determine that the records were incomplete." *Id.* at 4. Moreover, the order stated that "Petitioner has failed to demonstrate to the court why this information could not have been discovered during the state court proceedings given that counsel had access to the volumes of information which have led counsel to the conclusion now in federal court that certain foster records are incomplete and given that the state court had granted Petitioner's motion authorizing this

discovery." *Id.* In fact, the order went so far as to find that "had counsel acted diligently in reviewing the records which he admittedly had access to during the state court proceeding this discovery motion would not be necessary now in federal court." *Id.*

Mr. Freeman respectfully objects to Judge Capel's order denying his Supplemental Discovery Request. The decision is clearly erroneous because it ignores: (1) applicable precedent from the United States Supreme Court; (2) the prior ruling on discovery made by this Court; and (3) assertions made in Mr. Freeman's Supplemental Discovery Request.

**I.      United States Supreme Court Precedent**

In 2000, the United States Supreme Court addressed the issue in the current case—that is, whether a petitioner seeking habeas corpus relief in federal court failed to develop the factual basis for his claim in state proceedings thus precluding him from obtaining an evidentiary hearing in federal court. *See (Michael) Williams v. Taylor*, 529 U.S. 420 (2000). Relying on 28 U.S.C. § 2254(e)(2), the Court established a two-part test for determining whether a petitioner would be permitted to develop facts in federal court. A district court must first ask whether a "factual basis [for a claim] was indeed developed in state court." *Id.* at 431 (referring to 28 U.S.C. § 2254(e)(2)). If the answer is no, the court must then ask whether the petitioner was "diligent in his efforts" to discover the facts in state court. *Id.* at 435. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437. Although the Court recognized that comity is important, "comity is not served by saying a prisoner 'has failed to develop the factual basis of a claim' where he was unable to develop his claim in state court despite a diligent effort." *Id.*

The factual circumstances related to due diligence in *Williams* are similar to the

4

circumstances in the case before this Court. Mr. Williams, a prisoner sentenced to death in Virginia, discovered during his federal habeas proceedings that the foreperson of his jury failed to admit during *voir dire* that she was previously married to the state's first witness, a sheriff, and that she was represented in her divorce by one of the state prosecutors. *Id.* at 441. The petitioner was denied an evidentiary hearing in federal court because, according to the lower courts, he was not diligent in developing his claims during state proceedings. *Id.* at 428. The Supreme Court reversed, finding that the petitioner was, in fact, diligent in state court. *Id.* at 445. Indeed, the Court found relevant that state habeas counsel attempted to investigate issues involving the petitioner's jury and counsel sought funds for expert services "to examine all circumstances relating to the empanelment of the jury and the jury's consideration of the case." *Id.* at 442. The motion for expert assistance was opposed by the state and denied by the court because the allegations were "vague." *Id.* The Supreme Court refused to find that the vagueness was attributable to the petitioner as he would not have known to suspect the juror relationship. *Id.* at 443.

In the instant case, Mr. Freeman's state post-conviction counsel represented him *pro bono*, as Alabama does not provide counsel to death row prisoners seeking post-conviction relief. Post-conviction counsel, located in South Carolina, had limited funds and, as a result, had limited abilities for fact-development in state court. Despite repeated requests for funds for assistance to review records and to interview witnesses, which were opposed by the state, neither Mr. Freeman nor his counsel was ever provided any assistance. *See* Tab #R-52 (Rule 32, C.174) (Mot. For Funds Necessary For The Development And Presentation Of The Factual Bases For Pet'r's Grounds For Relief Apr. 3, 2002) (seeking funds for "mitigation investigator with experience in locating and analyzing social history documentation, and in interviewing those with knowledge of [Mr.

Freeman's] background and personal characteristics" and for a social worker to analyze Mr. Freeman's background); Tab #R-59 (Rule 32, R. 49-50) (Hearing on Motions May 29, 2002) (arguing that a mitigation investigator needs to interview witnesses); Tab #R-58 (Rule 32, C. 406-08) (Pet'r's Proffer Of Facts And Evidence In Support Of The Grounds For Relief Set Forth In His Rule 32 Petition June 4, 2003) (noting that "a mitigation investigator would have obtained, reviewed, and cross-reference documentary evidence of petitioner's . . . social history . . . . Additionally, such an investigator would have obtained first-hand information from a variety of family members, friends, acquaintances, and others who knew petitioner prior to the offense" and asserting that a "social worker has specific training and expertise," that "there is an extraordinary amount of documentary information to be reviewed," and that a social worker "would have interviewed petitioner's family members and others with relevant information about his background . . .").

