IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID FREEMAN,      )
            )
   Petitioner,     )
            )
   v.        ) CIVIL ACTION NO.2:06cv122-MHT-WC
            )
RICHARD ALLEN,      )
Commissioner Alabama Department )
of Corrections,       )
            )
   Respondent.    )
            )

**O R D E R**

This habeas corpus case is before the court on Petitioner's Objection to the Order of

the Magistrate Judge Denying Petitioner's Supplemental Request for Production (Doc. #

61) filed February 9, 2007. Petitioner asks this court to reconsider the Magistrate Judge's

Order because he can demonstrate that the Order is clearly erroneous or contrary to law

pursuant to 28 U.S.C. § 636 (b)(1)(A). Indeed, pursuant to Fed. R. Civ. P. Rule 72 the

District Judge shall consider the objections and modify or set aside any portion of the

Magistrate Judge's order which the court concludes is "clearly erroneous or contrary to law".

However, pursuant to agreement of the parties, the court has construed the Objections as a

"Motion for Reconsideration" of this court's January 26, 2007 Order denying Petitioner's

Motion for Supplemental Discovery. For the following reasons, the court concludes that

Petitioner's Motion to Reconsider is due to be denied.

In the January 26, 2007 Order, the court denied Petitioner's supplemental request for

discovery on the ground that the information sought – records from two of petitioner's foster

families – could have been discovered by petitioner exercising due diligence in state court.

Isaacs v. Head, 300 F. 3d 1232, 1248-49 (11th Cir. 2002) (Due diligence means that "the

prisoner made a reasonable attempt, in light of information available at the time, to

investigate and pursue claims in state court.")  Indeed, the court was persuaded that since

Petitioner's counsel had in his possession during the state court proceeding the Petitioner's

social history records, which counsel admits lead the Petitioner's legal team now to conclude

in the federal court proceeding that certain records are missing, Petitioner's motion for

supplemental discovery was due to be denied.  In short the court concluded "that had counsel

acted diligently in reviewing the records which he admittedly had access to during the state

court proceeding this discovery motion would not be necessary now in federal court."  Order

at p.4

Petitioner argues that this ruling is clearly erroneous because it ignores (1) applicable

precedent from the United States Supreme Court; (2) the prior ruling on discovery made by

this Court; and (3) assertions made in Mr. Freeman's Supplemental Discovery Request.  The

court will now address Petitioner's arguments and will first deal with arguments (1) and (3),

together.

Contrary to the Petitioner's assertion, Williams v. Taylor, 529 U.S. 420 (2000)

supports the conclusion of this court.  In Williams the Court found petitioner acted diligently

to discover facts in state court relating to issues concerning the empaneling of the jury

because the court concluded that "[t]he trial record contains no evidence which would have put a reasonable attorney on notice" of the factual basis for his claim. Id. at 442. During voir dire a potential juror, who later became the jury foreperson, failed to reveal pursuant to direct questioning that she was previously married for 17 years to the deputy sheriff who investigated the crime scene and later became the prosecution's lead off witness at trial and that she had four children with him. She also failed to reveal that one of the prosecutors had represented her during the divorce proceeding. Id. at 440-441. The Court held that because of the juror's and the prosecutor's silence, there was no basis for an investigation into the juror's marital history. Id. at 443.

In the instant case, however, Petitioner admits that the records previously collected by counsel in state court "make reference" to the two specific foster homes about which Petitioner now seeks discovery, but that the records do not contain the files for these foster families. See Petitioner's Supplemental Request for Discovery (Doc. # 47) at para.21. Moreover, counsel had access to the Petitioner who had personal knowledge of his foster care and through whom counsel could have obtained a first hand account of his foster care. Thus, unlike the factual situation in Williams, there was information available to Petitioner's counsel "which would have put a reasonable attorney on notice" of the existence of additional foster care information which could support petitioner's mitigation claim.

Petitioner further argues that he, like the petitioner in Williams, sought funds for expert assistance, which were denied by the state court, and this prevented him from

3

developing mitigating evidence about Petitioner's foster care.  Specifically, he argues that

"[He] was prevented from interviewing witnesses in state post-conviction proceedings

because his pro bono out-of-state counsel was denied funds for assistance." Instead, counsel

represents that "counsel examined the multitude of documents in the record on appeal,

including records from state agencies where Mr. Freeman lived throughout his childhood,

and believed it was complete." Then counsel represents that "Mr. Freeman's legal team has

also discovered information, through independent investigation, that would have been

documented in the case files of other foster parents." See Petitioner's Objection to this

Court's January 26, 2007 Order (Doc. # 61) at p.9.

However,  Petitioner provides no explanation to this court, other than the assertion

that counsel was pro bono, of why counsel himself could not have conducted during the state

court proceeding further investigation into Petitioner's foster care as a child, especially since

certain foster care records were admittedly in counsel's possession and contained the names

of two foster families which Petitioner seeks to discover now and since counsel had access

to the Petitioner, who himself could have provided information about his foster care.  Indeed,

the Eleventh Circuit has recognized that the denial of funds for expert assistance, without

more, does not excuse a lack of due diligence.  See McNair v. Campbell, 416 F. 3d 1291,

1299 (11th Cir. 2005)(where the court concluded that counsel did not act with due diligence,

even though the state court denied petitioner's motions for expert funds and access, where

counsel failed to pursue other means for establishing the factual predicate for his claim.)

Accordingly, the court concludes the Petitioner has failed to demonstrate that this court's conclusion that Petitioner failed to act with due diligence should be reversed.

Petitioner also argues that the January 26, 2007 Order denying Petitioner's Supplemental Request for Discovery is clearly erroneous or contrary to law, because the Order is contrary to the court's prior decision issued on October 19, 2006 which grants discovery. In the prior Order the court allowed Petitioner to discover, over a due diligence objection, documents and tangible items created and/or used by Dr. O'Brien, the forensic odontologist who testified at trial for the prosecution. The court was persuaded that since counsel had requested and was granted in state court, the same discovery he was requesting the court to allow, but had been denied expert assistance to analyze the discovery that Petitioner used due diligence. Thus, Petitioner argues that this ruling binds the court to conclude that Petitioner likewise used due diligence to discover the foster care records.

The court disagrees. Rather, the court does not view a request for dental records which formed the basis of an expert opinion in state court as analogous to a request for foster care records which counsel in federal court discovered were missing from the state court records. Indeed, the distinguishing point is what counsel failed to do to ensure discovery of the factual basis of each of these claims. See McNair, id., at 1299. With respect to the mitigation claim, this court has previously rejected counsel's claims that expert assistance was needed to discover the foster care documents. Rather, the court concluded that counsel did not act diligently when he failed to take additional steps to discover the

foster care records in state court.  However, with respect to the ineffectiveness claim based

on the failure to challenge expert testimony at trial, the court remains persuaded that expert

review of the discovered information was necessary to establish the factual basis of that

claim and thus the denial of funds for an expert in state court thwarted Petitioner's ability to

ensure the discovery of the factual basis of that claim.  Thus, the court concludes that this

court's Order of October 19, 2006 did not mandate a different ruling by this court in its Order

of January 26, 2007.

Accordingly it is

ORDERED that Petitioner's Motion for Reconsideration (Doc. # 61) be and hereby

is DENIED.

DONE this 22nd day of February, 2007.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE