# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID FREEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2:06-cv-122-MHT-VPM |
| | ) | |
| RICHARD F. ALLEN, | ) | |
| Commissioner, Alabama | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONDENT'S INITIAL BRIEF ON PROCEDURAL DEFAULT AND EVIDENTIARY HEARING ISSUES

Troy King
*Attorney General*

Michael A. Nunnelley
*Assistant Attorney General*
*Counsel for Respondent*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 353-9242

March 19, 2007

# <u>TABLE OF CONTENTS</u>

I.   Ten Of The Claims In Petitioner David Freeman's
     Habeas Corpus Petition Are Procedurally
     Defaulted From This Court's Review..............3

II.  Petitioner Holly Wood Is Not Entitled To An
     Evidentiary Hearing On Any Of The Claims In
     His Habeas Corpus Petition.....................23

CONCLUSION .........................................30

CERTIFICATE OF SERVICE .............................31

i

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DAVID FREEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2:06-cv-122-MHT-VPM |
| | ) | |
| RICHARD F. ALLEN, | ) | |
| Commissioner, Alabama | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONDENT'S INITIAL BRIEF ON PROCEDURAL DEFAULT AND
EVIDENTIARY HEARING ISSUES**

Respondent Richard F. Allen, by and through Troy King, the Attorney General of Alabama, files his Initial Brief on Procedural Default and Evidentiary Hearing Issues.

On February 16, 2006, Petitioner David Freeman, through counsel, filed his federal habeas corpus petition in this Court. (Doc 5) Petitioner Freeman's habeas corpus petition is sixty-six pages in length and contains nine numbered claims with a number of subclaims. Respondent filed his Answer to Petitioner Freeman's habeas corpus petition on May 8, 2006. (Doc 21)

On May 18, 2006, Magistrate Judge Vanzetta Penn McPherson entered an order instructing the parties to prepare a Joint Report addressing the following issues: (1) the position of the parties with regard to whether Petitioner Freeman's

claims are procedurally defaulted; (2) the position of the parties with regard to whether an evidentiary hearing is necessary on any of his claims; and, (3) the position of the parties with regard to whether discovery is necessary on any of his claims. (Doc 23)  The parties filed the Joint Report on June 23, 2006. (Doc 27)

The scheduling and case management conference was held in this Court on June 28, 2006. (Doc 29)  On October 19, 2006, this Court entered its Pre-Trial Order, in which it set forth the briefing schedule. (Doc 39)  In its order, this Court instructed Respondent to file his brief asserting procedural defaults on or before November 3, 2006. Petitioner Freeman was instructed file a brief on or before December 1, 2006 responding to the procedural default claims and addressing the merits of all claims. Respondent was ordered to reply on or before December 29, 2006, and Petitioner was ordered to file the final reply on January 12, 2007. These deadlines were subsequently revised such that Respondent's initial brief was due to be filed on or before March 19, 2006. (Doc 60)[1]

Respondent now files his initial brief in this matter. In this brief, Respondent will identify the claims in Petitioner Freeman's habeas corpus petition that are procedurally defaulted from this Court's review and will discuss whether Petitioner Freeman is entitled to an evidentiary hearing on any of his claims.

---

[1] Due to the retirement of Judge McPherson, the case was reassigned to Judge Wallace Capel, Jr., on November 29, 2006.

2

**I.    Ten Of The Claims In Petitioner David Freeman's Habeas Corpus Petition Are Procedurally Defaulted From This Court's Review.**

Ten of the claims raised in Petitioner Freeman's habeas corpus petition are procedurally defaulted from this Court's review.  In addressing these ten claims Respondent will identify the claims by the letters that were assigned to them by the parties in the Joint Report.  (Doc 27)

In Claim I, Petitioner Freeman alleges that his conviction violated double jeopardy because he was retried after an earlier trial ended in mistrial.  (Doc 5 at 10-12)  Claim I is procedurally defaulted from this Court's review because it has not been exhausted in compliance with Title 28 U.S.C. §2254(b)(1)(A).  Prior to his second trial, Freeman raised this claim at trial and in petitions for writ of mandamus to the Alabama Court of Criminal Appeals and the Supreme Court of Alabama.  Mandamus was denied in each court.  (Tabs R-3; R-4).  However, this claim was never raised on direct appeal from Freeman's conviction and sentence.  Instead, Freeman raised the claim that "Appellant's multiple convictions and sentences for the same killing violate double jeopardy principles" in that he was "indicted on three counts of capital murder for one killing."  (Tab R-38, at 40).  A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-843 (1999).  Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new

3

factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement. *See McNair v. Campbell*, 416 F.3d 1291 (11th Cir. 2005) ("[I]n order to ensure that state courts have the first opportunity to hear all claims, federal courts 'have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.' ") (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Johnson v. Nagle*, 58 F. Supp. 2d 1303, 1332 (N.D. Ala. 1999) (citing *Hart v. Estelle*, 634 F.2d 987 (5th Cir. 1981)).