  Mr. Freeman, who is now in federal court, has a right to counsel and now has the benefit of having the expert assistance that he has been requesting since he was in state court. Mr. Freeman alleged in state court, and again in his current proceedings, that his trial counsel were ineffective in failing to investigate, develop, and present mitigating evidence. *See* Tab #R-57 (Rule 32, C. 299) (Fourth Amended Petition For Relief From Conviction And Sentence Pursuant To Rule 32 Of The Alabama Rules Of Criminal Procedure Sept. 11, 2002); Petition For Writ Of Habeas Corpus By A Person In State Custody at 39-41 (Claim IV.E). Like Mr. Williams, he diligently sought assistance in state court proceedings to prove this claim, yet he was denied his requests. Also like Mr. Williams, he was unable to assert the exact allegations that would support his claim because he did not have the resources to discover such information. The steps that Mr. Freeman took to develop facts in his state post-conviction proceedings are analogous to those taken in Mr. Williams' case.

Regardless of his diligence, Mr. Freeman could not have known that there were additional records catalogued under another name that related to his foster care without conducting independent investigation and without knowledge of Alabama's record-keeping system. He acted in the same manner that Mr. Williams did in state court by requesting necessary assistance to discover such information; his requests were objected to by the state and denied by the court. Indeed, applying the *Williams* decision, Magistrate Judge Capel clearly erred in denying Mr. Freeman's Supplemental Discovery Request on the basis that he was not diligent in state court.

## II.     Decision Of This Court Granting Discovery

On October 19, 2006, Magistrate Judge McPherson issued an order granting Mr. Freeman's limited request for discovery, which included access to physical evidence from ADFS. *See Freeman v. Allen*, Case No. 2:06CV122, Order (Oct. 19, 2006) [Doc. 38]. Mr. Freeman's initial request for discovery was similar to the discovery granted by the Alabama courts in state post-conviction proceedings. In fact, Mr. Freeman conceded in his initial motion for discovery before this Court and in his response to Respondent's objections to his request for discovery that the state court granted him access to the physical and documentary evidence housed with ADFS. *See Freeman v. Allen*, Case No. 2:06CV122, Mot. For Disc. at 6 (Aug. 4, 2006) [Doc. 31] ("While petitioner received authorization to inspect these items during the state post-conviction proceedings, his request for the expert assistance necessary for an informed inspection was summarily denied."); *Freeman v. Allen*, Case No. 2:06CV122, Pet'r's Resp. To Resp't's Objection to Pet'r's Mot. For Disc. at 6 (Aug. 30, 2006) [Doc. 36] ("Mr. Freeman's counsel filed several motions with the [state] Court seeking funds for an expert to review this information, and even sought funds in his Rule 32 petition and amendments."). In reaching its decision, "the court conclude[d] that petitioner used due diligence

7

to obtain the discovery in state court and that he is not barred from seeking this discovery at this time." *Freeman v. Allen*, Case No. 2:06CV122, Order at 6 (Oct. 19, 2006) [Doc. 38].

In his Supplemental Discovery Request, Mr. Freeman sought access to documents that he could not have otherwise known about without expert and financial assistance. In denying his request, Judge Capel stated that Mr. Freeman failed to demonstrate "why this information could not have been discovered during the state court proceedings given that counsel had access to the volumes of information which have led counsel to the conclusion now in federal court that certain foster records are incomplete and given that the state court had granted Petitioner's motion authorizing this discovery." *Freeman v. Allen*, Case No. 2:06CV122, Order at 4 (Jan. 26, 2006) [Doc. 60]. This determination is contrary to the prior decision granting discovery. Indeed, Mr. Freeman asserted in his initial motion for discovery and in his Supplemental Discovery Request that, even though he was technically permitted to access this information through a state court order, he could not have analyzed it without expert assistance. Just as neither Mr. Freeman nor his counsel were able to inspect dental molds and determine whether the expert opinion of Dr. O'Brien was valid, neither Mr. Freeman nor his counsel were able to ascertain from the records that they were incomplete without interviewing witnesses and without the expertise of a social worker who is familiar with Alabama's foster care record system. Because Judge Capel's order denying Mr. Freeman's Supplemental Discovery Request overlooks the reality of the circumstances faced by Mr. Freeman and his counsel during state post-conviction proceedings and contradicts this Court's previous finding of diligence, the decision is clearly erroneous.