Freeman also raised Claim I in his Rule 32 petition. However, Freeman's failure to raise the claim on direct appeal was a procedural default under state law, which bars federal habeas corpus review of this claim. Alabama law precludes collateral review of issues that could have been but were not raised on direct appeal. Ala. R. Crim. P. 32.2(a)(5). Freeman also abandoned the claim on appeal from the dismissal of his Rule 32 petition. The Alabama Court of Criminal Appeals held that "those claims that Freeman presented in his petition, but does not pursue on appeal are deemed to be abandoned and will not be addressed by this Court. FN 6: Those claims include (1) that his July 1996 retrial violated the principles of double-jeopardy because, he said, there was no manifest necessity for declaring a mistrial in the January 1996 retrial . . ." *Freeman v. State*, CR-02-1971, mem. op. at 8 (Ala. Crim. App. June 17, 2005). (Tab R-73)

4

Nor did Freeman raise this argument in his petition for certiorari in the Alabama Supreme Court. Even when review in the state supreme court is discretionary, a petitioner must present his claims to that court in order to exhaust all available remedies. *O'Sullivan*, 526 U.S. at 843-46.[2]

In Claim III, Freeman alleges that he was denied his right to counsel because lead trial counsel had a sex-change operation subsequent to his trial and that trial counsel must have been laboring under a conflict of interest during the trial due to counsel's alleged psychological condition. (Doc 5 at 15-19) Claim III is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule. This claim was rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded in the state post-conviction proceedings. *Freeman*, CR-02-1971, mem. op. at 15, 26-27. (Tab R-73) Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under adequate and independent state procedural grounds. *See Jenkins v. Bullard*, No. 06-10646, 2006 WL 3635410, at *2-*5 (11th Cir. Dec. 13, 2006) (slip op.) (holding that the district court properly dismissed the petitioner's ineffective-assistance-of-appellate-counsel claims as procedurally defaulted when

---

[2] This claim was also raised in a prior Emergency Petition for Writ of Habeas Corpus before this Court. The petition was denied. (Volume 22 at 870)

those claims were dismissed in state court for failure to comply with Rule 32.6(b) of the Alabama Rules of Criminal Procedure in State court).

In Claim IV(A), Freeman alleges that trial counsel were ineffective for failing to conduct an adequate juror voir dire.  (Doc 5 at 22-26)  Claim IV(A) is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule.  This claim was rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded in the state post-conviction proceedings.  *Freeman*, CR-02-1971, mem. op. at 15-16.  (Tab R-73)  Rules 32.3 and 32.6(b) are adequate and independent state procedural grounds that bar federal habeas review.  *See Jenkins*, 2006 WL 3635410, at *2-*5.

In addition to the general allegation that trial counsel failed to conduct adequate juror voir dire, all of the specific allegations in Claim IV(A) were not fairly presented in state court.  In his Fourth Amended Rule 32 petition, Freeman's entire voir dire argument was only one sentence, in which he alleged "[t]rial counsel failed to conduct meaningful, constitutionally permissible voir dire of the prospective jurors at petitioner's trial, failed to pose questions necessary to discover bias and predisposition on the part of prospective jurors, and failed to articulate meritorious challenges for cause based on information

6

revealed by prospective jurors during voir dire." (Tab R-57 at C.323) Yet in his habeas petition, Freeman added new specific allegations that trial counsel were ineffective for failing to adequately question three jurors during voir dire and for failing to challenge two of those jurors for cause. Freeman now alleges that counsel failed to (1) adequately question juror Shirley Clements; (2) challenge juror Shirley Clements for cause; (3) adequately question juror Denise Donald; (4) adequately question juror Walt Farmer; and (5) challenge juror Walt Farmer for cause.[3] (Doc 5 at 23-24) The Court of Criminal Appeals specifically faulted Freeman's Rule 32 petition for failing "to identify what questions he believes his counsel should have asked prospective jurors that they did not ask, what jurors he believes should have been challenged for cause and why, or which jurors sat on his jury he believes were biased." *Freeman*, CR-02-1971, mem. op. at 16. (Tab R-73) Because none of these allegations were presented in Freeman's Rule 32 petition, they were not fairly presented to the state courts and have therefore not

---

[3] In the Joint Report, the State characterized this claim as constituting six subclaims, with the above-named allegations composing Subclaims IV(A)(1)-(5). This approach was rejected by Freeman. (Doc 27 at 10-11, 17-18) Whether these allegations are treated as separate subclaims or as part of the claim alleging the failure to present evidence, they were not exhausted. The State makes no accusation of procedural default with respect to Subclaim IV(A)(6), which asserts that Freeman was denied funds during Rule 32 for a jury expert. (Doc 5 at 24-25) However, in the Joint Report Petitioner Freeman stated that he "did not raise the 'sub-claim' IV.A.(6) formulated by respondent as an independent ground for federal habeas relief[.]" (Doc 27 at 21)

been exhausted.[4]  A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition.  *O'Sullivan*, 526 U.S. at 842-843.  Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.  *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332.  Further, dismissal to allow the petitioner to raise this claim in state court now would be futile.  Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court.  First, a Rule 32 petition at this point in time would be barred by the statute of limitation.  *See* Ala. R. Crim. P. 32.2(c).  Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions.  *See* Ala. R. Crim. P. 32.2(b).  Because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review.  *Collier v. Jones*, 910 F.2d 770, 772 (11th Cir. 1990) ("When a petitioner has failed to present a claim to the state