### III. Mr. Freeman's Supplemental Discovery Request

Judge Capel's January 26, 2007 Order denying Mr. Freeman's Supplemental Discovery

Request ignores one of the main assertions made by Mr. Freeman in his request. The order notes that the court was "not persuaded that the expertise of a social worker familiar with Alabama's foster care procedures was necessary to determine that the records were incomplete." *Freeman v. Allen*, Case No. 2:06CV122, Order at 4 (Jan. 26, 2006) [Doc. 60]. It determined that counsel would not be requesting supplemental discovery in federal court if they had acted diligently in reviewing the records during state post-conviction proceedings. *Id.* Judge Capel, however, fails to address the assertion that "Mr. Freeman's legal team has also discovered information, through independent investigation, that would have been documented in the case files of other foster parents." *Freeman v. Allen*, Case No. 2:06CV122, Supplemental Disc. Req. (Dec. 29, 2006) [Doc. 47]. Mr. Freeman was prevented from interviewing witnesses in state post-conviction proceedings because his *pro bono* out-of-state counsel was denied funds for assistance. Mr. Freeman, as a prisoner on Alabama's death row, was likewise unable to conduct investigation. Instead, counsel examined the multitude of documents in the record on appeal, including records from state agencies where Mr. Freeman lived throughout his childhood, and believed that it was complete.

  When Mr. Freeman began litigating his constitutional violations in federal court, he was appointed counsel along with the Federal Defender Office, which has resources to conduct the investigation and fact-development that could not have occurred in state court proceedings. Upon investigating Mr. Freeman's claims, counsel discovered facts that were unknown to state post-conviction counsel and that would require additional records that are only available through a court order. The information that has been discovered through witness interviews is not in the records and, therefore, could not have been found through a diligent search of the records. As a result of these interviews coupled with the expert assistance of a social worker, Mr. Freeman now has reason to

9

believe that he needs records that relate to two foster homes where he resided in order to complete the record. Because Mr. Freeman was unable to interview witnesses while in state post-conviction proceedings, through no fault of his own, Judge Capel clearly erred in finding that Mr. Freeman was not diligent in state court.

WHEREFORE, Mr. Freeman respectfully submits these objections to this Court's decision denying his Supplemental Discovery Request.

Respectfully Submitted,
**s/Keir M. Weyble**
**KEIR M. WEYBLE**
Blume Weyble & Norris, LLC
P.O. Box 11744
Columbia, SC 29211
TEL:  (803) 765-1044
FAX:  (803) 765-1143
E-Mail: keir@blumelaw.com

**s/Christopher Seeds**
**CHRISTOPHER SEEDS**
P.O. Box 6725
FDR Station
New York, NY 10150
TEL:  (917) 837-6760
E-Mail: chrisseeds@gmail.com

**s/Robin C. Konrad**
**ROBIN C. KONRAD**
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: robin_konrad@fd.org

February 9, 2007.                                            Counsel for David Freeman

## CERTIFICATE OF SERVICE

       I hereby certify that on February 9, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

       Michael Nunnelley, Assistant Attorney General
       Office of the Attorney General
       Alabama State House
       11 South Union Street
       Montgomery, Alabama 36130

       **s/Robin C. Konrad**
       **ROBIN C. KONRAD**
       **AL BAR NO.:ASB-2194N76K**
       Attorney for Petitioner
       Federal Defenders
       Middle District of Alabama
       201 Monroe Street , Suite 407
       Montgomery, AL 36104
       TEL:   (334) 834-2099
       FAX:   (334) 834-0353
       E-Mail: robin_konrad@fd.org