---

[4]  The allegations in Subclaims IV(A)(1), (3), & (4) were first offered in Freeman's brief before the Court of Criminal Appeals appealing the dismissal of his Rule 32 petition.  Freeman asserted that trial counsel failed to "follow up on juror's expression of uncertainty as to how exposure to pre-trial publicity would affect her," failed to "follow up on answers indicating juror's friends or relatives had been victims of crime," and failed to "follow up on answers suggesting bias against insanity defense[.]"  (Tab R-60 at 22)  These allegations were not considered by the Alabama Court of Criminal Appeals because they were not properly before the court. *Freeman*, mem. op. at 15 n.8 ("those facts that Freeman includes in his brief that were not included in his original petition or any of his amended petitions cannot be considered by this Court.").  (Tab R-73)  Freeman's failure to raise this claim in his Rule 32 petition constitutes a procedural default under state law, which bars federal habeas review.

courts and under state procedural rules the claim has become procedurally defaulted, the claim will be considered procedurally defaulted in federal court.").

In Claim IV(B), Freeman alleges that trial counsel were ineffective for failing to challenge the State's forensic odontologist testimony. (Doc 5 at 26-31) Claim IV(B) is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule.[5] This claim was rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded in the state post-conviction proceedings. *Freeman*, CR-02-1971, mem. op. at 16-21. (Tab R-73) Rules 32.3 and 32.6(b) are adequate and independent state procedural grounds that bar federal habeas review. *See Jenkins*, 2006 WL 3635410, at *2-*5.

Furthermore, part of claim IV(B) — characterized as subclaim IV(B)(4) in the Joint Report and the State's Answer — was not fairly presented in state court. In his Fourth Amended Rule 32 petition, Freeman's entire bite mark argument was only one sentence, in which he alleged "[d]espite having been informed of an alternative source of the bite marks which were allegedly visible on petitioner's arm following his arrest, trial counsel failed to investigate and present reliable

---

[5] In the Joint Report, the State characterized this claim as constituting four subclaims, an approach rejected by Freeman. (Doc 27 at 22-23, 25-26) The State makes no accusation of procedural default with respect to Subclaims IV(B)(2) & (3), which concern the denial of funds to hire a forensic odontologist and a dermatologist during Rule 32. (Doc 5 at 27-28) However, in the Joint Report Petitioner Freeman stated that he "did not raise the 'sub-claim' IV.B.(2) or (3) formulated by respondent as independent grounds for federal habeas relief[.]" (Doc 27 at 28)

evidence in light of this information." (Tab R-57 at C.324-25)  Yet in his habeas petition, Freeman added the allegations that he had informed trial counsel that a relative had bitten him during an incident unrelated and prior to the murder of the Gordons.  (Doc 5 at 28-29)  Because this allegation is presented for the first time in Freeman's habeas petition, it was not fairly presented to the state courts and has not been exhausted.    Indeed, the Alabama Court of Criminal Appeals specifically noted that Freeman "did not even identify who or what the alternative source of the bite marks was . . ." *Freeman*, CR-02-1971, mem. op. at 18.  (Tab R-73)  A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at 842-843.  Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.  *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332.  Further, dismissal to allow the petitioner to raise this claim in state court now would be futile.  Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court.  First, a Rule 32 petition at this point in time would be barred by the statute of limitation.  *See* Ala. R. Crim. P. 32.2(c).  Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions.  *See* Ala. R. Crim. P. 32.2(b).  Because

10

any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *Collier*, 910 F.2d at 772.

In Claim IV(C), Freeman alleges that trial counsel were ineffective for deposing Dr. Guy Renfro, a clinical psychologist appointed by the trial court to evaluate Freeman's competency to stand trial and mental state at the time of the offense. (Doc 5 at 32-35) Claim IV(C) is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule. This claim was rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded in the state post-conviction proceedings. *Freeman*, CR-02-1971, mem. op. at 24. (Tab R-73) Rules 32.3 and 32.6(b) are adequate and independent state procedural grounds that bar federal habeas review. *See Jenkins*, 2006 WL 3635410, at *2-*5.

Claim IV(C) is also procedurally defaulted from this Court's review because it was not fairly presented in state court. In his Fourth Amended Rule 32 petition, Freeman never raised any of the allegations he now presents. His entire argument with respect to Dr. Renfro was as follows:

> Trial counsel deposed Dr. Guy Renfro despite knowledge that his conclusions were harmful to petitioner's defense. As a result of trial counsel's decision to take Dr. Renfro's deposition, the prosecution

11

was supplied with useful evidence against petitioner, which it subsequently introduced at petitioner's trial.

(Tab R-57 at C.325-26)    Claim IV(C) in the habeas corpus petition is considerably more specific, stating that trial counsel should not have deposed Renfro because his "report indicated findings inconsistent with the defense theory that the petitioner was not guilty by mental disease or defect[.]"  (Doc 5 at 32) This assertion is followed by four paragraphs of specific averments regarding Renfro's testimony and trial counsel's conduct, none of which were offered in the cursory allegations found in the Rule 32 petition.  (Doc 5 at 32-34) Because these allegations are presented for the first time in Freeman's habeas petition, they were not fairly presented to the state courts and have not been exhausted.  Indeed, the Alabama Court of Criminal Appeals specifically noted that

> Freeman *failed to even identify in his petition who Dr. Renfro was*, and . . . *failed to plead any facts* regarding what conclusions Dr. Refro had that were harmful to Freeman or what evidence Dr. Renfro developed that was used by the State.

*Freeman*, CR-02-1971, mem. op. at 24 (emphasis added).    (Tab R-73)    A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at 842-843.    Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the

12

exhaustion requirement.  *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332.  Further, dismissal to allow the petitioner to raise this claim in state court now would be futile.  Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court.  First, a Rule 32 petition at this point in time would be barred by the statute of limitation.  *See* Ala. R. Crim. P. 32.2(c).  Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions.  *See* Ala. R. Crim. P. 32.2(b).  Because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review.  *Collier*, 910 F.2d at 772.

In Claim IV(D), Freeman alleges that trial counsel were ineffective for failing to investigate the possibility that Freeman suffered from neurological impairments.  (Doc 5 at 35-39)  Claim IV(D) is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule.[6]  This claim was rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded in the state post-conviction proceedings.  *Freeman*, CR-02-1971, mem. op. at 23.  (Tab R-73)

---

[6] Freeman also asserts in his petition that he was denied funds for a neuropsychologist in Rule 32 proceedings, which the State characterized as Claim IV(D)(2) in the Joint Report. (Doc 27 at 33-38)   However, Freeman rejected the State's characterization of Claim IV(D) as constituting of two subclaims, and stated that he "did not raise the 'sub-claim' IV.D.(2) formulated by respondent as an independent ground for federal habeas relief[.]" (Doc 27 at 33, 37)

Rules 32.3 and 32.6(b) are adequate and independent state procedural grounds that bar federal habeas review. *See Jenkins*, 2006 WL 3635410, at *2-*5.

Claim IV(D) is also procedurally defaulted from this Court's review because it was not fairly presented in state court. Freeman offered less detail in state court than he provides in the heading for his analogous habeas corpus claim. His Fourth Amended Rule 32 petition stated only that "[t]rial counsel failed to investigate, develop and present evidence that petitioner suffers from neurological impairments." (Tab R-57 at C.325-26) Claim IV(D) in the habeas corpus petition contains four pages of allegations, none of which were offered in the cursory allegation found in the Rule 32 petition. (Doc 5 at 35-38) Because these allegations are presented for the first time in Freeman's habeas petition, they were not fairly presented to the state courts and have not been exhausted. Indeed, the Alabama Court of Criminal Appeals specifically noted that Freeman "did not allege what type of neurological impairments he suffered from; the severity of his alleged impairments; or how the alleged impairments would have been relevant to his trial." *Freeman*, CR-02-1971, mem. op. at 23. (Tab R-73) A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at 842-843. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect

14

to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.  *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332.  Further, dismissal to allow the petitioner to raise this claim in state court now would be futile.  Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court.  First, a Rule 32 petition at this point in time would be barred by the statute of limitation.  *See* Ala. R. Crim. P. 32.2(c).  Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions.  *See* Ala. R. Crim. P. 32.2(b).  Because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review.  *Collier*, 910 F.2d at 772.

In Claim IV(E), Freeman alleges that trial counsel were ineffective for failing to present evidence of his background and mental health problems as mitigation evidence.  (Doc 5 at 39-43)  Claim IV(E) is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule.  This claim was rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded in the state post-conviction proceedings.  *Freeman*, CR-02-1971, mem. op. at 24-25.  (Tab R-73)    Rules 32.3 and 32.6(b) are adequate and independent state

procedural grounds that bar federal habeas review.  *See Jenkins*, 2006 WL 3635410, at *2-*5.

Claim IV(E) is also procedurally defaulted from this Court's review because it was not fairly presented in state court.  In his Fourth Amended Rule 32 petition, Freeman's entire mitigation argument was only one sentence, in which he alleged "[t]rial counsel failed to present available evidence regarding petitioner's background and his mental health history to the jury in a manner which would have allowed the jury to give this evidence mitigating effect during the sentencing phase."  (Tab R-57 at C.327)  In his habeas petition, Freeman adds considerably to his claim, which now spans four pages and contains specific allegations regarding Freeman's background and mental health. (Doc 5 at 39-42) The Alabama Court of Criminal Appeals specifically noted that Freeman did not "allege in his petition what 'available evidence' there was about his background or mental health history that his counsel did not present or what 'manner' he believes his counsel should have presented the unidentified evidence."  *Freeman*, CR-02-1971, mem. op. at 25.  (Tab R-73)  Additionally, Freeman now alleges that counsel should have hired a mitigation investigator, social worker, and neruopsychologist to assist the presentations of mitigation evidence – allegations that find no parallel in the Rule 32 petition.  Indeed, Freeman never mentions

experts of any kind in his Rule 32 petition.[7]  A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition.  *O'Sullivan*, 526 U.S. at 842-843.  Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.  *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332.  Further, dismissal to allow the petitioner to raise this claim in state court now would be futile.  Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court.  First, a Rule 32 petition at this point in time would be barred by the statute of limitation.  *See* Ala. R. Crim. P. 32.2(c).  Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions.  *See* Ala. R. Crim. P. 32.2(b).  Because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review.  *Collier*, 910 F.2d at 772.

In Claim IV(F), Freeman alleges that trial counsel were ineffective for failing to introduce evidence of Freeman's adaptability to prison.  (Doc 5 at 44-

---

[7] In the Joint Report, the State treated the allegations regarding the failure to seek expert assistance as separate subclaims, an approach which Freeman rejected.  (Doc 27 at 38-39)  The distinction is immaterial.  Whether these allegations are treated as separate subclaims or as part of the claim alleging the failure to present evidence, they were not exhausted.

46)  Claim IV(F) is procedurally defaulted from this Court's review because it was dismissed under an independent and adequate state procedural rule.  This claim was rejected by the Alabama Court of Criminal Appeals for failure to comply with Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because it was not specifically pleaded in the state post-conviction proceedings. *Freeman*, CR-02-1971, mem. op. at 25.  (Tab R-73)  Rules 32.3 and 32.6(b) are adequate and independent state procedural grounds that bar federal habeas review.  *See Jenkins*, 2006 WL 3635410, at *2-*5.

Claim IV(F) is also procedurally defaulted from this Court's review because it was not fairly presented in state court.  In his Fourth Amended Rule 32 petition, Freeman's claim alleged merely that "[t]rial counsel failed to investigate and introduce readily-available evidence of petitioner's good behavior in and adaptability to prison."  (Tab R-57 at C.328)  In his habeas petition, Freeman specifically alleges, *inter alia* that "trial counsel had in their possession petitioner's institutional records, but failed to submit them for review by a competent expert on institutional adaptability who could have utilized them in reaching a determination as to petitioner's adaptability to confinement, and testified on that issue before the jury." (Doc 5 at 44)  The Alabama Court of Criminal Appeals recognized that Freeman had "made no factual allegations whatsoever regarding what his behavior was in prison or how he adapted to

18

prison life," and his Rule 32 petition made no mention of his prison records or the desirability of an expert.[8]  *Freeman*, CR-02-1971, mem. op. at 25.  (Tab R-73) A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at 842-843.  Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement.  *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332.  Further, dismissal to allow the petitioner to raise this claim in state court now would be futile.  Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court.  First, a Rule 32 petition at this point in time would be barred by the statute of limitation.  *See* Ala. R. Crim. P. 32.2(c).  Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions.  *See* Ala. R. Crim. P. 32.2(b).  Because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review.  *Collier*, 910 F.2d at 772.

---

[8] In the Joint Report, the State treated the allegation that trial counsel should have hired an expert as a separate subclaim — Subclaim IV(F)(1) — an approach which Freeman rejected.  (Doc 27 at 38-39)  Whether this allegation is treated as a separate subclaim or as part of the claim alleging the failure to present the evidence, it is still unexhausted because it was not presented in state court.  The State also identified Freeman's accusation that he was denied funds during Rule 32 for a risk assessment expert as Subclaim IV(F)(2).  (Doc 5 at 24-25)  However, in the Joint Report Petitioner Freeman stated that he "did not raise the 'sub-claim' IV.D.(2) formulated by respondent as an independent ground for federal habeas relief[.]"  (Doc 27 at 53)

19

In Claim V, Petitioner Freeman alleges that he was denied a fair sentencing proceeding as a result of the introduction of inaccurate bite-mark evidence.  (Doc 5 at 46-48)  Claim V is procedurally defaulted from this Court's review because it could have been, but was not, raised at trial or on direct appeal.  Petitioner Freeman's failure to raise this claim at trial or on direct appeal was a procedural default under state law, which bars consideration of this claim on federal habeas corpus review.  *See, e.g., Engle v. Issac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Baldwin v. Johnson*, 152 F.3d 1304, 1318 (11th Cir. 1998); *Magwood v. Smith*, 791 F.2d 1438, 1444 (11th Cir. 1986).  A similar claim was raised in the Rule 32 petition.[9]  However, Alabama law precludes collateral review of issues that could have been but were not raised at trial or on direct appeal.  *See* Ala. R. Crim. P. 32.2(a)(3) and (5); *Magwood*, 791 F.2d at 1444.  Thus, this claim is procedurally defaulted from this Court's review because Petitioner Freeman could have, but did not, raise this claim at trial or on direct appeal.

In Claim VI, Petitioner Freeman alleges that his appellate counsel was ineffective for failing to challenge the admission of the prior testimony of Francis Boozer.  (Doc 5 at 48-53)  Claim VI is procedurally defaulted from this Court's review because it was not fairly presented in state court.  In his Fourth Amended

---

[9] The Rule 32 petition asserted that Freeman's sentence of death "was based, in part, on material inaccurate evidence indicating that bite marks on petitioner's arms were made by one of the victims."  (Tab R-57 at C.332)

Rule 32 petition, Freeman's alleged the following: "The record on appeal reveals that the State was permitted to introduce the prior testimony of an allegedly unavailable witness, Francis Boozer, over the objection of defense counsel. Had appellate counsel raised and argued this error, there is a reasonable probability that the result of petitioner's direct appeal would have been different." (Tab R-57 at C.328) Freeman's claim has grown from two sentences in his Rule 32 petition to five pages in his habeas corpus petition. In his Rule 32 petition, Freeman never raised the present claim that the State was not diligent in its effort to locate Ms. Boozer or that the prosecution's argument that an out-of-state witness is per se unavailable was wrong. (Doc 5 at 49-50) Nor did Freeman raise the claim that Boozer's testimony "probably injuriously affected [his] substantial rights." (Doc 5 at 51)[10] The Alabama Court of Criminal Appeals recognized that Freeman "failed to allege in his petition what the substance of Francis Boozer's testimony was; why he believe the testimony was inadmissible; or how the testimony prejudiced him." *Freeman*, CR-02-1971, mem. op. at 27. (Tab R-73) A petitioner must have afforded the state courts a full and fair opportunity to decide any federal constitutional claims presented in his federal habeas petition. *O'Sullivan*, 526 U.S. at 842-843. Moreover, if the petitioner presents in his federal habeas petition a different legal theory or new factual claim with respect

---

[10] Freeman did make some of these assertions during his Rule 32 appeal. However, his failure to raise this claim in his Rule 32 petition constitutes a procedural default under state law, which bars federal habeas review.

to an issue raised in state court, the petitioner will not have satisfied the exhaustion requirement. *McNair*, 416 F.3d at 1291; *Johnson*, 58 F. Supp. 2d at 1332. Further, dismissal to allow the petitioner to raise this claim in state court now would be futile. Because this claim has never been properly presented to a state court, it would be barred on several grounds in state court. First, a Rule 32 petition at this point in time would be barred by the statute of limitation. *See* Ala. R. Crim. P. 32.2(c). Second, a Rule 32 petition at this point in time would be barred by the ban on successive petitions. *See* Ala. R. Crim. P. 32.2(b). Because any state remedy with respect to this claim is procedurally barred by the state procedural rules noted above, this claim is procedurally defaulted from this Court's review. *Collier*, 910 F.2d at 772.

For the foregoing reasons, the following ten claims in Petitioner Freeman's habeas corpus petition are procedurally defaulted from this Court's review: Claims I, III, IV(A), IV(B), IV(C), IV(D), IV(E), IV(F), V, and VI. The remaining four claims in Petitioner Freeman's habeas petition — Claims II, VII,

VIII,[11] and IX — are properly before this Court for consideration, pursuant to 28 U.S.C. § 2254(d).[12]   This Court should review those claims and find that they are without merit.

## II.    Petitioner David Freeman Is Not Entitled To An Evidentiary Hearing On Any Of The Claims In His Habeas Corpus Petition.

As an initial matter, Petitioner Freeman does not request an evidentiary hearing on all of the claims in his habeas corpus petition.  In the Joint Report, Petitioner Freeman states that he does not request a hearing on Claims I, II, VI, VII, and VIII.  Because Petitioner Freeman does not request an evidentiary hearing on those five claims, this Court should not grant him a hearing on those claims.

---

[11] In its answer and the Joint Report, the State erroneously argued that Claim VIII was procedurally defaulted because it could have been but was not raised at trial or on direct appeal.  (Doc 27 at 61-62)  In fact, the Alabama Court of Criminal Appeals expressly held that the procedural bars did not apply because the *Ring* claim announced a new rule that was unavailable at trial or during the appeal.  *Freeman*, CR-02-1971, mem. op. at 28. (Tab R-73)   However, the court also noted that *Ring* does not apply retroactively, which precludes any relief on this claim.  *Id.* (citing *Schriro v. Summerlin*, 542 U.S. 348, 353-58 (2004) (holding that *Ring* was properly classified as procedural rather than substantive, and thus did not apply retroactively to death penalty case already final on direct review)).   It avoid this limitation, Freeman now argues that he does not rely on retroactive application of the *Ring* rule, but rather "the Supreme Court's Sixth Amendment jurisprudence as it stood at the time his conviction and sentence became final on direct appeal."  (Doc 27 at 63)  This position is *directly contradictory* to the position he took in state court in order to avoid the state procedural bars (Tab R-60 at 67) ("At the time of petitioner's trial and direct appeal, these issues were unavailable by virtue of *Walton v. Arizona*, 497 U.S. 639 (1990).")  Freeman is either attempting to retroactively apply *Ring* — in which case he is precluded from doing so under *Schriro* — or he is attempting to rely on the law as it existed when his direct appeal became final — in which case he did not present this argument in state court, where the state procedural bars would have precluded review of his claim because he failed to raise it during his direct appeal.

[12] In the Joint Report, the State identified several subclaims that all related to the failure of the Rule 32 court to provide funds for various experts.  These were listed as Subclaims IV(A)(6), IV(B)(2) & (3), IV(D)(2), and IV(F)(2).  As to each of these, Freeman asserts in the Joint Report that he did not intend to raise the allegations as independent grounds for relief, and admits that he had no constitutional right to funds for these experts in state collateral proceedings.   (Doc 27 at 21, 28, 37, 53)  Based on Freeman's averments, the State now treats these allegations as part of the otherwise-defaulted claims, rather than separate subclaims that are not defaulted.

In the Joint Report, Petitioner Freeman requests an evidentiary hearing on the following seven claims:  Claims III, IV(A), IV(C), IV(D), IV(E), IV(F),  and IX.  As to Claims IV(B) and V, Freeman stated that his position "whether an evidentiary hearing is necessary cannot be formulated until additional investigation and expert consultation has been completed." (Doc 27 at 29, 56) Claims III, IV(A), IV(B), IV(C), IV(D), IV(E), IV(F), and V are procedurally defaulted from this Court's review.  Because those claims are procedurally defaulted from review, this Court should not grant Freeman a hearing on those claims.

Therefore Claim IX is the only claim before this Court for consideration, pursuant to 28 U.S.C. § 2254(d), for which Freeman requests an evidentiary hearing.  As explained below, Petitioner Freeman is not entitled to an evidentiary hearing on any of those claims.

Rule 8 of the Rules Governing § 2254 cases in the United States District Courts provides that district courts must review the pleadings, state transcript and record, and expanded record, and then determine whether an evidentiary hearing is required.  The burden is on the petitioner who files a habeas petition to establish the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 590 (11th Cir. 1984).  In order to obtain an evidentiary hearing, a petitioner must allege facts that, if proven, would entitle him to relief. *Futch v. Dugger*, 874 F.2d

1483, 1484 (11th Cir. 1989). A petitioner is <u>not</u> entitled to an evidentiary hearing "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.' " *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). *See also Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990); *Raulerson v. Wainwright*, 753 F.2d 869, 876 (11th Cir. 1985).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on the date it was signed into law, April 24, 1996. *See Hunter v. United States*, 101 F.3d 1565, 1568 (11th Cir. 1996) (en banc). The AEDPA instructs federal courts when to conduct an evidentiary hearing. The relevant subsection states as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claims unless the applicant shows that –
>
> (A) the claim relies on –
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Thus, a federal habeas petitioner is not entitled to an evidentiary hearing if he failed to develop the factual basis of a claim in state court, except under the limited circumstances set forth in 28 U.S.C. § 2254(e)(2).  In *Williams v. Taylor*, 529 U.S. 420, 431-437 (2000), the United States Supreme Court examined the requirements of this section.  The Court explained that the threshold inquiry is whether the prisoner was diligent in his efforts to pursue his claims in state court.  *Id*. at 435-436.  In other words, a federal district court cannot hold an evidentiary hearing where the petitioner was not diligent in state court.  *Id*.

In the instant case, Petitioner Freeman requests an evidentiary hearing on seven claims and reserves the issue as to two others.  However, only Claim IX — alleging that Freeman is mentally retarded –is properly before this Court for consideration, pursuant to 28 U.S.C. § 2254(d).  Petitioner Freeman raised this claim in his fourth amended Rule 32 petition in the Montgomery County Circuit Court, and it was thoroughly reviewed and rejected by the Alabama state courts.

On September 27, 2001, Petitioner Freeman filed his fourth amended Rule 32 petition in the Montgomery County Circuit Court.  (Tab R-57)  Claim IX of the petition was contained in that Rule 32 petition.  On June 4, 2003, the Montgomery County Circuit Court conducted an evidentiary hearing on the claims set forth in Petitioner Freeman's fourth amended Rule 32 petition.  (Tab

R-59)  Petitioner Freeman was given the opportunity by the Montgomery County Circuit Court to present evidence in support of all of his non-defaulted claims during that evidentiary hearing, and he received a full and fair hearing on all of his claims in that court, including his mental retardation claim.  The Montgomery County Circuit Court denied all relief on the claims in Petitioner Freeman's fourth amended Rule 32 petition on June 25, 2003.  (Habeas Checklist: Vol. 50, pp. 446-78)  The denial was affirmed by the Alabama Court of Criminal Appeals on June, 17, 2005, with the court quoting from and endorsing the circuit court's findings as to Freeman's mental retardation claim.  *Freeman*, CR-02-1971, mem. op. at 29-30.  (Tab R-73)

Petitioner Freeman's habeas counsel are presenting the same mental retardation claim in federal court that was thoroughly reviewed and rejected by the Montgomery County Circuit Court and the Alabama Court of Criminal Appeals.  The presentation of the same claims is the best indicator that Petitioner Freeman received a full and fair hearing in the state courts.  The record of Petitioner Freeman's Rule 32 proceedings has been filed with this Court.  That record, along with each party's briefs, are all that this Court needs to resolve this claim.  No evidentiary hearing is necessary where the claims presented by a petitioner can be disposed of on the basis of the record already before the Court. *Stevens v. Kemp*, 846 F.2d 642, 650-651 (11th Cir. 1988).

Again, Freeman's mental retardation claim was addressed and rejected in state court.  Petitioner Freeman has not proffered how he can add anything to the record that would not be cumulative or that could undermine the ample evidence in the record that he is not retarded.  For that reason, Freeman is not entitled to an evidentiary hearing on the claims that are before this Court for merits review. *See, e.g., Thompson v. Wainwright*, 787 F.2d 1447, 1460-1461 (11th Cir. 1986) (no federal evidentiary hearing necessary where state record contains the relevant facts); *Young v. Zant*, 727 F.2d 1489, 1492 (11th Cir. 1984) (evidentiary hearing properly denied where petitioner has not suggested that his proffered witness "could add anything to the state record which would be non-cumulative").  In addition, to the extent that Petitioner Freeman failed to develop the record in state court, he cannot do so now in federal court. *See* 28 U.S.C. § 2254(e)(2).

Finally, Petitioner Freeman is not entitled to an evidentiary hearing on any of the claims that are procedurally defaulted from this Court's review.  It is well-settled that an evidentiary hearing should not be held on the merits of a procedurally defaulted claim, except under limited circumstances that are not applicable to this case.  In *Hill v. Jones*,  81 F.3d 1015, 1023 (11th Cir. 1996), the Eleventh Circuit Court of Appeals affirmed that a state habeas petitioner is not entitled to an evidentiary hearing in federal court on the merits of a procedurally defaulted claim unless he can "overcome" the procedural bar.  The court, in *Hill*,

28

stated the following regarding the requirement that a petitioner must overcome the applicable procedural bar in order to obtain an evidentiary hearing on a procedurally defaulted claim:

> A state habeas petitioner is not entitled to an evidentiary hearing in federal court on the merits of a procedurally defaulted claim unless he can first overcome the procedural bar. This requires showing either cause for failing to develop in state court proceedings the facts supporting his claim, and prejudice resulting from that failure, or a "fundamental miscarriage of justice would result from failure to hold a federal evidentiary hearing." A petitioner is not entitled to a hearing on the threshold issues of cause and prejudice or manifest injustice without first proffering specific facts which support a finding that one of these exceptions to the procedural default exists.

*Hill*, 81 F.3d at 1023 (citations omitted). The Eleventh Circuit also addressed this matter in *Griffin v. Wainwright*, 760 F.2d 1505 (11th Cir. 1985). The Eleventh Circuit reviewed the appellant's contention that the district court erred in denying his request for an evidentiary hearing on two of the procedurally defaulted claims in his habeas petition and held, as follows: "Because [the petitioner] has not shown 'cause and prejudice' to render the procedural bar erected in *Wainwright v. Sykes* inapplicable in this case, we hold that the district court properly declined to hold an evidentiary hearing on those issues or to consider the issues on their merits." *Id.* at 1518-1519.

In the instant case, Freeman has not demonstrated cause and prejudice to overcome the procedural defaults with respect to the ten claims in his habeas corpus petition that are procedurally defaulted from this Court's review. For that

29

reason, Freeman is not entitled to an evidentiary hearing on any of his procedurally defaulted claims.

## **CONCLUSION**

This Court should hold that the following claims in Freeman's habeas petition are procedurally defaulted from this Court's review:  Claims I, III, IV(A), IV(B), IV(C), IV(D), IV(E), IV(F), V, and VI.  This Court should further hold that Freeman has not satisfied his burden of establishing that he is entitled to an evidentiary hearing on any of the claims in his habeas petition.  This Court should then review the claims in Freeman's habeas petition that are before this Court for merits review — Claims II, VII, VIII, and IX — and find that those claims are without merit.

Respectfully Submitted,

Troy King
*Attorney General*


/s/ Michael A. Nunnelley                    ,
Michael A. Nunnelley
*Assistant Attorney General*
*Counsel for Respondent*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130-0152
March 19, 2007            (334) 353-9242

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Keir M. Weyble, Christopher Seeds, and Robin Konrad.**

/s/ Michael A. Nunnelley ,
Michael A. Nunnelley
*Assistant Attorney General*
*Counsel for Respondent*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130-0152
March 19, 2007                (334) 353-9242

31